**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                                    )
PARS EQUALITY CENTER, *et al.*,              )
                                                                    )
                Plaintiffs,                      )
                                                                    )
     v.                                                     )  Civil Action No. 1:17-cv-00255-TSC
                                                                    )
DONALD J. TRUMP, *in his official*              )
*capacity as President of the*                      )
*United States*, *et al.*,                                )
                                                                    )
                Defendants.                  )
_____)

### EMERGENCY MOTION FOR STAY OF EXISTING DEADLINES PENDING ISSUANCE OF A NEW EXECUTIVE ORDER

     Plaintiffs challenge an Executive Order that is currently subject to a nationwide injunction and that the President intends to rescind and then replace with a new, substantially revised Executive Order. Accordingly, there is no need to move forward with the pending deadlines related to Plaintiffs' efforts to preliminarily enjoin the existing Executive Order. Defendants submit this emergency motion to respectfully request that the existing deadlines regarding Plaintiffs' motion for a preliminary injunction—including Defendants' opposition brief due tomorrow, February 17—be stayed pending the President's issuance of a new Executive Order. In the alternative, Defendants respectfully request a one-week extension of the deadline for their opposition brief, until February 24, 2017. The reasons supporting these requests are set forth below, and a proposed order is attached.

     Pursuant to Local Civil Rule 7(m), counsel for Defendants conferred with counsel for Plaintiffs, who requested that their position be stated as follows: "Defendants notified Plaintiffs of their 'emergency' request for a stay at 2:02 p.m. today -- the day before Defendants' response

to the preliminary injunction motion is due -- and indicated an intent to file their motion at 4:00 p.m. Plaintiffs' counsel are unable to consult with their clients regarding their position on a stay motion in this short time."

**Background**

On January 27, 2017, the President issued an Executive Order titled "Protecting The Nation From Foreign Terrorist Entry Into The United States." *See* Exec. Order No. 13,769, 82 Fed. Reg. 8977 (Jan. 27, 2017). In the Western District of Washington, the State of Washington—later joined by the State of Minnesota—challenged the Executive Order, filing suit on January 30, 2017, and seeking a temporary restraining order that same day. *See Washington v. Trump*, Case No. 2:17-cv-141-JLR (W.D. Wash.). On February 3, 2017, the court in that case enjoined, on a nationwide basis, enforcement of Sections 3(c), 5(a)-(c), and 5(e) of the Executive Order—the same sections challenged by Plaintiffs in this case. *Compare Wash. v. Trump* (W.D. Wash.), ECF No. 52; *with* ECF No. 9 at 226-27 (Plaintiffs' proposed order). The district court's injunctive order did not contain an expiration date.

The next day—February 4, 2017—the Government filed a notice of appeal of the nationwide injunction to the United States Court of Appeals for the Ninth Circuit. *See Wash. v. Trump* (W.D. Wash.), ECF No. 53; *see also Washington v. Trump*, Case No. 17-35105 (9th Cir.). Later that day the Government filed an emergency motion to stay the district court's order. *See Wash. v. Trump* (9th Cir.), ECF No. 14. The Ninth Circuit rejected the Government's request for an immediate administrative stay, and set an expedited briefing schedule on the stay request. *Wash. v. Trump* (9th Cir.), ECF No. 15. After briefing and argument, a panel of the Ninth Circuit denied the Government's emergency motion for a stay of the nationwide injunction. *See Wash. v. Trump*, --- F.3d ----, 2017 WL 526497 (9th Cir. Feb. 9, 2017). The Western District of Washington

has since concluded that, based on the Ninth Circuit panel's ruling, the temporary restraining order should be construed as a preliminary injunction. *See Wash. v. Trump* (W.D. Wash.), ECF No. 78 at 4.

While those proceedings were ongoing—and while the nationwide injunction was in effect—Plaintiffs here filed their Complaint also challenging the Executive Order. *See* ECF No. 3. Plaintiffs filed their Complaint on February 8, 2017, and that same day moved for a preliminary injunction. *See* ECF No. 9. Plaintiffs likewise sought a nationwide injunction prohibiting enforcement of Sections 3(c), 5(a)-(c), and 5(e) of the Executive Order. *See id.* at 226-27.

The Court directed the parties to confer regarding a briefing schedule and hearing date for Plaintiffs' motion for preliminary injunction, and subsequently entered the following briefing schedule: "Defendants' Response to [9] Plaintiffs' Motion for Preliminary Injunction due 2/17/2017. Plaintiffs' Reply due 2/22/2017. A hearing is hereby set for 2/28/2017 at 10:30 a.m." Minute Order of Feb. 13, 2017.

In the meantime, in the Ninth Circuit litigation, the Court issued an order on February 10, 2017, notifying the parties that "[a] judge on this Court has made a *sua sponte* request that a vote be taken as to whether the order issued by the three judge motions panel on February 9, 2017, should be reconsidered en banc." *Wash. v. Trump* (9th Cir.), ECF No. 139. The Chief Judge directed the parties "to file simultaneous briefs setting forth their respective positions on whether this matter should be reconsidered en banc." *Id.* The deadline for filing those briefs was 11am PST on Thursday, February 16, 2017. *See id.*

The United States has now filed its supplemental brief before the Ninth Circuit. The United States' filing discusses the numerous flaws in the Ninth Circuit panel's opinion, but nonetheless states:

> [T]he United States does not seek en banc review of the merits of the panel's ruling. Rather than continuing this litigation, the President intends in the near future to rescind the Order and replace it with a new, substantially revised Executive Order to eliminate what the panel erroneously thought were constitutional concerns. . . . In so doing, the President will clear the way for immediately protecting the country rather than pursuing further, potentially time-consuming litigation. Under the unusual circumstances presented here—including the extraordinarily expedited proceedings and limited briefing to the panel, the complexity and constitutional magnitude of the issues, the Court's *sua sponte* consideration of rehearing en banc, and respect for the President's constitutional responsibilities—the government respectfully submits that the most appropriate course would be for the Court to hold its consideration of the case until the President issues the new Order and then vacate the panel's preliminary decision.

*Wash v. Trump* (9th Cir.), ECF No. 154 at 4; *see also id*. at 46 ("In light of the forthcoming promulgation of a new superseding Executive Order . . . [en banc] review is not called for at this time.").

In light of these new developments—*i.e.*, the Western District of Washington's treatment of its order as a preliminary injunction, the upcoming rescission of the Executive Order that is the subject of this lawsuit, and the President's intent to issue a new Executive Order—the Government hereby moves to stay the pending deadlines pertaining to Plaintiffs' motion for a preliminary injunction pending issuance of the new Executive Order.

**Discussion**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That power applies "especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id.* at 707 (modifications and citation omitted). Here, there are ample reasons for a stay of the proceedings on Plaintiffs' motion for preliminary injunction.

1.	In light of the President's intent to rescind the existing, currently enjoined Executive Order—the sole subject of this lawsuit—and replace it with a new, substantially revised version, there is no purpose served by the parties moving forward pursuant to the current deadlines in this case.  It would be a significant waste of the parties' and the Court's resources to require briefing and consideration of the legality of Executive Order No. 13,769 when the challenged portions are not presently operative and the President has already determined that he will rescind that Order and replace it with a new one.  And moving forward with such a challenge—asking this Court to rule on the constitutionality of an action taken by a coordinate branch of Government, even after the President has decided to rescind that action—would be contrary to the principle that courts should "avoid the premature adjudication of constitutional issues."  *Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1020 (D.C. Cir. 1991).

2.	A stay of the existing deadlines would cause no harm to Plaintiffs.  As discussed above, the Executive Order is currently enjoined on a nationwide basis.  The Western District of Washington's injunction covers the same five sections of the Executive Order that Plaintiffs here seek to enjoin.  *Compare Wash. v. Trump* (W.D. Wash.), ECF No. 52; *with* ECF No. 9 at 226-27 (Plaintiffs' proposed order).  Thus, the Western District of Washington has, in effect, provided Plaintiffs with the full relief they seek from this Court pursuant to their motion for a preliminary injunction.

Although the United States believes the Western District of Washington injunction was erroneous, the United States is not asking the Ninth Circuit to review *en banc* the merits of the stay panel's opinion; instead the United States has requested that the Court "hold the case until the new Executive Order is issued, at which point it should vacate the panel's opinion."  *Wash. v. Trump* (9th Cir.), ECF No. 154 at 4.  The nationwide injunction of the existing Executive Order will

therefore remain in effect at least until the Ninth Circuit rules, which eliminates any prejudice to Plaintiffs in postponing further proceedings until after the new Executive Order is issued. *Cf. Hawai'i v. Trump*, No. 17-cv-50, 2017 WL 536826, at *3-4 (D. Haw. Feb. 9, 2017) (staying a challenge to the Executive Order, and noting that the plaintiffs had not demonstrated any injury from the requested stay because "no such damage can occur while the Western District of Washington TRO remains in place").

The upcoming rescission of the existing Executive Order makes clear that Plaintiffs cannot establish future irreparable injury stemming from that particular Order, and thus expedited preliminary injunction proceedings regarding that Order are presently unnecessary.  In prior correspondence, Plaintiffs have suggested that they continue to suffer irreparable injuries from the Executive Order despite the nationwide injunction.  But even if that were accurate, that would not be a basis for moving forward with this litigation.  To the contrary, if a nationwide injunction from the Western District of Washington was insufficient to redress Plaintiffs' claimed injuries, it is unclear how those injuries could be redressed by this Court issuing a *second* nationwide injunction. Plaintiffs are thus in one of two situations:  either they are not currently harmed (due to the nationwide injunction), or their harms are not redressable by the courts (because the Western District of Washington's nationwide injunction was unsuccessful in redressing them).  In either scenario, that presents no occasion to move forward with briefing and consideration regarding an Executive Order that is currently enjoined and is soon to be rescinded.

3. Once the current Executive Order is rescinded and a new Executive Order is issued, Defendants will promptly notify both the Court and Plaintiffs.  Upon Plaintiffs review of the new Executive Order, to the extent they might wish to seek an order from this Court prohibiting enforcement of that new Executive Order, the Government is prepared to confer with Plaintiffs

regarding an appropriate schedule for proceedings. Until the new Executive Order is issued, however, no purpose is served by continuing with the deadlines previously set forth in this case. Defendants therefore respectfully request that those deadlines be stayed pending the President's issuance of a new Executive Order.

4.   To the extent the Court is not prepared to stay these proceedings—or believes consideration of that request requires additional time—Defendants respectfully request, in the alternative, that the Court immediately grant a modest, one-week extension of Defendants' deadline for opposing Plaintiffs' motion for a preliminary injunction. That opposition is currently due tomorrow, February 17, 2017. *See* Minute Order of Feb. 13, 2017. Given the immediacy of this deadline, Defendants sincerely appreciate the Court's consideration of this emergency request for relief.

## Conclusion

Defendants respectfully request that the Court stay the existing deadlines regarding Plaintiffs' motion for a preliminary injunction pending the President's issuance of a new Executive Order. In the alternative, Defendants respectfully request a one-week extension of the deadline for opposing Plaintiffs' motion for a preliminary injunction, until February 24, 2017.

Dated: February 16, 2017                  Respectfully submitted,

                                          CHAD A. READLER
                                          Acting Assistant Attorney General

                                          CHANNING D. PHILLIPS
                                          United States Attorney

                                          JOHN R. TYLER
                                          Assistant Branch Director

                                          */s/ Daniel Schwei*
                                          DANIEL SCHWEI (N.Y. Bar)
                                          MICHELLE R. BENNETT (Co. Bar No. 37050)

ARJUN GARG (D.C. Bar No. 975335)
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Tel.:   (202) 305-8693
Fax:   (202) 616-8470
Email: daniel.s.schwei@usdoj.gov

<u>Mailing Address:</u>
Post Office Box 883
Washington, D.C. 20044

<u>Courier Address:</u>
20 Massachusetts Avenue N.W.
Washington, D.C. 20001

*Counsel for Defendants*