**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PARS EQUALITY CENTER, IRANIAN
AMERICAN BAR ASSOCIATION,
NATIONAL IRANIAN AMERICAN
COUNCIL, PUBLIC AFFAIRS ALLIANCE
OF IRANIAN AMERICANS et al.,

       Plaintiffs,

       v.

DONALD J. TRUMP et al.,

       Defendants.

No. 17-cv-255

Electronically Filed

**<ins>PARTIES' JOINT STATUS REPORT</ins>**

Pursuant to the Court's minute order of February 16, 2017, Plaintiffs and Defendants respectfully submit this joint status report.

First, the Court directed the parties to provide "an update as to whether a new Executive Order has been issued or is forthcoming. Defendants report as follows:

A new Executive Order has not been issued yet, but a new one is forthcoming in the near future. Thus far, no firm date has been set for when it will issue. Defendants will promptly provide Plaintiffs and the Court with a copy of the Executive Order once it is signed.

Second, the Court directed the parties to provide a "jointly proposed updated briefing schedule." Plaintiffs and Defendants conferred and were unable to reach agreement on such a schedule. The parties therefore set out below each side's position on the proposed updated schedule.

1.      **Plaintiffs' Position and Proposed Schedule**

Current Status: Defendants asserted in their February 16, 2017 motion to stay the briefing schedule and in filings before the U.S. Court of Appeals for the Ninth Circuit that a new Executive Order is "forthcoming." Dkt. 16, at 4. As of February 22, 2017—six days later— President Trump has not yet issued a new Executive Order or provided any definitive guidance as to when he intends to do so. Compounding the confusion and uncertainty are recent statements from the White House indicating that—contrary to the President's commitment to rescind the Executive Order, and Defendants' representations in filings before this Court and other courts—the Administration may in fact be planning to continue to litigate the merits of the January 27 Executive Order. *See*, *e.g.*, Press Briefing by Press Secretary Sean Spicer, 2/21/2017, #13, https://www.whitehouse.gov/the-press-office/2017/02/21/press-briefing-press-secretary-sean-spicer-2212017-13.

While the President contemplates a new order, Plaintiffs continue to suffer irreparable harm as a result of Defendants' implementation of the current Executive Order. Despite the nationwide injunction issued by the U.S. District Court for the Western District of Washington against enforcement of key provisions of the Executive Order, Defendants have failed effectively to rescind several of the harmful steps they took to implement it before (and potentially even after) the Washington court's injunction. As a result, many of the harms that Plaintiffs have suffered remain unaddressed and unremediated.

For example:[1]

1. On January 27, pursuant to § 3 of the Executive Order, Defendants suspended the *issuance* of all visas that previously had been *approved* for nationals of the seven countries specified by the Order. Plaintiffs understand that many of these visas still have not been issued. For example, John Doe #3's J-1 visa application was approved prior to the Executive Order, but the U.S. Consulate in Dubai refused to issue his visa as a result of the Executive Order. At present, his visa has still not been issued, and the U.S. Consulate has refused to provide any additional information. Similarly, Jane Doe #1's petition for a K-1 visa for her fiancé was approved prior to the Executive Order, but the visa remains unissued and Jane Doe #1 has been unable to obtain any further information. Plaintiffs National Iranian American Council (NIAC) and Pars Equality Center (Pars) are also presently assisting individuals whose approved visas have still not been issued.

2. On January 27, Defendants cancelled all consular appointments for nationals from the seven countries. While Defendants have resumed scheduling of new interviews, Plaintiffs Iranian American Bar Association (IABA) and NIAC have been in contact with numerous individuals whose cancelled appointments have not been rescheduled. Applicants are being told that they will have to wait months before they can get an appointment, and that all appointments will again be cancelled in the event that the Executive Order is reinstated or the President issues a new Executive Order that requires cancellations. This imposes a particular hardship on Iranian nationals seeking visas, because the United States does not maintain an embassy in Iran. The Department of State instructs Iranian applicants to make appointments at U.S. Embassies or consulates in Turkey, Armenia, or Dubai.

---

[1] Defendants complain that this is new information, but it is consistent with Plaintiffs' previous declarations, and Plaintiffs would have submitted it in response to Defendants' "emergency" motion to stay had the Court not ruled on the motion before Plaintiffs had a chance to respond.

3. On January 27, pursuant to § 5 of the Executive Order, Defendants suspended processing of all applications for refugee status, including all field interviews of applicants. This suspension continued for weeks after the injunction against the Executive Order's enforcement. John Does #7 and #8 have been unable to obtain any information regarding the status of their refugee applications. And as recently as February 17 (two weeks after the Washington injunction), the International Catholic Migration Commission (ICMC), which administers the refugee application process in Turkey, responded in e-mails to inquiries by refugee applicants: "As stated in the Executive Order signed by the President, the United States government has suspended all refugee admissions for 120 days effective January 27, 2017."

4. Individual plaintiffs and their family members fear that if they travel internationally, they may be barred from re-entering the United States, in the event the Washington injunction is lifted. Plaintiffs Pars and IABA have been in contact with numerous individuals who are concerned that they may be unable to reenter the United States if they travel abroad, or who have already cancelled scheduled travel, often based on the advice of immigration counsel, due to concern that their ability to re-enter the United States could be revoked at any moment.

5. Organizational Plaintiffs continue to expend significant time and resources advising individuals affected by the Executive Order. In addition to the four categories of issues identified above, Organizational Plaintiffs are receiving a high volume of inquiries from individuals who fear (i) that their pending green card, K-1 spousal or family visas, or other petitions will be denied or indefinitely delayed, (ii) that they will be unable to adjust their immigration status in the future as a result of the Executive Order, (iii) that their applications for Optional Practical Training (OPT) status or medical residency match applications will be negatively impacted. Beyond these inquiries, the Organizational Plaintiffs continue to be inundated with other questions and requests related to the Executive Order.

Irreparable harm is presumed in preliminary injunction proceedings where—as here— plaintiffs have alleged violations of constitutional rights. *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009). Notwithstanding this, Defendants suggested in their February 16 motion to stay the briefing schedule that they intend to dispute that Plaintiffs are suffering any harm in light of the government's purported compliance with the Washington order and the Ninth Circuit ruling. Dkt. 16 at 6. Plaintiffs are prepared to present live testimony and/or supplemental declarations to demonstrate that they and others continue to suffer ongoing harm as a result of Defendants' actions to implement the Executive Order. Preliminary injunctive relief

beyond the terms of the Western District of Washington injunction can and would provide meaningful relief for these ongoing harms; for example, the Court could order the Defendants to (i) take affirmative measures to actually issue all visa applications approved as of January 27 and to reschedule all consular interviews that were cancelled because of the January 27 Executive Order, (ii) apply the same standards to assess visa applications as were in effect on January 26, and (iii) resume the level of refugee application processing (using the same standards to assess applications as) in effect prior to January 27.  Further, the Court could require the Government to file regular status reports on its compliance with the Court's order.

Scheduling Proposal: If Tuesday, February 28 is still available for a hearing, Plaintiffs propose that Defendants file their opposition to Plaintiffs' motion for preliminary injunction— addressing, in particular, the ongoing harms described above—on or before **Friday, February 24, at 5:00 p.m.**  Plaintiffs would then file their reply by **Monday, February 27, at 12 noon**, with a hearing on **Tuesday, February 28**, as originally scheduled.

Plaintiffs further propose that this Court require the government to provide the following information by **Friday, February 24, at 5:00 p.m.** :

1. A log of all visas that were approved as of January 27 but were not issued because of the January 27 Executive Order, indicating (i) whether each visa has been issued; and (ii) the steps Defendants have taken to issue each of the approved visas.

2. A log of all consular appointments that were cancelled because of the January 27 Executive Order, indicating (i) whether the appointment has been rescheduled, and (ii) for each interview that has not been rescheduled, the steps Defendants have taken or plan to take (and when) to reschedule.

3. Certifications from the Secretaries of State and Homeland Security that the processing of refugee applications (including field interviews) has resumed, and indicating the date that such processing and interviewing resumed.

Other courts, including the district courts for the Western District of Wisconsin and the Eastern District of New York, have ordered the government to respond to similar requests for

information to validate representations the government has made about its compliance with the

Western District of Washington injunction.

In the event the January 27 Executive Order is rescinded and/or a new Executive Order is

issued, this schedule can be vacated, pending Plaintiffs' evaluation as to whether and how to

challenge the new Order.  Plaintiffs propose that any briefing and hearing on a new Executive

Order proceed according to the schedule set forth in the Local Rules.

>        **2.      Defendants' Position and Proposed Schedule**

Plaintiffs' lengthy, argumentative discussion above goes well beyond this Court's

direction for the parties to submit a "jointly proposed updated briefing schedule."  Minute Order

of Feb. 16, 2017.  As for that issue, Defendants agree with Plaintiffs' proposal above:  that once

the President rescinds the January 27 Executive Order and issues a new Executive Order,

Plaintiffs (if they decide to challenge the new Order) should file a new motion (and/or Amended

Complaint), and any briefing and hearing on that motion should proceed according to the

schedule set forth in the Local Rules.

As for Plaintiffs' request that this litigation continue until a new Executive Order is

issued, Defendants will not repeat the arguments already set forth in their motion to stay (ECF

No. 16).  There is simply no reason to proceed with litigation regarding an Executive Order that

is currently enjoined, and given that a new Executive Order will be issued in the near future.

Plaintiffs assert they are suffering ongoing irreparable harm, but critically they fail to explain

how the injunction Plaintiffs have requested from this Court—virtually identical in scope to the

injunction already entered by the Western District of Washington—could actually remediate

those harms when, in Plaintiffs' view, the Western District of Washington injunction purportedly

failed to do so.  Thus, there is no reason for any further proceedings regarding the prior

Executive Order.  To the extent the Court is inclined to entertain Plaintiffs' claims about ongoing

irreparable harm, however, certainly Defendants should not be compelled to respond until Plaintiffs actually present their supplemental declarations on these issues, as they state they are prepared to do, particularly given that Plaintiffs never before mentioned these issues to Defendants prior to this afternoon.

As for Plaintiffs' requests for information—which likewise were never presented to Defendants prior to this afternoon—Plaintiffs provide no explanation whatsoever as to how that information is relevant to the particular individuals' claims at issue in this case.  Nor do Plaintiffs provide any support for their remarkable request that this Court compel two Cabinet-level officials to provide certifications regarding their compliance with an injunction that was issued by an entirely separate District Court.

In short, Plaintiffs' requests are wholly inappropriate in the context of this straightforward filing regarding scheduling, and in any event are meritless.  The Court should continue the stay for the short period until a new Executive Order is issued, at which point—as both parties agree—all future proceedings should occur pursuant to the schedule set forth in this Court's Local Rules.

February 22, 2017

Respectfully submitted,

/s/ John A. Freedman

| | |
|---|---|
| Cyrus Mehri (D.C. Bar # 420970) | John A. Freedman (D.C. Bar # 453075) |
| Joanna K. Wasik (D.C. Bar. # 1027916) | David P. Gersch (D.C. Bar # 367469) |
| Amelia A. Friedman (D.C. Bar. # 1033583) | R. Stanton Jones (D.C. Bar # 987088) |
| MEHRI & SKALET, PLLC | Nancy L. Perkins (D.C. Bar # 421574) |
| 1250 Connecticut Ave., NW | Ronald A. Schechter  (D.C. Bar # 245019) |
| Suite 300 | Robert N. Weiner (D.C. Bar # 298133) |
| Washington, DC 20036 | Samuel M. Witten (D.C. Bar # 378008) |
| (202) 822-5100 | Lindsey D. Carson (D.C. Bar # 992620) |
| (202) 822-4997 (fax) | Sonia Tabriz (D.C. Bar # 1025020) |
| cmehri@findjustice.com | Sally L. Pei (D.C. Bar # 1030194) |

Kristen Clarke (D.C. Bar # 973885)
Jon Greenbaum (D.C. Bar # 489887)
LAWYERS' COMMITTEE FOR
  CIVIL RIGHTS UNDER LAW
1401 New York Ave., NW
Suite 400
Washington, DC 20005
(202) 662-8600
(202) 783-0857 (fax)
jgreenbaum@lawyerscommittee.org

Stephen K. Wirth (D.C. Bar # 1034038)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (fax)
john.freedman@apks.com
Christopher M. Odell
  (*pro hac vice* motion forthcoming)
ARNOLD & PORTER
  KAYE SCHOLER LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002
(713) 576-2400
(713) 576-2499 (fax)
christopher.odell@apks.com

*Counsel for Plaintiffs*

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

JOHN R. TYLER
Assistant Branch Director

s/ Daniel Schwei
DANIEL SCHWEI (N.Y. Bar)
MICHELLE R. BENNETT (Co. Bar No.
37050)
ARJUN GARG (D.C. Bar No. 975335)
BRAD P. ROSENBERG (D.C. Bar No.
467513)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Tel.:    (202) 305-8693
Fax:    (202) 616-8470
Email:  daniel.s.schwei@usdoj.gov

Mailing Address:

Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Avenue N.W.
Washington, D.C. 20001

*Counsel for Defendants*