IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:17-cv-255-TSC |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*
AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE AND
THE SOUTHERN POVERTY LAW CENTER IN SUPPORT OF
MOTION FOR A PRELIMINARY INJUNCTION**

**INTRODUCTION**

Currently before the Court is Plaintiffs' motion for a preliminary injunction to halt enforcement of President Trump's Executive Order banning immigrants and refugees from predominantly Muslim countries from entering the United States. Exec. Order No. 13,769, 82 Fed. Reg. 8977 (Jan. 27, 2017). Americans United for Separation of Church and State and the Southern Poverty Law Center respectfully request leave to file the accompanying proposed *amicus* brief in support of the Plaintiffs.

**IDENTITY AND INTEREST OF *AMICI CURIAE***

a. Americans United for Separation of Church and State is a national, nonsectarian public-interest organization. Its mission is twofold: (1) to advance the

free-exercise rights of individuals and religious communities to worship as they see fit, and (2) to preserve the separation of church and state as a vital component of democratic government. Americans United represents more than 125,000 members and supporters across the country. Since its founding in 1947, Americans United has regularly participated as a party, as counsel, or as an *amicus curiae* in leading church–state cases decided by the United States Supreme Court and by federal and state trial and appellate courts throughout the country.

Americans United has long defended the fundamental rights of religious minorities in the United States by bringing and participating in legal challenges to governmental action that singles out particular religions for favor or disfavor. *See, e.g.*, *Ziglar v. Abbasi*, 2016 WL 7473962 (U.S. 2016) (supporting Muslim petitioners who overstayed their visas and were detained and tortured after the terror attacks of September 11, 2001, before being released as innocent of any connection to terrorism); *Hassan v. City of New York*, 2014 WL 3572027 (3d Cir. 2015) (supporting challenge to New York City Police Department's surveillance of Muslim communities); *Awad v. Ziriax*, 2011 WL 2118216 (10th Cir. 2012) (supporting challenge to Oklahoma law that singled out Islam for official disfavor). Americans United also advocated for passage of the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb (under which a claim has been made in this case) and its sister statute, the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq.*, and routinely participates as counsel or as an *amicus curiae* in cases arising under these statutes. *See, e.g.*, *Holt v. Hobbs*, 2014 WL 2361896 (2015). Notably, Americans United filed an *amicus* brief in *Cutter v. Wilkinson*, 544 U.S. 709 (2005), proposing the factors for the test of

constitutionally permissible religious accommodations under RFRA and RLUIPA that the Supreme Court then adopted.

b. The Southern Poverty Law Center has provided *pro bono* civil-rights representation to low-income persons in the Southeast since 1971, with particular focus on seeking justice for the most vulnerable people in society. SPLC has litigated numerous cases to enforce the civil rights of immigrants and refugees to ensure that they are treated with dignity and fairness. SPLC monitors and exposes extremists who attack or malign groups of people based on their immutable characteristics. SPLC is dedicated to reducing prejudice and improving intergroup relations. SPLC has a strong interest in opposing governmental action premised on unlawful discrimination that undermines the promise of civil rights for all.

## REASONS WHY THE MOTION SHOULD BE GRANTED

1. The issues in this case have important ramifications for persons living across the United States and around the world. If the challenged Executive Order is not preliminarily enjoined, family members who currently find themselves living in different countries will be estranged. Children seeking to come to the United States for necessary medical care will be barred. People lawfully residing and working in the United States will be prevented from traveling abroad by the threat that they will be detained and deported when they try to return home—or if they are already traveling abroad, they will have no way to avoid that consequence. In short, religion (albeit couched in the language of national origin) will determine whether hundreds of thousands of people have access (or continued access) to the opportunities of life in the United States.

2. What is more, the targeted Muslims will not be the only ones affected by implementation of the Executive Order. The seismic shift in this Nation's treatment of a religious minority will be felt by families, neighborhoods, houses of worship, local businesses, and public universities and institutions. All will suffer the loss of valued employees, customers, relatives, and members of the community.

3. The hardships in this country and around the world that will be caused by official discrimination against a disfavored religious group highlight the importance of correctly analyzing and deciding questions of religious-freedom rights—legal issues that *amici* are uniquely positioned to assist this Court in assessing. The proposed *amicus* brief explains why both the Establishment Clause of the First Amendment to the U.S. Constitution and the Religious Freedom Restoration Act bar enforcement of the anti-Muslim Executive Order, and hence why Plaintiffs are likely to succeed on the merits and why an injunction should issue. As the proposed brief explains, the government is forbidden to discriminate against Muslims. It is forbidden to endorse or disfavor one religion as compared with others. And it is forbidden to impose or apply religious tests in making official determinations and taking official actions. The Executive Order does all of this and more.

4. *Amici* also filed briefs addressing the Establishment Clause and RFRA issues in the challenge to the Executive Order pending in the Ninth Circuit (Brief of *Amici Curiae* Americans United for Separation of Church and State and Southern Poverty Law Center, *Washington v. Trump*, No. 17-35105, 2017 WL 526497 (9th Cir. Feb. 9, 2017)) and the Western District of Washington (Brief of *Amicus Curiae* Americans United for Separation of Church and State, *Washington v. Trump*, No. 2:17-cv-141, 2017 WL 462040 (W.D. Wash. Feb. 3, 2017)) and in the challenge pending

in the Eastern. District of Virginia (Brief of *Amici Curiae* Americans United for Separation of Church and State and Southern Poverty Law Center, *Aziz v. Trump*, No. 1:17-cv-116, 2017 WL 580855 (E.D. Va. Feb. 13, 2017)).

5. Plaintiffs have consented to this motion and to the filing of the accompanying *amicus* brief. Defendants have stated that they take no position on the motion and the filing of the *amicus* brief.

6. *Amici* waive hearing and oral argument on this motion.

## CONCLUSION

The Court should grant the request to file the proposed *amicus* brief and order the Clerk to accept the accompanying brief for filing.

Date: March 1, 2017

Respectfully submitted,

/s/ *Richard B. Katskee*

| | |
|---|---|
| KRISTI L. GRAUNKE<br>    *pro hac vice* motion forthcoming<br>GILLIAN GILLERS<br>    *pro hac vice* motion forthcoming<br>*Southern Poverty Law Center*<br>*1989 College Avenue NE*<br>*Atlanta, GA 30317*<br>*Tel.: (404) 521-6700*<br>*Fax: (404) 221-5857*<br>*Email:  Kristi.Graunke@splcenter.org*<br>*        Gillian.Gillers@splcenter.org* | RICHARD B. KATSKEE<br>BRADLEY GIRARD<br>    admission pending<br>*Americans United for Separation of*<br>*  Church and State*<br>*1310 L Street NW, Suite 200*<br>*Washington, D.C. 20005*<br>*Tel.: (202) 466-3234*<br>*Fax: (202) 466-3353*<br>*Email: katskee@au.org*<br>*        girard@au.org* |

*Counsel for* Amici Curiae

5

## CERTIFICATE OF SERVICE

I certify that on March 1, 2017, the foregoing brief was filed using the Court's CM/ECF system. All participants in the case are registered CM/ECF users and will be served electronically via that system.

<u>/s/ Richard B. Katskee</u>
*Counsel for* Amici Curiae
