IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, IRANIAN AMERICAN BAR ASSOCIATION, NATIONAL IRANIAN AMERICAN COUNCIL, PUBLIC AFFAIRS ALLIANCE OR IRANIAN AMERICANS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 1:17-cv-00255-TSC |

**Motion For Leave To File Brief *Amicus Curiae* Of HIAS
In Support Of Plaintiffs' Motion For Preliminary Injunction**

Pursuant to Civil Local Rule 7(o)(2), HIAS hereby submits this motion for leave to file the attached *amicus curiae* brief in support of Plaintiffs' Motion For Preliminary Injunction in the above-captioned matter.

1. HIAS is a non-profit refugee resettlement agency and one of nine federally designated organizations that resettles refugees in collaboration with the Department of State and Department of Health and Human Services. HIAS is the oldest refugee resettlement agency in the world and the only Jewish refugee resettlement agency. Founded in 1881 to protect Jewish people fleeing pogroms in Russia and Eastern Europe, HIAS's mission today is to protect people of all backgrounds and origins who are persecuted on the basis of who they are or what they believe. HIAS has helped over 4.5 million people worldwide escape persecution.

2. HIAS has a substantial interest in the outcome of this case. President Donald J. Trump's Executive Order No. 13769, entitled "Protecting the Nation from Foreign Terrorist Entry

1

into the United States" (the "Executive Order"), raises issues that go to the heart of HIAS's mission and values. Bearing a disturbing resemblance to the government-endorsed acts once taken against the Jewish people, the Executive Order effectively heightens stigma and polarization against one religious group, and communicates to the world that the United States government supports the religious discrimination of Muslims. As an organization with a longstanding mission to protect individuals and families against the dangerous consequences of religious discrimination, HIAS has a strong interest in curtailing any government undertaking that institutionalizes such discrimination under the guise of public safety. More importantly, HIAS fears for the safety of its clients, whose lives literally depend on their resettlement in the United States. As a result of the Executive Order's ban on immigration, thousands of refugees are now unable to obtain the safety and freedom that was promised to them and that every human being deserves. HIAS has a strong interest in ensuring that the government does not preclude refugees from attaining lives free of persecution, and that the individual voices of these men, women, and children are heard amidst any and all rhetoric or policy that encourages the public to categorically disregard them.

3. "An *amicus* brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (internal citation and quotation marks omitted). HIAS believes that it is in a special position to inform the Court about the unique struggles of refugees and the harm that they suffer as a consequence of the Executive Order. The harm imposed by the Executive Order on certain groups of people is a central issue in this litigation and at the heart of this controversy. Plaintiffs' Motion for Preliminary Injunction focuses on the impact that the Executive Order has on Iranian nationals, both refugees and non-refugees, but the impact the order has on *all* refugees is much broader and

deserving of attention.  HIAS offers this brief to give the Court a comprehensive understanding of the unique and immediate harm suffered by refugees from around the globe due to the Executive Order.

4. Plaintiffs have consented to the filing of this *amicus curiae* brief.

5. Counsel for HIAS conferred with counsel for Defendants on February 23, 2017. Defendants take no position on the filing of this amicus curiae brief.

## CONCLUSION

For the foregoing reasons, HIAS hereby requests that the Court grant leave to file an *amicus curiae* brief in support of Plaintiffs' Motion for Preliminary Injunction.

Dated:  March 1, 2017                                             Respectfully Submitted,

                                                                 */s/ James E.B. Bobseine*
James E.B. Bobseine (Bar No. 1019910)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006-1110
Phone: (202) 261-3300
Fax: (202) 261-3333
james.bobseine@dechert.com

G. Eric Brunstad, Jr.
DECHERT LLP
90 State House Square
Hartford, CT 06103-3702
Phone: (860) 524-3999
Fax: (860) 524-3930
eric.brunstad@dechert.com

## CERTIFICATE OF SERVICE

     I hereby certify that on March 1, 2017, I filed the foregoing document via the Court's CM/ECF system. The document will be served electronically on counsel of record for the parties.

                                          */s/ James E.B. Bobseine*
                                          James E.B. Bobseine