**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| PARS EQUALITY CENTER, *et al.*, | ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 1:17-cv-00255-TSC |
| DONALD J. TRUMP, *in his official* capacity as President of the United States, *et al.*, | ) ) ) ) ) |  |
| Defendants. | ) ) ) |  |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

STANDARD OF REVIEW ............................................................................................................ 4

ARGUMENT .................................................................................................................................. 4

I.      Plaintiffs Cannot Demonstrate Irreparable Harm, Because the Challenged Sections of the Executive Order Have Already Been Enjoined Nationwide ..................................... 4

II.     Plaintiffs' Attempts to Manufacture Irreparable Harm Do Not Warrant Relief. .................. 6

CONCLUSION ............................................................................................................................. 10

## INTRODUCTION

The Government respectfully submits that Executive Order No. 13,769, which suspended the entry of certain classes of aliens into the United States, was a lawful exercise of the President's Congressionally delegated authority under 8 U.S.C. § 1182(f). But this Court need not reach that issue, because Plaintiffs' motion for a preliminary injunction fails for a more obvious reason: Plaintiffs cannot establish any irreparable harm attributable to the Executive Order. The five provisions of the Executive Order challenged by Plaintiffs here have already been enjoined on a nationwide basis by another district court. Accordingly, there is no irreparable harm currently being suffered by Plaintiffs that would justify this Court entering a second, duplicative injunction.

Because irreparable harm is a requirement for obtaining a preliminary injunction, this Court need not consider any of the other factors typically analyzed when a party seeks preliminary injunctive relief. *See Save Jobs USA v. Dep't of Homeland Sec.*, 105 F. Supp. 3d 108, 112 (D.D.C. 2015) (Chutkan, J.) (citing *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995)); *Jones v. Dist. of Columbia*, 177 F. Supp. 3d 542, 545 (D.D.C. 2016) (Chutkan, J.) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)). Plaintiffs' motion fails on this straightforward basis: the challenged sections of the Executive Order are already enjoined, and Plaintiffs have not proven any ongoing or imminent harms that could be further remediated by a second nationwide injunction issued by this Court. Thus, Plaintiffs' motion for a preliminary injunction should be denied.

## BACKGROUND

On January 27, 2017, the President issued an Executive Order titled "Protecting The Nation From Foreign Terrorist Entry Into The United States." *See* Exec. Order No. 13,769, 82 Fed. Reg. 8977 (Jan. 27, 2017). Plaintiffs here filed their Complaint challenging the Executive Order on

February 8, 2017, *see* ECF No. 3, and that same day moved for a preliminary injunction against enforcement of certain sections of the Executive Order.  *See* ECF No. 9.  Specifically, Plaintiffs sought a nationwide injunction prohibiting enforcement of Sections 3(c), 5(a)-(c), and 5(e) of the Executive Order.  *See id.* at 226-27.

At the time Plaintiffs filed their motion for preliminary injunction, those same sections of the Executive Order were already enjoined by a district court in the Western District of Washington.  *See Washington v. Trump*, Case No. 2:17-cv-141-JLR (W.D. Wash.).  On February 3, 2017, the court in that case enjoined, on a nationwide basis, enforcement of the same five sections challenged by Plaintiffs in this case.  *Compare Wash. v. Trump* (W.D. Wash.), ECF No. 52; *with* ECF No. 9 at 226-27 (Plaintiffs' proposed order).  That court later decided to treat its injunction, initially styled as a temporary restraining order, as a preliminary injunction.  *See Wash. v. Trump* (W.D. Wash.), ECF No. 78.

The Government appealed the Western District of Washington's nationwide injunction to the United States Court of Appeals for the Ninth Circuit, and sought an emergency stay of the injunction.  *See Wash. v. Trump* (W.D. Wash.), ECF No. 53; *see also Washington v. Trump*, Case No. 17-35105 (9th Cir.), ECF No. 14.  After briefing and argument, a panel of the Ninth Circuit denied the Government's emergency motion for a stay of the nationwide injunction.  *See Washington v. Trump*, 847 F.3d 1151 (9th Cir. 2017).

The next day, the Ninth Circuit issued an order notifying the parties that "[a] judge on this Court has made a *sua sponte* request that a vote be taken as to whether the order issued by the three judge motions panel on February 9, 2017, should be reconsidered en banc."  *Wash. v. Trump* (9th Cir.), ECF No. 139.  The Chief Judge directed the parties "to file simultaneous briefs setting forth their respective positions on whether this matter should be reconsidered en banc."  *Id.*

The United States filed its supplemental brief before the Ninth Circuit on February 16, 2017, which stated:

> [T]he United States does not seek en banc review of the merits of the panel's ruling. Rather than continuing this litigation, the President intends in the near future to rescind the Order and replace it with a new, substantially revised Executive Order to eliminate what the panel erroneously thought were constitutional concerns. . . . In so doing, the President will clear the way for immediately protecting the country rather than pursuing further, potentially time-consuming litigation. Under the unusual circumstances presented here—including the extraordinarily expedited proceedings and limited briefing to the panel, the complexity and constitutional magnitude of the issues, the Court's *sua sponte* consideration of rehearing en banc, and respect for the President's constitutional responsibilities—the government respectfully submits that the most appropriate course would be for the Court to hold its consideration of the case until the President issues the new Order and then vacate the panel's preliminary decision.

*Wash. v. Trump* (9th Cir.), ECF No. 154 at 4. In light of the Government's filing, the Ninth Circuit stayed *en banc* proceedings related to the stay panel's opinion. *See Wash. v. Trump* (9th Cir.), ECF No. 161, 2017 WL 655437.

Separate from the Government's motion to stay the injunction, the Ninth Circuit also issued a briefing schedule regarding the underlying appeal of the Western District of Washington's injunction. *See Wash. v. Trump* (9th Cir.), ECF No. 135. The Government's opening brief was initially due March 3, 2017. *Id.* The Government moved to stay the briefing schedule in light of the upcoming rescission of the Executive Order and issuance of a new Executive Order. *See Wash. v. Trump* (9th Cir.), ECF No. 178. The Ninth Circuit denied that request, but extended the Government's time for filing its opening brief until March 10, 2017. *See Wash. v. Trump* (9th Cir.), ECF No. 180, 2017 WL 758968. The Ninth Circuit correspondingly extended the other deadlines, such that Washington's response brief is currently due March 31, 2017, and the Government's optional reply brief is currently due April 5, 2017. *Id.*

In this case, the Government also moved to stay proceedings on Plaintiffs' motion for a preliminary injunction in light of the President's intent to rescind Executive Order No. 13,769 and issue a new Executive Order in the near future. *See* ECF Nos. 16, 18. Ultimately the Court extended the Government's deadline for responding to Plaintiffs' motion until March 2, 2017. *See* Minute Order of Feb. 22, 2017.

## STANDARD OF REVIEW

A preliminary injunction is "an extraordinary and drastic remedy[.]" *Munaf v. Geren*, 553 U.S. 674, 689 (2008). A party seeking such relief "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party requesting a preliminary injunction must demonstrate irreparable harm or injury; "if a party makes no showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors." *Save Jobs USA*, 105 F. Supp. 3d at 112 (citing *CityFed Fin. Corp.*, 58 F.3d at 747).

## ARGUMENT

**I.    Plaintiffs Cannot Demonstrate Irreparable Harm, Because the Challenged Sections of the Executive Order Have Already Been Enjoined Nationwide.**

The Government respectfully submits that Plaintiffs do not meet any of the four factors necessary for obtaining a preliminary injunction. But the Government need only address Plaintiffs' lack of irreparable harm, because that factor standing alone compels rejection of Plaintiffs' motion.

"[T]he basis of injunctive relief in the federal courts has always been irreparable harm." *CityFed Fin. Corp.*, 58 F.3d at 747 (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)); *see also Trudeau v. Fed. Trade Comm'n*, 384 F. Supp. 2d 281, 296-97 (D.D.C. 2005) ("A showing of irreparable harm is the sine qua non of the preliminary injunction inquiry."), *aff'd*, 456 F.3d 178

(D.C. Cir. 2006).  The "failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief."  *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297.

As this Court has previously recognized, Plaintiffs must make a significant showing in order to demonstrate irreparable harm sufficient to warrant preliminary injunctive relief:

> The standard for irreparable harm is particularly high in the D.C. Circuit.  Proving irreparable injury is a considerable burden, requiring proof that the movant's injury is *certain, great and actual*—not theoretical—and *imminent*, creating a clear and present need for extraordinary equitable relief to prevent harm.  In addition, the certain and immediate harm that a movant alleges must also be truly irreparable in the sense that it is beyond remediation.  The movant must provide some evidence of irreparable harm:  the movant must substantiate the claim that irreparable injury is likely to occur and provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future.

*Save Jobs USA*, 105 F. Supp. 3d at 112 (modifications and citations omitted).

Here, Plaintiffs cannot possibly meet that demanding standard.  Their preliminary injunction motion seeks to challenge five sections of Executive Order No. 13,769, all of which are currently enjoined on a nationwide basis.  *Compare Wash. v. Trump* (W.D. Wash.), ECF No. 52; *with* ECF No. 9 at 226-27 (Plaintiffs' proposed order).  The Western District of Washington has, in effect, provided Plaintiffs with the full relief they seek from this Court pursuant to their motion for a preliminary injunction.  Thus, Plaintiffs "have not demonstrated that they will suffer great, concrete, corroborated and certain irreparable harm absent the injunctive relief" they seek from this Court.  *Jones*, 177 F. Supp. 3d at 548.

Although the Western District of Washington injunction is currently on appeal in the Ninth Circuit, the Ninth Circuit has stayed *en banc* proceedings regarding the stay panel opinion.  *See Wash. v. Trump* (9th Cir.), ECF No. 161.  And the briefing schedule on the merits of the Western District of Washington injunction is not scheduled to conclude until April 5, 2017.  In the

meantime, as the Government has informed the Ninth Circuit and this Court, the President intends to rescind Executive Order No. 13,769 and replace it with a new, substantially revised Executive Order in the near future. *See Wash. v. Trump* (9th Cir.), ECF No. 154 at 4. Plaintiffs thus cannot prove any imminent irreparable harm justifying an additional injunction from this Court. *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Given the Western District of Washington's existing nationwide injunction—prohibiting enforcement of the same five sections of the Executive Order that Plaintiffs ask this Court to enjoin—and the President's intent to rescind Executive Order No. 13,769 and issue a new, substantially revised Executive Order in the near future, Plaintiffs cannot possibly demonstrate any imminent irreparable harm stemming from Executive Order No. 13,769.

## II.    Plaintiffs' Attempts to Manufacture Irreparable Harm Do Not Warrant Relief.

In a prior joint status report, Plaintiffs asserted that they continue to suffer irreparable harm despite the Western District of Washington's injunction. *See* ECF No. 18 at 3-4. Plaintiffs' unsupported assertions do not establish irreparable harm.

As an initial matter, Plaintiffs' mere assertions are entitled to no weight at the preliminary injunction stage. To the contrary, irreparable harm requires *proof* of the purported harms. *See Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) ("Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will *in fact* occur. The movant must provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future."); *Jones*, 177 F. Supp. 3d at 548 ("Conjecture and vague and unsupported assertions of harm are not sufficient."). At this

stage of the proceedings, then, Plaintiffs have not adequately supported their assertions of irreparable harm. In fact, Plaintiffs declined the opportunity to supplement their motion with evidence purportedly supporting their claimed harms.[1]

In any event, Plaintiffs' asserted harms do not constitute irreparable harm warranting issuance of preliminary injunctive relief. As Defendants have argued before, the critical flaw in Plaintiffs' position is that if the nationwide injunction issued by the Western District of Washington was insufficient to redress Plaintiffs' claimed injuries, there is no basis for expecting a *second* nationwide injunction issued by this Court to redress those injuries. Thus, Plaintiffs are either not currently harmed (due to the nationwide injunction), or their harms are not redressable by the courts (because the Western District of Washington's nationwide injunction was unsuccessful in redressing them).

Proving this point, Plaintiffs asserted in the status report that, notwithstanding the injunction, individuals remain concerned about international travel and organizations continue to expend resources advising individuals affected by the Executive Order. *See* ECF No. 18 at 4, ¶¶ 4-5. Even assuming these assertions are true, however, there is absolutely no reason to expect those concerns or inquiries to dissipate in the event this Court were to enter a second nationwide injunction prohibiting enforcement of the Executive Order. An additional injunction from this Court will do nothing to redress those individuals' purported concerns and inquiries.

---

[1] Per the attached e-mail correspondence, Plaintiffs informed Defendants on the morning of March 1, 2017, that when Plaintiffs file their reply brief in support of their motion for preliminary injunction, Plaintiffs also intend to submit eight supplemental declarations. *See* Exhibit A, attached. Defendants suggested that Plaintiffs submit those supplemental declarations into the record *before* Defendants filed their opposition to Plaintiffs' motion. *Id.* Plaintiffs rejected that suggestion. *Id.* As stated in that e-mail correspondence, Plaintiffs' approach would effectively require Defendants to respond to extra-record evidence before seeing how Plaintiffs sought to rely on that evidence. At the appropriate time, therefore, Defendants will oppose Plaintiffs' submission of supplemental declarations in connection with their reply brief.

Plaintiffs also complain that certain individuals have not been issued visas, or been scheduled for visa application interviews or refugee interviews.  *See* ECF No. 18 at 3-4, ¶¶ 1-3.  But there are countless factors wholly unrelated to the now-enjoined Executive Order that may affect the issuance of visas or the scheduling of visa and refugee interviews.  Plaintiffs, moreover, articulate no legal theory by which this case—which challenges the legality of Executive Order No. 13,769 on its face—could be expanded to challenge the speed or pace by which United States consular officers and refugee program officials must process applications or conduct interviews.  *See generally Saleh v. Holder*, 84 F. Supp. 3d 135, 139 (E.D.N.Y. 2014) (holding that "courts lack subject matter jurisdiction to review the visa-issuing process itself"); *Castillo v. Rice*, 581 F. Supp. 2d 468, 474 (S.D.N.Y. 2008) (collecting cases for the proposition that "Petitioners simply do not have a right to an expedited interview date from the Consulate").  Nor have Plaintiffs asserted a basis for reviewing any consular officer decisions, given the longstanding doctrine holding that consular officers' actions with respect to visa decisions are not subject to judicial review.  *See Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999) ("In view of the political nature of visa determinations and of the lack of any statute expressly authorizing judicial review of consular officers' actions, courts have applied what has become known as the doctrine of consular nonreviewability.  The doctrine holds that a consular official's decision to issue or withhold a visa is not subject to judicial review, at least unless Congress says otherwise.").

Finally, Plaintiffs assert that "[i]rreparable harm is presumed in preliminary injunction proceedings where—as here—plaintiffs have alleged violations of constitutional rights."  ECF No. 18 at 4 (citing *Mills v. Dist. of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009)).  Even for claims where that general proposition is true, however, a party seeking preliminary relief must still "indicate that a particular constitutional interest is either threatened or in fact being impaired *at the*

*time* the movant seeks injunctive relief."  *Sweis v. U.S. Foreign Claims Settlement Comm'n*, 950 F. Supp. 2d 44, 49 (D.D.C. 2013) (distinguishing *Mills*, citing *Chaplaincy of Full Gospel Churches*, 454 F.3d at 302).  Here, of course, no constitutional interest is currently being threatened because the challenged portions of the Executive Order have already been enjoined—and indeed were already enjoined at the time Plaintiffs' motion for a preliminary injunction was filed.  Clearly the presumption of irreparable harm no longer applies once a party has obtained the very relief it seeks.  Thus, Plaintiffs cannot rely on the presumption of irreparable harm to obtain the additional, duplicative relief they are seeking from this Court.  *See Sweis*, 950 F. Supp. 2d at 49 ("Because granting this injunction would do nothing to prevent the loss of constitutional freedoms . . . the presumption of irreparable harm is inappropriate." (modifications omitted)).

In short, Plaintiffs' attempts to manufacture irreparable harm are unpersuasive.  The Western District of Washington's injunction has, in effect, provided Plaintiffs with all the relief they seek in connection with their motion for a preliminary injunction.  Plaintiffs therefore cannot establish any current or imminent irreparable harm that would justify entry of an additional, duplicative nationwide injunction by this Court.  That failure alone compels rejection of Plaintiffs' motion.

To the extent the Court is not presently inclined to deny Plaintiffs' motion for a preliminary injunction, the Court, in the alternative, should hold Plaintiffs' request for a preliminary injunction in abeyance pending further proceedings related to the Western District of Washington's injunction and/or the President's issuance of a new Executive Order.  If the Court decides to hold Plaintiffs' motion in abeyance, Defendants will promptly notify the Court about any further proceedings related to the Western District of Washington injunction and/or the President's issuance of a new

Executive Order. Preliminary injunctive relief at this time, however, remains inappropriate because Plaintiffs cannot establish any imminent or ongoing irreparable harm.[2]

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for a preliminary injunction.

Dated: March 2, 2017	Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

JOHN R. TYLER
Assistant Branch Director

/s/ Daniel Schwei
DANIEL SCHWEI (N.Y. Bar)
MICHELLE R. BENNETT (Co. Bar No. 37050)
ARJUN GARG (D.C. Bar No. 975335)
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave NW
Washington DC 20530
Tel: (202) 305-8693
Fax: (202) 616-8470
E-mail: daniel.s.schwei@usdoj.gov

*Attorneys for Defendants*

---

[2] Even if Plaintiffs could manufacture some sliver of ongoing irreparable harm, any such harm would be highly attenuated to the underlying controversy prompting this lawsuit—*i.e.*, the legality of Executive Order No. 13,769. Preliminary injunctive relief is inherently discretionary, and the attenuated injuries proffered by Plaintiffs here do not warrant the entry of such relief—particularly given that the challenged Executive Order is already enjoined and soon to be replaced. *See Vander Jagt v. O'Neill*, 699 F.2d 1166, 1168 (D.C. Cir. 1983); *Chamber of Commerce v. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980). Even if some irreparable harm currently existed, therefore, the Court should still decline to enter preliminary injunctive relief.