IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP et al.,<br><br>　　　　Defendants. | Civil Action No. 1:17-cv-255<br><br>Hon. Tanya S. Chutkan |

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION**

　　The Court, having considered Plaintiffs' Motion for Preliminary Injunction ("Motion") and any opposition thereto, and finding that good cause appears, orders as follows:

　　The Motion is hereby GRANTED.

1.　　Defendants are hereby preliminarily restrained and enjoined from:

　　　　(a)　enforcing or taking any steps to effectuate §§ 2(c)-(e), 3, 6(a), and 6(c) of Executive Order No. 13,780, "Protecting the Nation from Foreign Terrorist Entry into the United States" ("March 6 Executive Order"), including at any United States border or point of entry;

　　　　(b)　applying §§ 2(c)-(e), 3, 6(a), and 6(c) of the March 6 Executive Order to deny, revoke, delay, suspend, restrict, or cancel any immigrant or nonimmigrant visa or refugee status;

　　　　(c)　applying §§ 2(c)-(e), 3, 6(a), and 6(c) of the March 6 Executive Order to delay, suspend, or cease immigrant or nonimmigrant visa application or issuance processing;

(d)  applying §§ 2(c)-(e), 3, 6(a), and 6(c) of the March 6 Executive Order to delay, suspend, or cease refugee applicant processing;

(e)  applying §§ 2(c)-(e), 3, 6(a), and 6(c) of the March 6 Executive Order to delay, deny, or suspend entry or admission to any person;

(f)  applying §§ 2(c)-(e), 3, 6(a), and 6(c) of the March 6 Executive Order to prohibit any person from applying for or receiving any benefit under the Immigration and Nationality Act of 1965 if receipt is otherwise lawful, including an immigrant or nonimmigrant visa, lawful permanent resident, asylum, or refugee status, or other adjustment of status;

(g)  denying any person subject to the March 6 Executive Order access to legal counsel of his or her choice;

(h) applying Sections §§ 2(c)-(e), 3, 6(a), and 6(c) of the March 6 Executive Order to instruct any airline or other common carrier to deny passage to any person; and

(i) imposing or threatening to impose any financial penalty on any airline or other common carrier for allowing passage to any person covered by §§ 2(c)-(e), 3, 6(a), and 6(c) of the March 6 Executive Order;

2. Defendants are further ordered to:

(a) within 10 days, submit written guidance for employees, contractors, and agents of U.S. Customs and Border Protection and any other U.S. government entity necessary to ensure full and timely compliance with all terms of this Order to the Court for its review and approval, and, when such approval is granted, immediately issue such guidance;

    (b)  immediately rescind any guidance, directive, memorandum or statement interpreting or applying the March 6 Executive Order that conflicts with any term of this Order;

    (c)  immediately upon its issuance, prominently post a copy of the written guidance required under paragraph 2(a) on government websites, including state.gov and uscis.gov;

    (d)  within 10 days, update all relevant public guidance, documentation, and FAQs to reflect the terms of this Order; and

    (e)  require Defendants to reissue within 10 days any and all visas physically cancelled visas as a result of Executive Order, No. 13,769, issued January 27, 2017, or the March 6 Executive Order (collectively, "the Executive Orders"), to issue any visas that were approved but not issued as a result of the Executive Orders, and to reschedule any consular appointments or interviews cancelled as a result of the Executive Orders.

IT IS SO ORDERED.

Dated: April __, 2017                                _____
                                                   U.S. DISTRICT JUDGE