IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Pars Equality Center, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | No. 1:17-cv-255 (TSC) |
| v. ) | |
| ) | Electronically Filed |
| Donald J. Trump, *et al.*, ) | |
| ) | Hon. Tanya S. Chutkan |
| Defendants, ) | |

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES OF
NATIONAL URBAN LEAGUE AND
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE
FOR LEAVE TO JOIN *AMICI CURIAE* BRIEF**

The National Urban League and the National Association for the Advancement of Colored People, through undersigned counsel, hereby move, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, for leave to join the *amici curiae* brief recently filed by national and regional Civil Rights Organizations, on the side of the Plaintiff.

In support of this Motion, the National Urban League and the National Association for the Advancement of Colored People state as follows:

1. The National Association for the Advancement of Colored People (NAACP) is the nation's largest and oldest civil rights grassroots organization. Since its founding in 1909, the mission of the NAACP has been to ensure the political, educational, social, and economic equality of all persons and to eliminate race based discrimination. The NAACP has fought in the courts for decades to protect the guarantee of equal protection under law. To advance its mission, the NAACP has represented parties in landmark civil rights cases, perhaps most famously in *Brown v. Board of Education of Topeka*, 347 U.S. 483 (1954), which outlawed

34246425.1

segregation in public schools.  The NAACP also has filed numerous *amicus* briefs over its decades of existence in cases that significantly impact minority groups, including *Regents of the University of California v. Bakke*, 438 U.S. 265 (1978) (upholding affirmative action and allowing race to be a factor in college admissions); *Furman v. Georgia*, 408 U.S. 238 (1972) (striking down death penalty schemes in the United States until the case was overturned in 1976); *Loving v. Virginia*, 388 U.S. 1 (1967) (invalidating laws prohibiting interracial marriage); and *Henderson v. United States*, 339 U.S. 816 (1941) (abolishing racial segregation in railroad dining cars).  Recent examples include *amicus* briefs in *Fisher v. University of Texas at Austin*, 579 U.S. __, 136 S. Ct. 2198 (2016) (concerning affirmative action in college admissions); *Obergefell v. Hodges*, 576 U.S. __, 135 S. Ct. 2584 (2015) (ruling that the fundamental right to marry is guaranteed to same-sex couples); *Grutter v. Bollinger*, 539 U.S. 306 (2003) (upholding race-based affirmative action in law school admissions); and *Gratz v. Bollinger*, 539 U.S. 244 (2003) (invalidating more rigid, point-based affirmative action in admissions as akin to a quota system).  Ensuring that government abides by the hard-won guarantee of equal protection for all – including those who practice a particular faith – is a central purpose of the NAACP and its more than 2000 units across the country.

       2.       The National Urban League is a civil rights organization dedicated to empowerment of African Americans to achieve economic parity and racial equality.  Founded in 1910 and headquartered in New York City, the League improves the lives of more than two million people annually across the nation through direct service programs, including education, employment training and placement, housing and health.  The Urban League seeks to ensure our civil rights by actively working to eradicate all barriers to equal participation in all aspects of American society, whether political, economic, social, educational or cultural. As the League's

mission aligns with the Amici's seeking of promotion of civil liberties and elimination of discrimination throughout the country, Amicus National Urban League joins this motion in support of the preliminary injunction.

3. This case, and several other related cases that seek to enjoin President Trump's March 6, 2017 Executive Order, "Protecting the Nation from Foreign Terrorist Entry into the United States," are important, and the participation of Civil Rights Organizations is desirable. The *Amici* are national civil rights groups interested in the promotion of civil liberties throughout the country, and elimination of discrimination in whatever form.

11. A court may grant leave to appear as *amicus curiae* if the information offered is timely and useful. *Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). In *Ellsworth*, the court granted a motion to file an *amicus curiae* brief because the movants "have a special interest in [the] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution" of those issues. *Id.* The NUL and the NAACP respectfully submit that this standard is met here.

12. *Amici*'s proposed brief presents two arguments. First, *amici* submit that the public interest weighs heavily in favor of enjoining President Trump's March 6, 2017 Executive Order, as the Order improperly promotes social categorization and stereotyping that endangers the lives and well-being of individuals of the Muslim faith. Second, this compelling public interest is entirely in keeping with the legal protections that the United States Constitution guarantees those affected by the Order. As Plaintiffs contend, the Executive Order's focus on a religious minority demands strict scrutiny by this Court of whether it violates the equal protection component of the Fifth Amendment's Due Process Clause. However, even if this court were to review the Executive Order under a "rational basis" test, *amici* write separately to

argue that the Order would still violate equal protection.

## Local Civil Rule 7(m) Statement

Undersigned counsel, by email, determined that Jon Greenbaum, counsel for Plaintiff, consented to the filing of this motion. Undersigned counsel sent an email to Daniel S. Schwei, counsel for the Defendant, who indicated that the Government took no position on our request to the filing of this motion.

Respectfully submitted,

*/s/ Lynne Bernabei*
Lynne Bernabei (Bar No. 938936)
Alan R. Kabat (Bar No. 464258)
Christopher Sousa (Bar No. 1018547)
Bernabei & Kabat, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(202) 745-1942
(202) 745-2627 (Fax)

*Counsel for Amici Curiae*

DATED:  March 28, 2017