IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PARS EQUALITY CENTER, *et al.*,     )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )   Civil Action No. 1:17-cv-00255-TSC
                                    )
DONALD J. TRUMP, *in his official*  )
*capacity as President of the*      )
*United States*, *et al.*,          )
                                    )
                Defendants.         )
_____ )

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST TO PRESENT LIVE TESTIMONY AT PRELIMINARY INJUNCTION HEARING**

Plaintiffs have requested permission to present live testimony in connection with their motion for preliminary injunction, *see* ECF No. 73 [hereafter "Pls.' Request"], despite (1) this Court's Local Rules making clear that such testimony is disfavored; (2) the lack of any need for Plaintiffs' proposed testimony; (3) the prejudice that Defendants would suffer from allowing Plaintiffs to belatedly supplement their declarations through live testimony; and (4) the complications associated with scheduling an additional day of proceedings, separate from the actual hearing on Plaintiffs' motion, to allow Plaintiffs to present such testimony. For these reasons, as further explained below, Plaintiffs' request should be denied.

**1.**     Plaintiffs' request wholly fails to mention this Court's Local Rule making clear that "[t]he practice in this jurisdiction is to decide preliminary injunction motions without live testimony where possible." Local Civil Rule 65.1(d); *see also Holiday CVS, LLC v. Holder*, 839 F. Supp. 2d 145, 156 (D.D.C. 2012) ("Local Civil Rule 65.1(d) reflects a policy disfavoring the presentation of live testimony at hearings on preliminary injunction motions[.]").

This presumption is consistent with the general practice in federal courts, where live testimony is necessary only when "facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue[.]" *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312 (11th Cir. 1998). In contrast, "where material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought, district courts generally need not hold an evidentiary hearing." *Id.* at 1313 (collecting Courts of Appeals cases); *see also Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 22, 27 (D.D.C. 2010) (determining "that an evidentiary hearing is not necessary" because "none of these [factual] disputes are material to or directly affect the Court's resolution of Plaintiff's request for interim injunctive relief"); 11A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2949 (3d ed.) ("It seems quite sensible to decide a preliminary-injunction motion on written evidence when no conflict about the facts requires illumination by live testimony.").

Here, Plaintiffs seek to present live testimony from four witnesses, all four of whom have already submitted lengthy declarations in support of Plaintiffs' motion. *See* Pls.' Request at 2; Pls.' Mot. for Prelim. Inj., Exhs. 1-4 (ECF No. 35-2). There is no factual dispute, however, regarding the substantive content of any of the four witnesses' declarations. For example, Defendants do not presently dispute the credibility or veracity of those four witnesses or the content of their declarations.

To be sure, the parties dispute the *legal consequences* that flow from the facts discussed in those witnesses' declarations—*i.e.*, whether the declarations are sufficient to establish the plaintiff organizations' Article III standing to sue. But that is a dispute about the law, not about the underlying facts set forth in the declarations. Thus, there are no "factual issues" or "conflicting affidavits" that could possibly justify the presentation of live testimony. *Autera v. Robinson*, 419

F.2d 1197, 1202 (D.C. Cir. 1969); *see also Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("If no factual dispute is involved . . . no oral hearing is required; under such circumstances the parties need only be given ample opportunity to present their respective views of the legal issues involved.").

**2.** Plaintiffs offer a variety of assertions as to why live testimony is appropriate, none of which is sufficient to overcome this Court's presumption against such testimony.

*First*, Plaintiffs argue that the parties should be permitted to "develop a robust record through live testimony" given "the scope and national importance of Plaintiffs' claims[.]" Pls.' Request at 1-2. But Plaintiffs have already been provided the opportunity to develop a robust record. Indeed, the four witnesses have already submitted over 100 pages of declarations and attachments in connection with Plaintiffs' motion for a preliminary injunction. *See* Pls.' Mot. for Prelim. Inj., Exhs. 1-4 & Atts. 1-2 (ECF No. 35-2). Moreover, although Plaintiffs' claims certainly implicate important issues, it is notable that none of the other courts hearing challenges to the Executive Orders have permitted live testimony in connection with preliminary injunction hearings. Despite the issues' national importance, therefore, Plaintiffs are not entitled to present live testimony on them.

*Second*, Plaintiffs assert that live testimony would be useful to "provide an update on facts that may have changed since the time of Plaintiffs' March 15th filing[.]" Pls.' Request at 2. But Plaintiffs do not identify any material facts that have changed or might change between now and the preliminary-injunction hearing. Nor do Plaintiffs explain why live testimony is necessary to address those changes, as opposed to seeking permission to file supplemental declarations as provided in this Court's Local Rules. *See* Local Civil Rule 65.1(c).

*Third*, Plaintiffs vaguely refer to credibility determinations that would be "beneficial should these issues go up on appeal[.]"  Pls.' Request at 2.  Defendants have not challenged the credibility of the four witnesses, however, but have instead challenged the legal sufficiency of the facts described in the witnesses' declarations.  Thus, no credibility determinations are necessary.

*Finally*, Plaintiffs argue that live testimony is warranted because the Government "has substantially mischaracterized the record" regarding the four organizations' standing and irreparable harm.  Pls.' Request at 2.  That is an argument Plaintiffs were free to advance, and did in fact advance, in connection with their reply brief.  *See* Pls.' Reply Mem. in Supp. of Mot. for Prelim. Inj. (ECF No. 72) at 2-4, 22-23.  And it is also an argument that Plaintiffs are fully capable of addressing on the existing record.  Additional testimony has no bearing on whether Plaintiffs' prior declarations have been mischaracterized.

In short, none of Plaintiffs' proffered justifications supports their request to present live testimony, and certainly none overcomes this Court's presumption against such testimony.  For this reason alone, Plaintiffs' request should be denied because it is "outweighed by considerations of undue delay, waste of time, [and] needless presentation of cumulative evidence."  Local Civil Rule 65.1(d).

**3.** Because Plaintiffs' proposed testimony is not for the purpose of resolving *existing* factual disputes, Plaintiffs are instead seeking to present *new* evidence for the purpose of supplementing their prior declarations.  Allowing Plaintiffs to supplement their prior declarations through live testimony—after Defendants have already responded to Plaintiffs' motion—would be unfairly prejudicial to Defendants.

As discussed above, there can be no question that Plaintiffs have already had ample opportunity to submit evidence; the four witnesses have already submitted over 100 pages of

declarations and attachments. It would be fundamentally unfair to give Plaintiffs yet another opportunity to build a record, particularly through live testimony that Defendants would be required to evaluate and respond to on-the-fly. *See Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 356 (5th Cir. 1971) (recognizing "[t]wo interrelated rights of the defendants," namely "fair notice and an effective opportunity to controvert the facts adduced in support of plaintiffs' motion"); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("[T]he refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter.").

Recognizing the unfairness of surprise evidence, this Court's Local Rules prohibit a party from filing supplemental affidavits without leave of Court. *See* Local Civil Rule 65.1(c) ("Supplemental affidavits either to the application or the opposition may be filed only with permission of the Court."). Similarly, Fed. R. Civ. P. 65(a)(1) requires "notice to the adverse party" before a preliminary injunction may be issued, which the Supreme Court has made clear is for the purpose of ensuring "the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 432-33 n.7 (1974).

Here, given the absence of any genuine disputes of material fact or the need for any credibility determinations, Plaintiffs should not be permitted to, in effect, respond to Defendants' standing arguments by supplementing their 100-plus pages of declarations with live testimony. Allowing Plaintiffs to do so would be unfairly prejudicial to Defendants; it would deny Defendants a meaningful opportunity to review, evaluate, and respond to the additional testimony relied upon by Plaintiffs in support of their motion.

4.     Finally, Plaintiffs' request should be denied because it would unduly complicate these proceedings. Plaintiffs' four proposed witnesses are apparently unavailable on the current hearing date of April 21, and therefore Plaintiffs request that the Court schedule an entirely separate hearing for the witnesses' live testimony. *See* Pls.' Request at 3. The inconvenience of this duplicative, bifurcated schedule surely outweighs whatever minimal value could be gained from allowing Plaintiffs to present live testimony. For both substantive and procedural reasons, therefore, this Court should deny Plaintiffs' request to present live testimony in connection with their motion for a preliminary injunction.

Dated: April 7, 2017                            Respectfully submitted,

                                                        CHAD A. READLER
                                                        Acting Assistant Attorney General

                                                        CHANNING D. PHILLIPS
                                                        United States Attorney

                                                        JOHN R. TYLER
                                                        Assistant Branch Director

                                                        */s/ Daniel Schwei*
                                                        DANIEL SCHWEI (N.Y. Bar)
                                                        MICHELLE R. BENNETT (Co. Bar No. 37050)
                                                        ARJUN GARG (D.C. Bar No. 975335)
                                                        BRAD P. ROSENBERG (D.C. Bar No. 467513)
                                                        Trial Attorneys
                                                        United States Department of Justice
                                                        Civil Division, Federal Programs Branch
                                                        20 Massachusetts Ave. NW
                                                        Washington, DC 20530
                                                        Tel.:   (202) 305-8693
                                                        Fax:   (202) 616-8470
                                                        Email: daniel.s.schwei@usdoj.gov

                                                        Mailing Address:
                                                        Post Office Box 883
                                                        Washington, D.C. 20044

Courier Address:
20 Massachusetts Avenue N.W.
Washington, D.C. 20001

*Counsel for Defendants*
