UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-cv-0255 (TSC) |
| ) | |
| DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| UNIVERSAL MUSLIM ASSOCIATION ) | |
| OF AMERICA, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-cv-0537 (TSC) |
| ) | |
| DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiffs in two related cases challenge the President's Executive Order No. 13,780 ("Second Executive Order") and in both cases have moved for a preliminary injunction. (Pars ECF No. 35; UMAA ECF No 11). The court heard the arguments of counsel at the combined hearing on April 21, 2017. Following the hearing, the court ordered supplemental briefing on the need for a nationwide injunction, particularly as to Sections 2 and 6 of the Second Executive Order, given that these sections of the order have already been enjoined by other courts.[1]

---

[1] *See Hawaiʻi v. Trump*, --- F. Supp. 3d ----, 2017 WL 1011673 (D. Haw. Mar. 15, 2017) (issuing temporary restraining order as to Sections 2 and 6); *Int'l Refugee Assistance Project v. Trump*, --- F. Supp. 3d ----, 2017 WL 1018235 (D. Md. Mar. 16, 2017) (preliminarily enjoining Section 2(c)); *Hawaiʻi v. Trump*, --- F. Supp. 3d ----, 2017 WL 1167383 (D. Haw. Mar. 29, 2017) (converting TRO to a preliminary injunction).

Upon consideration of the parties' submissions, the court is inclined to agree with Plaintiffs that they are likely to succeed on the merits of their claims with respect to Sections 2 and 6 of the Second Executive Order. However, the court recognizes that it must additionally find that Plaintiffs face imminent and certain irreparable harm in order to grant a preliminary injunction. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The existence of two other nationwide injunctions temporarily casts uncertainty on the issue of whether the harms Plaintiffs allege are actually imminent or certain. Because both existing preliminary injunctions are actively being considered on appeal by the Fourth and Ninth Circuits this month and the continued existence of these injunctions will directly impact this court's analysis, the court finds that the most appropriate course of action is to temporarily stay resolution of the Plaintiffs' motions pending the outcome of the current appeals. In the event that both existing injunctions are overturned, this court is prepared to issue a ruling without delay.

On April 4, 2017, this court issued a Minute Order directing Defendants to file their Answer or Motion to Dismiss within fifteen days of this court's decision on the preliminary injunction motions. In order to avoid undue delay in this litigation, the court now orders that this time period shall commence with this filing of today's Order. Accordingly, Defendants' Answers or Motions to Dismiss are due by May 26, 2017, Plaintiffs' Oppositions to any motions are due by June 16, 2017, and Defendants' Replies are due by June 26, 2017.

Date: May 11, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge