**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                                                            )
PARS EQUALITY CENTER, *et al.*,            )
                                                            )
                            Plaintiffs,          )
                                                            )
v.                                                        )         Civil Action No. 1:17-cv-00255-TSC
                                                            )
DONALD J. TRUMP, *in his official*         )
capacity as President of the                    )
United States, *et al.*,                            )
                                                            )
                            Defendants.        )
———————————————————————)
                                                            )
UNIVERSAL MUSLIM ASSOCIATION        )
OF AMERICA, *et al.*,                              )
                                                            )
                            Plaintiffs,          )
                                                            )
v.                                                        )         Civil Action No. 1:17-cv-00537-TSC
                                                            )
DONALD J. TRUMP, *in his official*         )
*capacity as President of the*                  )
*United States*, *et al.*,                          )
                                                            )
                            Defendants.        )
———————————————————————)


**DEFENDANTS' EMERGENCY MOTION TO STAY PROCEEDINGS
PENDING SUPREME COURT REVIEW**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION .......................................................................................................... 1

BACKGROUND ........................................................................................................... 3

ARGUMENT ................................................................................................................ 4

I.     A Stay of Proceedings Would Promote Judicial Economy and Conserve the Parties'
Resources by Awaiting the Supreme Court's Guidance on Important Legal Issues. .......... 4

          A.     Courts Routinely Stay Proceedings to Await Guidance from Appellate
Courts. ....................................................................................................... 4

          B.     Awaiting Supreme Court Guidance Is the Most Efficient Way to Proceed in
These Cases. ............................................................................................... 7

II.    Plaintiffs Will Not Be Harmed By the Proposed Stay. .................................................... 10

CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*Ali v. Trump*,
   No. 2:17-cv-135, 2017 WL 2222873 (W.D. Wash. May 22, 2017) ........................................... 6

*Allina Health Servs. v. Sebelius*,
   756 F. Supp. 2d 61 (D.D.C. 2010) ........................................................................................... 5

*Cal. Ass'n of Health Facilities v. Maxwell-Jolly*,
   No. 10-cv-3259, 2010 WL 2612694 (C.D. Cal. June 24, 2010) ............................................... 6

*Canady v. Erbe Elektromedizin GmbH*,
   271 F. Supp. 2d 64 (D.D.C. 2002) ........................................................................................... 5

*Canal Props., LLC v. Alliant Tax Credit V, Inc.*,
   No. 04-cv-3201, 2005 WL 1562807 (N.D. Cal. June 29, 2005) ............................................... 8

*Cheney v. U.S. Dist. Court for D.C.*,
   542 U.S. 367 (2004)................................................................................................................. 9

*Coombs v. Diguglielmo*,
   No. 04-cv-1841, 2004 WL 1631416 (E.D. Pa. July 21, 2004) ................................................. 6

*Fairview Hosp. v. Leavitt*,
   No. 05-cv-1065, 2007 WL 1521233 (D.D.C. May 22, 2007).................................................... 5

*Felix v. United States*,
   No. 91-0946, 1992 WL 361745 (N.D. Cal. April 29, 1992) ..................................................... 6

*Fonville v. Dist. of Columbia*,
   766 F. Supp. 2d 171 (D.D.C. 2011) ......................................................................................... 5

*Freedom Watch, Inc. v. Dep't of State*,
   925 F. Supp. 2d 55 (D.D.C. 2013) ........................................................................................... 8

*Hawaii v. Trump*,
   No. 17-cv-50, 2017 WL 1167383 (D. Haw. Mar. 29, 2017),
   *appeal docketed*, No. 17-15889 (9th Cir. argued May 15, 2017) ............................................ 2

*Hawaii v. Trump*,
   No. 17-cv-50, 2017 WL 536826 (D. Haw. Feb. 9, 2017) ............................................. 6, 10, 11

*Hussain v. Lewis*,
   848 F. Supp. 2d 1 (D.D.C. 2012) ............................................................................................. 5

*IBT/HERE Emps. Representatives' Council v. Gate Gourmet Div. Americas*,
   402 F. Supp. 2d 289 (D.D.C. 2005) ...................................................................................... 5, 10

*Kerry v. Din*,
   135 S. Ct. 2128 (2015) .......................................................................................................... 7

*Kleindienst v. Mandel*,
   408 U.S. 753 (1972) .......................................................................................................... 7, 9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................................................................. 4

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ............................................................................................... 5

*Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*,
   No. 1:08-cv-135, 2010 WL 567993 (N.D. Ind. Feb. 12, 2010) ................................................. 6

*McCreary Cty. v. ACLU of Ky.*,
   545 U.S. 844 (2005) ............................................................................................................. 9

*Sumler v. Sovran Bank/DC Nat'l*,
   No. 91-cv-3276, 1992 WL 315975 (D.D.C. Oct. 14, 1992) ...................................................... 5

*Tax Analysts & Advocates v. IRS*,
   405 F. Supp. 1065 (D.D.C. 1975) ......................................................................................... 5

*Trump v. International Refugee Assistance Project (IRAP)*,
   --- F.3d ----, 2017 WL 2273306 (4th Cir. May 25, 2017),
   *cert pending*, No. 16-____ (filed June 1, 2017)............................................................. 1, 7, 12

*Univ. of Colo. Health Mem'l Hosp. v. Burwell*,
   No. 14-cv-1220, 2017 WL 535246 (D.D.C. Feb. 9, 2017) ...................................................... 5

*Walker v. Monsanto Co. Pension Plan*,
   472 F. Supp. 2d 1053 (S.D. Ill. 2006) ................................................................................... 6

*Washington v. Trump*,
   No. 2:17-cv-141, 2017 WL 2172020 (W.D. Wash. May 17, 2017) ................................... 6, 9, 11

**REGULATIONS**

Exec. Order No. 13,780, 82 Fed. Reg. 13,209 (Mar. 6, 2017)...................................................... 1

## INTRODUCTION

Defendants respectfully request that this Court stay further proceedings in these matters until the Supreme Court acts on the Government's pending petition for writ of certiorari in *Trump v. International Refugee Assistance Project (IRAP)*, --- F.3d ----, 2017 WL 2273306 (4th Cir. May 25, 2017), *cert. pending*, No. 16-1436 (filed June 1, 2017), and, if certiorari is granted, pending the Supreme Court's ultimate decision on the merits.   Defendants have filed this emergency motion because, absent this relief, Defendants must file motions to dismiss in both cases pending before this Court a week from today, on June 9, 2017.   As described further below, to the extent the Court is inclined to provide Plaintiffs an opportunity to respond to this emergency motion, Defendants respectfully request an immediate stay of the June 9 deadline until one week after the Court decides this stay motion.

In the two cases pending before this Court, Plaintiffs are challenging the President's Executive Order No. 13,780, *Protecting the Nation From Foreign Terrorist Entry Into the United States* (Mar. 6, 2017) ("the Order"), which is the same Order challenged by the plaintiffs in *IRAP*. The *en banc* Fourth Circuit in *IRAP* recently upheld a preliminary injunction against Section 2(c) of the Order.   *See IRAP*, 2017 WL 2273306 at \*26.   Yesterday, the Government filed with the Supreme Court a petition for certiorari in *IRAP*, as well as an application for a stay of the preliminary injunction entered in *IRAP* pending a decision on certiorari and, if review is granted, an ultimate decision on the merits.   *See* No. 16-1436 (filed June 1, 2017) (attached hereto as Exh. A); No. 16A-1190 (filed June 1, 2017) (attached hereto as Exh. B).

Yesterday the Government also filed with the Supreme Court an application for a stay of the preliminary injunction issued by the District of Hawaii against the Order; that preliminary injunction is currently on appeal before the Ninth Circuit.   *See Hawaii v. Trump*, No. 17-cv-50,

2017 WL 1167383 (D. Haw. Mar. 29, 2017), *appeal docketed*, No. 17-15589 (9th Cir. argued May 15, 2017).   The Government's application sought a stay pending the Ninth Circuit's consideration and disposition of the Government's appeal and, if the Ninth Circuit affirms the injunction, pending the filing and disposition of a petition for certiorari and any further proceedings in the Supreme Court.   *See* No. 16A-1191 (filed June 1, 2017) (attached hereto as Exh. C).

In light of the Government's pending petition for certiorari in *IRAP*—and potential future Supreme Court proceedings regarding *Hawaii*—the Supreme Court is now likely to decide questions of law that will bear directly upon the cases pending before this Court.   The Supreme Court's resolution of those fundamental legal questions would govern all future proceedings in this case, if any.   Moving forward in this case prior to potential Supreme Court review, in contrast, will unnecessarily duplicate the proceedings, threaten to create inconsistent rulings, and place significant, unnecessary burdens on both the parties and this Court.   Accordingly, in order to promote judicial economy and preserve the parties' resources, Defendants respectfully request that further proceedings in these cases be stayed pending potential Supreme Court review in *IRAP* (and, if necessary, in *Hawaii*).

Pursuant to Local Civil Rule 7(m), counsel for Defendants contacted counsel for Plaintiffs in both cases, both of whom indicated that their clients oppose this emergency motion and requested that Defendants report their positions as set forth in the attached meet-and-confer correspondence, including that they intend to respond to this motion on or before Wednesday, June 7.   As Defendants proposed in the meet-and-confer correspondence, to the extent the Court is inclined to provide Plaintiffs an opportunity to respond to this emergency motion, Defendants respectfully request an immediate stay of the June 9 deadline for responding to the Complaints, until one week after the Court decides this stay motion.

## BACKGROUND

In *Pars Equality Center v. Trump*, No. 17-cv-255 (D.D.C.), Plaintiffs filed their operative Amended Complaint on March 15, 2017, seeking to challenge the Order on a variety of grounds, including the Establishment Clause. *See* ECF No. 34. Later that day, Plaintiffs also filed a motion for a preliminary injunction against certain sections of the Order. *See* ECF No. 35.

In *Universal Muslim Association of America (UMAA) v. Trump*, No. 17-cv-537 (D.D.C.), Plaintiffs filed their initial Complaint on March 24, 2017, *see* ECF No. 10, and later amended their Complaint on April 11, 2017. *See* ECF No. 32. The Amended Complaint likewise challenges the Order on a variety of grounds, including the Establishment Clause. *See id.* On March 27, 2017, Plaintiffs filed their motion for a preliminary injunction against various sections of the Order. *See* ECF No. 11.

The Court heard combined argument in both cases on April 21, 2017. Following that hearing, the Court directed the parties to file supplemental memoranda regarding the need for preliminary relief given the existence of two nationwide injunctions already entered against the Order. *See* Minute Order of Apr. 21, 2017. Following the parties' supplemental briefs, the Court stayed consideration of Plaintiffs' motions for preliminary injunctions:

> The existence of two other nationwide injunctions temporarily casts uncertainty on the issue of whether the harms Plaintiffs allege are actually imminent or certain. Because both existing preliminary injunctions are actively being considered on appeal by the Fourth and Ninth Circuits this month and the continued existence of these injunctions will directly impact this court's analysis, the court finds that the most appropriate course of action is to temporarily stay resolution of the Plaintiffs' motions pending the outcome of the current appeals. In the event that both existing injunctions are overturned, this court is prepared to issue a ruling without delay.

*Pars* ECF No. 84 at 2, *UMAA* ECF No. 48 at 2.

In that Order, the Court also directed Defendants to respond to the operative complaints in the two cases by May 26, 2017.  *See id.*  That deadline was subsequently extended until June 9, 2017.  *See* Minute Orders of May 22, 2017.

## ARGUMENT

I.   **A Stay of Proceedings Would Promote Judicial Economy and Conserve the Parties' Resources by Awaiting the Supreme Court's Guidance on Important Legal Issues.**

Given the pending petition for certiorari in *IRAP*, and the possibility of future Supreme Court proceedings in *Hawaii*, the cases before this Court should be stayed.  The Government has asked the Supreme Court to decide fundamental legal questions raised by these cases, the resolution of which would govern all future proceedings in these cases, if any.  Given the significant overlap between the legal issues in these cases and the legal issues the Supreme Court may soon decide in *IRAP*, proceeding now—without the benefit of potential Supreme Court guidance—would be a waste of the Court's and the parties' resources.  Consistent with the overwhelming weight of authority, therefore, this Court should stay proceedings in these cases pending potential Supreme Court review.

### A.   **Courts Routinely Stay Proceedings to Await Guidance from Appellate Courts.**

A trial court has broad discretion to stay a case pending the outcome of proceedings in another court.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  Thus, "a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C.

2002) (modifications omitted, quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

Courts within this District routinely stay proceedings where resolution of an appeal in another matter may guide the district court in deciding the issues before it. *See, e.g.*, *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, No. 14-cv-1220, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (finding "good cause to stay this matter" given that "the parties agree that the resolution of [a related case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here"); *Tax Analysts & Advocates v. IRS*, 405 F. Supp. 1065, 1067 (D.D.C. 1975) (staying proceedings because "the Supreme Court could, in effect, overrule [a relevant precedent] should it choose to grant the petition for certiorari"); *cf. Sumler v. Sovran Bank/DC Nat'l*, No. 91-cv-3276, 1992 WL 315975, at *4 (D.D.C. Oct. 14, 1992) (inviting the parties to request a stay because "it may be in the interest of judicial economy to stay these proceedings pending the Supreme Court's decision" in a related matter).[*]

Courts outside this District similarly stay proceedings to await guidance from appellate courts, including when a petition for certiorari has been filed. *See, e.g.*, *Walker v. Monsanto Co.*

---

[*] Even outside the appeal context, courts within this District also routinely grant stays to allow the conclusion of other related proceedings. *See, e.g.*, *Hussain v. Lewis*, 848 F. Supp. 2d 1, 2 (D.D.C. 2012) (staying case pending state court proceedings and arbitration request); *Fonville v. Dist. of Columbia*, 766 F. Supp. 2d 171, 174 (D.D.C. 2011) (staying case pending resolution of litigation in the D.C. Court of Appeals); *Canady*, 271 F. Supp. 2d at 74-75 (granting stay pending ongoing agency proceedings); *IBT/HERE Emps. Representatives' Council*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (staying case pending arbitrator's decision); *Fairview Hosp. v. Leavitt*, No. 05-cv-1065, 2007 WL 1521233 (D.D.C. May 22, 2007) (granting a stay pending district court's resolution of a similar case).

*Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006) (granting a stay pending resolution of a petition for writ of certiorari in case presenting related issue, and collecting cases for the proposition that "such stays are entered quite routinely"); *Cal. Ass'n of Health Facilities v. Maxwell-Jolly*, No. 10-cv-3259, 2010 WL 2612694, at *2 (C.D. Cal. June 24, 2010) (granting a stay pending Supreme Court's decision on a petition for certiorari, because the plaintiffs were challenging the same policy at issue in the case pending before the Supreme Court); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:08-cv-135, 2010 WL 567993, at *1 (N.D. Ind. Feb. 12, 2010) (staying case until outcome of Supreme Court decision, so as to provide the court with "clear direction on the precise standard to be applied" in evaluating the claims in the case); *Coombs v. Diguglielmo*, No. 04-cv-1841, 2004 WL 1631416, at *1 (E.D. Pa. July 21, 2004) (stay granted in light of pending petition for certiorari in case that may have "significant impact" on case before the court); *Felix v. United States*, No. 91-0946, 1992 WL 361745, at *1 (N.D. Cal. April 29, 1992) (stay of proceedings granted to allow government opportunity to consider seeking Supreme Court review of court of appeals' decision).

Consistent with this usual practice, numerous other courts hearing challenges to the Order have also entered stays. Indeed, at least six courts have stayed district court proceedings due to pending appellate proceedings. *See Washington v. Trump*, No. 2:17-cv-141, 2017 WL 2172020 (W.D. Wash. May 17, 2017); *Hawaii v. Trump*, No. 17-cv-50, 2017 WL 536826, at *5 (D. Haw. Feb. 9, 2017) (first Executive Order); *Ali v. Trump*, No. 2:17-cv-135, 2017 WL 2222873 (W.D. Wash. May 22, 2017); *Doe v. Trump*, No. 2:17-cv-178 (W.D. Wash. May 30, 2017), ECF No. 34 (attached hereto as Exh. D); *IRAP v. Trump*, No. 17-cv-361 (D. Md. Apr. 19, 2017), ECF No. 184 (attached hereto as Exh. E); *Sarsour v. Trump*, No. 1:17-cv-120 (E.D. Va. Apr. 24, 2017), ECF No. 42 (attached hereto as Exh. F); *Hawaii v. Trump*, No. 17-cv-50 (D. Haw. Apr. 3, 2017), ECF

No. 279 (attached hereto as Exh. G) (second Executive Order).  Just as those six courts stayed proceedings due to the prospect of binding appellate decisions, this Court should likewise stay proceedings pending potential Supreme Court review.

**B.      Awaiting Supreme Court Guidance Is the Most Efficient Way to Proceed in These Cases.**

As the above courts have recognized, it makes eminent sense for a district court to refrain from deciding the very same issues that may soon be resolved by a binding appellate court.

Here, there can be no doubt about the significant overlap between the legal issues raised in these cases and the legal issues the Supreme Court may soon decide in *IRAP*.  Just as with the two cases pending before this Court, *IRAP* also involves questions regarding:  an individual's standing to sue over the potential exclusion of foreign national family members (*see* 2017 WL 2273306 at *9-13); the scope of the doctrine of consular non-reviewability (*see id.* at *13); the appropriate application of the Supreme Court's decisions in *Kleindienst v. Mandel*, 408 U.S. 753 (1972), and *Kerry v. Din*, 135 S. Ct. 2128 (2015) (*see* 2017 WL 2273306 at *14-18); and the appropriate application of domestic Establishment Clause precedents (*see id.* at *18-24).  Thus, any decision by the Supreme Court in *IRAP* is certain to be highly relevant—if not entirely dispositive—of the legal issues currently confronting this Court.

Indeed, Plaintiffs themselves have previously acknowledged that the core issues in *Pars* and *UMAA* largely overlap with the issues presented in *IRAP* and other cases.  *See* Pls.' Suppl. PI Mem. (*Pars* ECF No. 80, *UMAA* ECF No. 42) at 5 ("[I]f the Supreme Court hears challenges to the March 6 Executive Order at the preliminary-injunction stage, the *PARS* and *UMAA* cases present important complements to the Hawaii and Maryland suits." (citation omitted)); *id.* at 4 (urging this Court to decide the preliminary-injunction motions because "reasoned opinions by multiple courts will develop the law on, and *aid any Supreme Court review of*, the critically

-7-

important questions here about invidious religious and national-origin discrimination and the scope of executive authority" (emphasis added)); *see also* Tr. of PI Hr'g of Apr. 21, 2017 at 7 (discussing "if and when this case goes to the Supreme Court").  As Plaintiffs' own statements acknowledge, therefore, it is likely that the Supreme Court will grant review over these fundamental legal issues. *See also* Exh. B (Gov't's Appl. for Stay, *Trump v. IRAP*, No. 16A-1190) at 18-22 (explaining why the Supreme Court is likely to grant review in the *IRAP* case).  Accordingly, now that the Government has asked the Supreme Court to decide these critical issues, this Court should stay further proceedings in both *Pars* and *UMAA*.

If the Court were to deny a stay here, that would unnecessarily waste the Court's and the parties' resources, and would threaten to complicate future stages of the proceeding.  First, the parties would be required to brief and litigate a motion to dismiss—even though the motion to dismiss would present many of the same legal arguments the Government has asked the Supreme Court to decide.  That briefing process, and this Court's consideration of the motion, would itself be wasteful.  *Cf. Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (granting a stay "[n]ot needing more lawyers to spend more time on more briefs on more subjects"); *Canal Props. LLC v. Alliant Tax Credit V, Inc.*, No. 04-cv-3201, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005) (exercising the "power to stay duplicative litigation" because "given the similarity of issues in the two cases, and the potential for [the case on appeal]'s preclusive effect, it would be a poor use of judicial resources to proceed").

Moreover, if the Court were to deny the motion to dismiss—as it has tentatively signaled, *see Pars* ECF No. 84 at 2, *UMAA* ECF No. 48 at 2 ("the court is inclined to agree with Plaintiffs that they are likely to succeed on the merits of their claims with respect to Sections 2 and 6 of the Second Executive Order")—denial of that motion would not itself resolve Plaintiffs' claims or

provide them any relief.  Instead, denial of that motion would only require the parties to move into the next stage of the litigation—increasing the burden on the parties still further.  And depending on what Plaintiffs propose as the next stage of the litigation, *cf.* UMAA's Reply Br. (ECF No. 38) at 16 (asserting that "eventual discovery will show that no advice from national-security professionals was sought and no 'different course' was considered, much less adopted"), that could embroil the parties and the Court in significant and time-consuming disputes regarding the appropriate scope of discovery (if any).

Of course, the next stage of the proceedings would also depend on resolution of certain fundamental questions governing these cases, which the Supreme Court may soon decide.  For example, is a court's review of the Order limited to determining whether the four corners provide a "facially legitimate and bona fide reason" for the policy, *Kleindienst*, 408 U.S. at 770, or may courts undertake a more searching review?  Even if a court could look beyond the four corners of the Order, would an objective observer's determination of purpose be limited to "openly available data" such as official acts, *McCreary Cty. v. ACLU of Ky.*, 545 U.S. 844, 862-63 (2005), or would consideration of internal government documents be permitted?  These types of foundational questions are critical for determining the scope of any future proceedings in these cases, and thus it makes eminent sense to wait for the Supreme Court's potential guidance on such questions.  As Judge Robart in the Western District of Washington noted, "this factor weighs heavily in favor of granting Defendants' motion for a stay" because "[i]n the context of this case, the 'high respect' owed to the Executive warrants a stay to protect Defendants from the burden of resource intensive discovery while the Ninth Circuit addresses issues that may inform the appropriateness, scope, and necessity of that discovery." *Washington v. Trump*, 2017 WL 2172020, at *4 (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 385 (2004))).

Finally, moving forward now—despite the uncertainty inherent in not awaiting potential Supreme Court review—would create a "risk of inconsistent rulings that the appellate courts might then need to disentangle." *Hawaii v. Trump*, 2017 WL 536826, at *5. For example, a future Supreme Court ruling could "change[] the applicable law or the relevant landscape of facts that need to be developed," *id.*, such that any intervening rulings by this Court will be nullified or will be need to be made anew. Even if this Court were to decide the motions to dismiss or undertake further proceedings in these cases, therefore, all of it could be for naught—if the Supreme Court grants review and then articulates the governing legal framework for these cases, this Court (or an appellate court) would then have to go back and re-analyze everything to ensure those prior decisions are consistent with the Supreme Court's decision.

In short, it is impossible to escape how a decision by the Supreme Court would permeate every aspect of these cases. And given the likelihood of Supreme Court review, in these circumstances it is far more efficient—and far less burdensome on the parties and the Court—to stay proceedings pending potential Supreme Court review. *Cf. IBT/HERE Emps. Representatives' Council*, 402 F. Supp. 2d at 293 (granting a stay when a decision in a separate proceeding "may affect the parties' understanding of the scope of this case going forward, may reorient the parties' arguments, may catalyze a settlement of this matter, . . . or may resolve the issues raised in this lawsuit in their entirety"). Consistent with the overwhelming weight of authority—including from other courts hearing challenges to the Order—this Court should likewise stay further proceedings pending potential Supreme Court review.

## II.      Plaintiffs Will Not Be Harmed By the Proposed Stay.

In contrast to the significant waste of resources that will occur if this case proceeds, Plaintiffs will not suffer any harm from a stay. Indeed, this Court has already determined that

"[t]he existence of two other nationwide injunctions temporarily casts uncertainty on the issue of whether the harms Plaintiffs allege are actually imminent or certain."  *Pars* ECF No. 84 at 2, *UMAA* ECF No. 48 at 2.  And the Court has likewise stated that "[i]n the event that both existing injunctions are overturned, this court is prepared to issue a ruling without delay."  *Id.*  That would remain true even if the Court entered a stay of future district court proceedings; the stay would not prevent the Court from entering preliminary relief if appropriate, and thus Plaintiffs cannot complain of any prejudice resulting from the stay itself.

Moreover, Defendants' proposed stay is of a limited duration.  All of these cases, including *IRAP* and *Hawaii*, have been moving extremely quickly.  In *IRAP*, for example, litigating the entire case—from the filing of the Complaint to resolution by the *en banc* Fourth Circuit—took under three months.  The Government is also moving expeditiously in the Supreme Court, filing its petition for certiorari only four business days after the *en banc* Fourth Circuit issued its opinion (which, in total, was over 200 pages in length).  Given the speed of these proceedings, the Government's requested stay is reasonable in length and will not prejudice Plaintiffs.  *See Hawaii v. Trump*, 2017 WL 536826, at *3 ("[T]he expedited timeline of appellate proceedings that has already been on display before the Ninth Circuit in the Western District of Washington case indicates that any delay in this case pending resolution of that appeal will be reasonable in length. And if that does not turn out to be the case, any party may petition the Court to lift or partially lift the stay for good cause[.]"); *see also Washington v. Trump*, 2017 WL 2172020, at *4.  Thus, all factors weigh squarely in favor of a stay of these proceedings.

## CONCLUSION

The Court should stay further proceedings in this matter until the Supreme Court acts on the Government's pending petition for writ of certiorari in *Trump v. International Refugee*

*Assistance Project (IRAP)*, --- F.3d ----, 2017 WL 2273306 (4th Cir. May 25, 2017), *cert. pending*, No. 16-1436 (filed June 1, 2017), and, if certiorari is granted, pending the Supreme Court's ultimate decision on the merits.  To the extent the Ninth Circuit affirms the injunction at issue in *Trump v. Hawaii*, No. 17-15589 (9th Cir. argued May 15, 2017), this stay should also encompass the filing and disposition of a petition for writ of certiorari, and any further proceedings in the Supreme Court, regarding that injunction.  A proposed order is attached.

Dated: June 2, 2017                                  Respectfully submitted,

                                                     CHAD A. READLER
                                                     Acting Assistant Attorney General

                                                     CHANNING D. PHILLIPS
                                                     United States Attorney

                                                     JOHN R. TYLER
                                                     Assistant Branch Director

                                                     */s/  Daniel Schwei*
                                                     DANIEL SCHWEI (N.Y. Bar)
                                                     MICHELLE R. BENNETT (Co. Bar No. 37050)
                                                     ARJUN GARG (D.C. Bar No. 975335)
                                                     BRAD P. ROSENBERG (D.C. Bar No. 467513)
                                                     Trial Attorneys
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     20 Massachusetts Ave NW
                                                     Washington DC 20530
                                                     Tel: (202) 305-8693
                                                     Fax: (202) 616-8470
                                                     E-mail: daniel.s.schwei@usdoj.gov

                                                     *Attorneys for Defendants*