**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:17-cv-00255-TSC<br>) |
| DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| UNIVERSAL MUSLIM ASSOCIATION OF AMERICA, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:17-cv-00537-TSC<br>) |
| DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

# Exhibit I:

Order Regarding Proceedings in
*Ozinga v. Dep't of Health & Human Servs.*,
No. 13-cv-3292 (N.D. Ill. Aug. 14, 2013)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Martin Ozinga III, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | No. 13 C 3292 |
| v. | ) ) | Judge Thomas M. Durkin |
| U.S. Department of Health & Human Services, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Defendants move to stay all further proceedings in this case pending the Seventh Circuit's ruling in *Korte v. Sebelius*, No. 12-3841 (7th Cir.), and *Grote v. Sebelius*, No. 12-1077 (7th Cir.). R. 17. For the following reasons, Defendants' motion to stay is granted.

**Background**

Plaintiffs—eight members of the Ozinga family and their privately-held, for-profit business, Ozinga Bros., Inc.—challenge certain provisions of the Patient Protection and Affordable Care Act ("ACA"). As in *Korte* and *Grote*, this case involves the ACA's requirement that nongrandfathered and nonexempt group health insurance plans cover certain preventive health services without cost sharing, 42 U.S.C. § 300gg-13(a)(4), and regulations promulgated by the U.S. Department of Health and Human Services specifying that the required coverage must include all FDA-approved contraceptive methods and sterilization procedures. 45 C.F.R. § 147.130. Plaintiffs argue that these ACA provisions contradict their

1

Christian beliefs (and the "foundational ethos" of their for-profit business) and violate the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA"), the First and Fifth Amendments of the United States Constitution, and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*

On July 16, 2013, the Court entered a preliminary injunction enjoining Defendants from enforcing the relevant ACA provisions and regulations against Plaintiffs until 30 days after the Seventh Circuit issues any mandate denying injunctive relief in *Korte* and *Grote*. R. 16. Defendants have not yet answered or otherwise responded to Plaintiffs' complaint in this case.

## Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (ii) whether a stay will simplify the issues in question and streamline the trial; and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharm. Prods., Inc. v. Atrix Labs, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). "[I]f there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Indeed, the court "must weigh competing interests and maintain an even

balance." *Id.* (citing *Kansas City S. R. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

Courts in this district have recognized that when two related cases are pending in separate federal courts, either of those courts may exercise that inherent power to stay the proceedings before it in deference to the related action. *See GE Bus. Fin. Servs. Inc. v. Spratt*, 2009 WL 1064608, at *1 (N.D. Ill. Apr. 20, 2009); *Whirlpool Fin. Corp. v. Metropolis Capital Grp.*, 1991 WL 212112, at *3 (N.D. Ill. Oct. 7, 1991). Indeed, this Court has a "duty . . . to avoid duplicative litigation in more than one federal court." *Whirlpool*, 1991 WL 212112, at *3 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002) ("A federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court, either federal or state."). Therefore, the Seventh Circuit not surprisingly has advised that "[a] district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

**Analysis**

Defendants argue that the Court should stay the proceedings here pending the Seventh Circuit's resolution of the *Korte* and *Grote* appeals, which involve similar issues, namely plaintiffs from for-profit businesses challenging the validity

3

and constitutionality of the same provisions of the ACA. The Seventh Circuit consolidated the appeals in *Korte* and *Grote* and heard oral arguments on May 22, 2013. In both *Korte* and *Grote*, the district courts denied the plaintiffs' motions for preliminary injunctions, which sought to enjoin the defendants from enforcing the ACA's contraception mandate against the plaintiffs' businesses. Defendants argue that the Seventh Circuit's decision in *Korte* and *Grote* will address issues at the heart of this case, and that briefing a motion to dismiss in this Court before the Seventh Circuit rules would be a waste of resources.

The Court agrees that a stay is warranted. First, a stay will promote judicial economy by avoiding duplicative litigation, simplifying the issues in question, and reducing the burden of litigation on the parties and the Court. This case is materially similar to *Korte* and *Grote*—the defendants are the same and all of the plaintiffs represent for-profit companies seeking to escape the ACA's contraception mandate. Because a motion for preliminary injunction requires a court to assess the likelihood of success on the merits, the Seventh Circuit will likely address issues such as: (i) whether a for-profit corporation can exercise religion under the RFRA; (ii) whether a mandate upon a corporation can impose a substantial burden on a corporation's owners under the RFRA; (iii) whether any such burden on the owners would be too attenuated to constitute a "substantial" burden under the RFRA; and (iv) whether the legislature narrowly tailored the ACA's mandate to serve compelling government interests. Each of these issues will be material to, and potentially dispositive of, the issues raised here. It would be a waste of resources to

4

require the parties to brief these issues now under pre-*Korte* and *Grote* case law and for this Court to prematurely proceed in this case only to risk issuing an opinion inconsistent with the Seventh Circuit's forthcoming ruling in *Korte* and *Grote*. The better approach is to await the Seventh Circuit's guidance.

Second, Plaintiffs do not demonstrate any prejudice or hardship from staying this matter. The Court has already entered a preliminary injunction staying the enforcement of the ACA's contraception mandate against Plaintiffs until 30 days after the Seventh Circuit issues any mandate denying injunctive relief in *Korte* and *Grote*. Plaintiffs cite the hardship and uncertainty this matter poses to their business, but that uncertainty will exist whether this case proceeds immediately or not. Indeed, the bulk of that uncertainty at this stage hinges on how the Seventh Circuit ultimately resolves the pending *Korte* and *Grote* appeals.

In opposing a stay, Plaintiffs argue that Defendants' motion assumes that the government will ultimately prevail in *Korte* and *Grote*. The Court disagrees. Regardless of where the Seventh Circuit ends up, its ruling would still provide valuable guidance to this Court and could greatly streamline this case. The Seventh Circuit's forthcoming ruling in *Korte* and *Grote* could just as easily benefit Plaintiffs in this case as opposed to Defendants.

Plaintiffs also argue that this case is not substantially similar to *Korte* and *Grote*. Although there are certainly some factual differences between the plaintiffs in each case, the cases still share substantially similar fact patterns and central

5

legal issues. The resolution of *Korte* and *Grote* will therefore inform the Court's decision in this case and narrow the issues which it must resolve.

Finally, the Court notes that many of Plaintiffs' exact arguments for opposing a stay were considered and rejected in *Triune Health Group, Inc. v. U.S. Dep't of Health & Human Servs., Inc.*, No. 12 C 6756, R. 64 (N.D. Ill. Apr. 2, 2013) (St. Eve, J.). *Triune* involved another challenge to the ACA's contraception mandate. Notably, *Triune* was even further along than this case—a fully-briefed motion to dismiss was pending. Nonetheless, the court stayed the case until the Seventh Circuit issues its decision and denied the motion to dismiss without prejudice, indicating that it would give the parties sufficient time to refile the motion once the Seventh Circuit provides additional guidance. R. 65. The court's approach in *Triune* readily illustrates the folly of allowing the parties here to begin briefing a motion to dismiss while the *Korte* and *Grote* appeals are still pending. That briefing would almost certainly be rendered obsolete once the Seventh Circuit rules, and the parties would inevitably have to engage in additional rounds of supplemental briefing to address the Seventh Circuit's forthcoming ruling.

**Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to stay. The Court will therefore stay these proceedings until the Seventh Circuit issues a decision in *Korte* and *Grote*.

6

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: August 14, 2013

7