**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*, </br></br> Plaintiffs, </br></br> v. </br></br> DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*, </br></br> Defendants. | Civil Action No. 1:17-cv-00255-TSC |
| UNIVERSAL MUSLIM ASSOCIATION OF AMERICA, *et al.*, </br></br> Plaintiffs, </br></br> v. </br></br> DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*, </br></br> Defendants. | Civil Action No. 1:17-cv-00537-TSC |

# Exhibit J:

Order Regarding Proceedings in
*Triune Health Group, Inc. v. Dep't of Health & Human Servs.*,
No. 12-cv-6756 (N.D. Ill. Apr. 2, 2013)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6756 | **DATE** | 4/2/2013 |
| **CASE TITLE** | Triune Health Group, Inc et al vs. U.S. Dept of Health & Human Services et al | | |

**DOCKET ENTRY TEXT**

The Court grants Defendants' motion to stay [58]. The Court will stay the proceedings until the Seventh Circuit issues a decision in *Korte v. Sebelius*, No. 12-3841 (7th Cir.), and *Grote v. Sebelius*, No. 12-1077 (7th Cir.). Status hearing set for 4/17/13 is stricken and reset to 7/16/13 at 8:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendants, Kathleen Sebelius, *et al.*, move to stay all further proceedings in this case pending the Seventh Circuit 's ruling in *Korte v. Sebelius*, No. 12-3841 (7th Cir.), and *Grote v. Sebelius*, No. 12-1077 (7th Cir.). (R. 58, Mot.) For the following reasons, the Court grants Defendants' motion.

### BACKGROUND

Plaintiffs, Christopher and Mary Anne Yep, challenge the validity and constitutionality of certain provisions of the 2010 Patient Protection and Affordable Care Act ("the PPACA"). Plaintiffs, who own Triune Health Group Inc. ("Triune"), a for-profit corporation, argue that the provisions of the PPACA which require Triune to provide health care coverage for preventative care for women are "wholly at odds with their religious and moral values and sincere religious beliefs and sacred commitments." (R. 21, Amend. Compl. ¶ 5); *see also* 42 U.S.C. § 300gg-13(a)(4). The provisions require Triune to provide a group health plan covering the full rang of Food and Drug Administration approved contraceptive methods, sterilization procedures, and to provide education and counseling with respect to these matters for all women with reproductive capacity. (Id. ¶ 40); *see also* 42 U.S.C. § 300gg-13(a)(4); 45 C.F.R. § 147.130. Plaintiffs argue that these provisions, which contradict their Roman Catholic beliefs, violate the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA"), the First and Fifth Amendments of the United States Constitution, and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, No. 03, C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). "[I]f there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Indeed, the Court "must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. R. Co. v. United States*, 282 U.S. 760, 763, 51 S. Ct. 304, 305, 306, 75 L. Ed. 684 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382, 55 S. Ct. 310, 311, 79 L. Ed. 440(1935)).

Courts in this district have recognized that when two related cases are pending in separate federal courts, either of those courts may exercise that inherent power to stay the proceedings before it in deference to the related action. *See GE Bus. Fin'l Servs. Inc. v. Spratt*, 2009 WL 1064608, at *1 (N.D. Ill. Apr. 20, 2009); *Whirlpool Fin. Corp. v. Metropolis Capital Grp.*, 1991 WL 212112, at *3 (N.D. Ill. Oct. 7, 1991). Indeed, this Court has a "duty . . . to avoid duplicative litigation in more than one federal court." *Whirlpool Fin. Corp.*, No. 90 C 5845, 1991 WL 212112, at *3 (citing *Co. River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L .Ed.2d 483 (1976)); *see also CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002) ("A federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court, either federal or state.") Therefore, the Seventh Circuit not surprisingly has advised that "[a] district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

## ANALYSIS

Defendants argue that the Court should stay the proceedings here pending the Seventh Circuit's resolution of appeals pending in *Korte* and *Grote,* which involve similar issues, namely plaintiffs from for-profit, secular corporations challenging the validity and constitutionality of the same provisions of the PPACA. The Seventh Circuit consolidated the appeals in *Korte* and *Grote*, which both involve the same defendants as this case. In both *Korte* and *Grote*, the district courts denied the plaintiffs' motions for preliminary injunction, which sought to enjoin the defendants from enforcing the contraception mandate of the PPACA against the plaintiff corporation. On January 3, 2013, the Court granted Plaintiff's motion for a preliminary injunction in light of the Seventh Circuit's grant of a preliminary injunction pending appeal in *Korte*. (R. 49, Prel. Inj. Ord.) The Court has yet to rule on Defendants' pending motion to dismiss, and Defendants argue that the Seventh Circuit's decision in *Korte* and *Grote* will address issues at the heart of that motion and this case . (R. 24, MTD.)

Indeed, as noted in the Court's preliminary injunction order, this case is materially similar to *Korte* and *Grote*. Although the specific plaintiffs in each case differ, they are substantially similar because each plaintiff represents a for-profit, secular company seeking to escape the PPACA's preventative care mandate on the grounds that it interferes with and burdens the religious beliefs of the company's owners. The plaintiff companies here, as in *Korte* and *Grote*, do not qualify for any type of religious or other exemption from the PPACA's mandate.

Even though the Seven Circuit will not determine the merits of the underlying claims in *Korte* and *Grote*, as it will only review orders denying motions for preliminary injunctions, its decision will address issues material to the resolution of this case. It would, therefore, be a waste of judicial resources for this Court to prematurely proceed in this case only to risk issuing an opinion inconsistent with precedent the Seventh Circuit creates shortly thereafter. Indeed, because a motion for preliminary injunction requires a court to assess the likelihood of success on the merits, the Seventh Circuit will likely address issues such as: (1) whether a for-profit, secular corporation can exercise religion under the RFRA; (2) whether a mandate upon a corporation can impose a substantial burden on a corporation's owners under the RFRA; (3) whether any such burden on the owners would be too attenuated to constitute a "substantial" burden under the RFRA; (4) whether the legislature narrowly tailored the PPACA's mandate to serve compelling governmental interests. Each of these issues will be material to, if not dispositive of, the pending motion to dismiss in this case. The Court, therefore, will await the binding guidance of the Seventh Circuit's resolution of *Korte* and *Grote*, which the parties have briefed.

Contrary to the Court's preliminary injunction order, Plaintiffs argue that *Korte* and *Grote* do not present substantially similar issues because there are some factual differences. (Resp. at 7.) These potential differences, such as how closely each privately owned corporation is held, may result in different ultimate outcomes on the merits in *Korte* and *Grote* than here. The cases still, however, share substantially similar fact-patterns and central legal issues. The resolution of *Korte* and *Grote* will, therefore, inform the Court's decisions in this case and potentially narrow the issues which it must resolve.

Furthermore, Plaintiffs do not demonstrate any prejudice or hardship requiring the Court to deny Defendants' motion to stay. Rather, Plaintiffs offer two misguided arguments. First, Plaintiffs contend that Defendants' motion to stay seeks reconsideration of issues the Court already addressed in the motion for preliminary injunction. (R. 61, Resp. at 1.) Defendants, however, are not asking the Court to reconsider its previous decision, but ask the Court to postpone its ruling on the motion to dismiss and other matters.

Second, Plaintiffs miss the mark by arguing that the Court has the ability to maintain jurisdiction while awaiting ruling on an interlocutory appeal. (Resp. at 2.) Defendants, however, are not asking the Court to stay the proceedings pending the Seventh Circuit's resolution of the interlocutory appeal in this case. Rather, Defendants argue that, for the sake of efficiency and conservation of judicial resources, this Court should stay proceedings in this case pending the resolution in a parallel proceeding pending in the Seventh Circuit.

Indeed, the only hardships Plaintiffs allege are that (1) they have to face the uncertainty of seeking out health plans without understanding what the law requires; and (2) the Plaintiffs face accumulated potential fines if the Court does not grant a permanent injunction. (Resp. at 9.) Waiting for guidance from the Seventh Circuit, rather than plowing ahead only to face possibly reversal and further delay, promotes judicial economy and efficiency for this case. It does not, therefore, create an undue hardship of unnecessarily prolonged uncertainty. These alleged hardships, therefore, do not necessitate denial of the stay.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to stay. The Court, therefore, will stay the proceedings until the Seventh Circuit issues a decision in *Korte* and *Grote*.