UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-cv-0255 (TSC) |
| ) | |
| DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| UNIVERSAL MUSLIM ASSOCIATION ) | |
| OF AMERICA, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-cv-0537 (TSC) |
| ) | |
| DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the court are Defendants' motions to stay proceedings pending the outcome of the Government's petition for certiorari and request for expedited review in *International Refugee Assistance Project v. Trump*. (Pars ECF No. 87; UMAA ECF No. 51). Plaintiffs in both cases oppose staying the proceedings. (Pars ECF No. 88; UMAA ECF No. 52). After careful consideration of the parties' arguments, and for the reasons stated below, the court finds that a stay is warranted and GRANTS the motions.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). Therefore, "[a] trial court has broad discretion to stay all proceedings in an action pending the resolution of

1

independent proceedings elsewhere." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (citing *Landis*, 299 U.S. at 254). However, a court may not "order[] a stay 'of indefinite duration in the absence of a pressing need.'" *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 255).

In both of these cases, a stay pending the result of the Supreme Court's decision is the most appropriate path for conserving the court's resources and adjudicating these cases in the most efficient manner possible. Most significant to the court in making this determination is the substantial overlap between the legal issues present here and those that the Supreme Court may itself soon decide. Importantly, this stay is not indefinite, but instead will last only until the Supreme Court reaches a final decision either by denying the Government's petition or by issuing a ruling on the merits. Though Plaintiffs argue that they may be harmed by a stay of proceedings, the court notes that the operative sections of the Executive Order remain preliminarily enjoined following the recent decisions from the Fourth and Ninth Circuits. *See Int'l Refugee Assistance Project v. Trump*, 857 F.3d 554 (4th Cir. 2017); *Hawai'i v. Trump*, --- F.3d ----, 2017 WL 2529640 (9th Cir. June 12, 2017).

Within seven days of the Supreme Court's final decision—either denial of the petition or ruling on the merits—the parties shall jointly submit a proposed schedule for proceeding with these cases. In light of this court's decision to stay proceedings in both of these cases, the court also hereby denies without prejudice the parties' pending motions for preliminary injunctions. If circumstances change prior to the Supreme Court issuing its final decision, any party may file a motion to lift the stay and may then re-file a motion for a preliminary injunction.

Date: June 20, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge