**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PARS EQUALITY CENTER, IRANIAN AMERICAN BAR ASSOCIATION, NATIONAL IRANIAN AMERICAN COUNCIL, PUBLIC AFFAIRS ALLIANCE OF IRANIAN AMERICANS, INC., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP et al., <br><br> *Defendants*. | No. 17-cv-255 (TSC) <br><br> Electronically Filed <br><br> Hon. Tanya S. Chutkan |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY AND FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This Court previously found that Plaintiffs were likely to succeed on the merits in this case, but stayed the case pending appeals of injunctions entered by two other courts enjoining the Travel Ban. Now, at least two individual plaintiffs who seek refuge from persecution—Jane Does #8 and #9—no longer have that protection, and they face imminent, dire, and irreparable injury. Accordingly, Plaintiffs request that the Court lift the stay and enter a temporary restraining order and preliminary injunction enjoining Defendants from enforcing §§ 2(c) and 6(a) of the March 6 Executive Order against Jane Does #8 and #9, as well as others similarly situated—*i.e.*, refugee applicants who have no "credible claim of a bona fide relationship with a person or entity in the United States." To avoid irreparable harm to these individuals, we ask that the Court award this relief no later than 10 a.m. on June 29, 2017.

On June 20, 2017, this Court granted Defendants' motion to stay proceedings pending the Supreme Court's final disposition of *Trump v. IRAP*, whether denial of certiorari or a decision on the merits. The Court noted that "the operative sections of the Executive Order remain preliminary enjoined following the recent decisions of the Fourth and Ninth Circuits." ECF 91 at 2. In light of its decision to stay proceedings, the Court also denied Plaintiffs' motion for preliminary injunction without prejudice, but advised that "[i]f circumstances change prior to the Supreme Court issuing its final decision, any party may file a motion to lift the stay and may then re-file a motion for preliminary injunction." *Id.*

Likewise, in its earlier order of May 11, 2017, the Court stated that Plaintiffs "are likely to succeed on the merits of their claims with respect to Sections 2 and 6 of the Second Executive Order," but temporarily stayed resolution of Plaintiffs' motion for preliminary injunctions in light of the existing injunctions entered in *IRAP* and *Trump v. Hawaii*. *Id.* The Court effectively determined that Plaintiffs had satisfied each of the prerequisites for preliminary relief, except irreparable harm. *See* ECF 84 at 2; ECF 35-1 at 24–45 (addressing factors set forth in *Winter v.*

1

*Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 24 (2008)).  As for irreparable harm, the Court stated that "[t]he existence of two other nationwide injunctions temporarily casts uncertainty on the issue of whether the harms Plaintiffs allege are actually imminent or certain."  ECF 84 at 2.  But the Court assured Plaintiffs that "[i]n the event that both existing injunctions are overturned, this court is prepared to issue a ruling without delay."  ECF 84 at 2.

On June 26, 2017, the Supreme Court granted certiorari in *IRAP* and *Hawaii* and granted in part the Government's motion to stay the injunctions upheld by the Fourth and Ninth Circuits.  *Trump v. IRAP*, Nos. 16-1436 (16A1190) and 16-1540 (16A1191), slip op. 12–13 (U.S. June 26, 2017) (per curiam).  The Court narrowed those injunctions, keeping them in place only as to "parties similarly situated to" the plaintiffs in the *IRAP* and *Hawaii* cases—*i.e.*, people or entities in the United States who have relationships with foreign nationals abroad, and whose rights might be affected if those foreign nationals were excluded from this country.  *Id.* at 9, 12.

In practical effect, under the Supreme Court's ruling, the Executive Order may not be enforced against parties who "have a credible claim of a bona fide relationship with a person or entity in the United States."  *Id.* at 12.  All other foreign nationals, however, are now subject to the challenged provisions of the Executive Order, *id.* at 12–13, because, the Supreme Court reasoned, "the courts below did not conclude that exclusion in such circumstances would impose any legally relevant hardship," *id.* at 11.  As none of the plaintiffs in the cases before the Supreme Court were visa or refugee applicants lacking a "credible claim to a bona fide relationship" to a U.S. person or entity, the lower courts could not properly determine and weigh in the balance of interests the hardships such applicants will suffer if the Executive Order is enforced against them.  The Supreme Court did not rule out that such individuals could have a cognizable interest in some circumstances, but reasoned that in the cases before the Court, those interests were "less concrete" than the interests of parties "similarly situated" to the Maryland

2

and Hawaii plaintiffs presenting particularized claims. *Id.* at 10–11. Accordingly, the Supreme Court's decision reflects the uncontroversial principle that courts should tailor injunctive relief to the actual parties and issues before them. *See id.* at 9–10 (quoting 11A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2947, at 115 (3d ed. 2013)).

In light of the Supreme Court's denial of the Government's motion to stay the injunctions as to individuals with connections to the United States, Plaintiffs expect that Defendants will comply with the Fourth and Ninth Circuit injunctions and that, as a result, most of the individual plaintiffs here will be afforded the relief they seek.[1] The Supreme Court's narrowing of these injunctions, however, now exposes at least two plaintiffs in this case—and others similarly situated—to imminent irreparable harm. In this case, unlike the *IRAP* and *Hawaii* cases, at least two Plaintiffs—Jane Does #8 and #9—are refugee applicants who do not have immediate family, or offers to work or study, in the United States. When the Executive Order takes effect at 10 a.m. on June 29, 2017, these Plaintiffs stand to suffer concrete and irreparable harm.

Jane Does #8 and #9 are two Iranian women in a committed same-sex relationship, and they seek refuge in the United States from persecution on the basis of their sexual orientation and gender identity. Decl. of Jane Doe #8 ¶¶ 11, 24–25 (attached as Exhibit 1); Decl. of Jane Doe #9 ¶¶ 10, 23–24 (attached as Exhibit 2).[2] Homosexuality is a crime in Iran, and can be punishable by death. *See* M. Bearak & D. Cameron, *Here are the 10 countries where homosexuality may be punished by death*, Wash. Post, June 16, 2016. The suspension of decisions on applications for refugee status leaves Jane Does #8 and #9—and many others like them fleeing persecution in

---

[1] If, however, the Defendants continue to deny Plaintiffs relief, Plaintiffs reserve the right to return to this Court with a request for specific relief tailored to their individual cases.

[2] Plaintiffs John Does #7 and #8 are probably similarly situated, but counsel have not been able to contact them to discern whether they desire to participate in this stage of the litigation.

their home countries—at great personal risk.  Likewise, the Organizational Plaintiffs work to advance the interests of, and fight discrimination against, Iranians and Iranian Americans.  Pars Equality Center, in particular, provides social and legal services to facilitate the social, cultural, and economic integration of refugees into their United States communities.  ECF 35-2, Ex. 1 ¶¶ 3, 11, 15, 38–40.  The Organizational Plaintiffs have already been forced to divert a great deal of their resources from their programs since the first Executive Order was signed, and these harms will certainly increase when the Government begins enforcing the Travel Ban.  *See generally*, ECF 35-2, Exs. 1–4; 4/18/17 Hr'g Tr.  These kinds of concrete hardships were not presented in the cases before the Supreme Court.

Plaintiffs and others like them face concrete and cognizable hardship—hardships which greatly outweigh Defendants' purported national security interests.  To be sure, the Supreme Court recognized that the national security interests of the United States were at their peak when dealing with refugees and visa applicants lacking any U.S. connection.  But the Court was not able actually to balance the competing interests—including refugee applicants' interests in being free from violent political and social persecution, torture, and death, and the Organizational Plaintiffs' interests in pursuing their missions—because no party properly represented the interests of those groups.  And, significantly, lacking any counterweight, the Supreme Court did not have occasion to assess the *bona fides* of the Administration's national-security rationale—a rationale that Plaintiffs here have amply shown to be pretext for discriminatory animus.  On the other side of the ledger, Defendants are not substantially burdened by the status quo (which has been in place for months since the Western District of Washington enjoined the January 27 Executive Order), especially considering that nothing is stopping the Government from carrying out its review now.  And the public has a strong interest avoiding the sort of chaos seen at airports when the first Executive Order went into effect, and in permitting refugee applicants

who have been fully vetted to enter the United States—in accordance with our obligations under international law and the highest ideals upon which our country was founded.

Accordingly, the Supreme Court's decision to limit relief to those "similarly situated" to the plaintiffs in the *IRAP* and *Hawaii* cases poses no limitation on this Court's ability to enter preliminary relief to Jane Does #8 and #9 and others similarly situated to them, to prevent the concrete and irreparable harm that they otherwise will suffer if the Executive Order's provisions take full effect with respect to them on June 29, 2017. As set forth more fully in Plaintiffs' prior submissions, they are likely to succeed on the merits; they face irreparable harm; and the equities and public interest balance in their favor. *See, e.g.*, ECF 35-1 at 24–45.

## CONCLUSION

Anticipating the possibility that the nationwide injunctions could be lifted, this Court told Plaintiffs that, facing the prospect of irreparable harm, they could renew their motion for preliminary injunctive relief at that time. Now, that contingency has occurred as to at least two of the Plaintiffs. Having already established the other predicates for injunctive relief, in particular likelihood of success on the merits, these Plaintiffs now incontestably establish the remaining requirement of irreparable injury.

Plaintiffs' motion to lift the stay and for a temporary restraining order and preliminary injunction should be granted. The Court should enjoin enforcement of §§ 2(c) and 6(a) of the Executive Order with respect to individuals, like Jane Does #8 and #9, who are refugee applicants with no "credible claim of a bona fide relationship with a person or entity in the United States."

Dated:  June 28, 2017

Cyrus Mehri (D.C. Bar # 420970)
Joanna K. Wasik (D.C. Bar # 1027916)
Amelia Friedman (D.C. Bar # 1033583)
MEHRI & SKALET, PLLC
1250 Connecticut Ave., NW
Suite 300
Washington, DC 20036
(202) 822-5100
(202) 822-4997 (fax)
cmehri@findjustice.com

Kristen Clarke (D.C. Bar # 973885)
Jon Greenbaum (D.C. Bar # 489887)
LAWYERS' COMMITTEE FOR
  CIVIL RIGHTS UNDER LAW
1401 New York Ave., NW
Suite 400
Washington, DC 20005
(202) 662-8600
(202) 783-0857 (fax)
jgreenbaum@lawyerscommittee.org

Adrienne D. Boyd*
ARNOLD & PORTER
  KAYE SCHOLER LLP
Suite 4400
370 Seventh Street
Denver, CO 80202
(303) 863-1000
(303) 832-0428 (fax)
adrienne.boyd@apks.com

*Pro hac vice motion pending

Respectfully submitted,

/s/ John A. Freedman
John A. Freedman (D.C. Bar # 453075)
David P. Gersch (D.C. Bar # 367469)
R. Stanton Jones (D.C. Bar # 987088)
Nancy L. Perkins (D.C. Bar # 421574)
Ronald A. Schechter (D.C. Bar # 245019)
Robert N. Weiner (D.C. Bar # 298133)
Samuel M. Witten (D.C. Bar # 378008)
Sally L. Pei (D.C. Bar # 1030194)
Sonia Tabriz (D.C. Bar # 1025020)
Stephen K. Wirth (D.C. Bar # 1034038)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (fax)
john.freedman@apks.com

Christopher M. Odell*
ARNOLD & PORTER
  KAYE SCHOLER LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002
(713) 576-2400
(713) 576-2499 (fax)
christopher.odell@apks.com

Susan S. Hu*
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
(303) 836-8689 (fax)
susan.hu@apks.com

*Counsel for Plaintiffs*

6

2

## LOCAL RULE 65.1(a) CERTIFICATION

I hereby certify that on June 27, 2017, I gave actual notice to Defendants of this motion. *See* Ex. 3.  I further certify that on June 28, 2017, I electronically filed the foregoing document with the United States District Court for the District of Columbia by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 28, 2018                                                                    s/ John A. Freedman
                                                                                                    John A. Freedman

2