IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, IRANIAN AMERICAN BAR ASSOCIATION, NATIONAL IRANIAN AMERICAN COUNCIL, PUBLIC AFFAIRS ALLIANCE OF IRANIAN AMERICANS, INC., et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP et al.,<br><br>        Defendants. | Civil Action No. 1:17-cv-255<br><br>Hon. Tanya S. Chutkan |

**PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO LIFT THE STAY AND FOR A PRELIMINARY INJUNCTION**

Plaintiffs hereby respectfully submit additional information in support of their June 27, 2017 Motion to Lift the Stay and for a Preliminary Injunction.  ECF 92.  Plaintiffs' motion seeks to enjoin enforcement of §§ 2(c) and 6(a) of the March 6 Executive Order as it applies to refugees.

    1.  The Government began enforcing the Travel Ban as to refugees on June 29, 2017 under §§ 2(c) and 6(a) of the March 6 Executive Order.  *See* U.S. Dep't of State, Office of the Spokesperson, *Question Taken at the June 29, 2017 Daily Press Briefing*, "The 120-day Suspension of the Refugee Admissions Program," *available at* https://www.state.gov/r/pa/prs/ps/2017/06/272319.htm.

    2.  In implementing the Travel Ban, the Government has taken an unnecessarily rigid and narrow view of the Supreme Court's June 26 decision, both generally and as specifically applied to refugees—deeming categorically that certain relationships are "bona fide" and others are not.

For example, on June 30, the Department of State Bureau of Population, Refugees, and Migration issued guidance stating that:

> a. refugee admissions to the United States will be limited to individuals who can establish a "bona fide relationship with a person in the United States,"
>
> b. "grandparents, grandchildren, aunts, uncles, nieces, nephews, cousins, brothers-in-law and sisters-in-law, and any other 'extended' family members . . . do not qualify . . . as bona fide relationships," and
>
> c. "the fact that a resettlement agency in the United States has provided a formal assurance for a refugee seeking admission . . . is not sufficient in and of itself to establish a qualifying relationship."

*See* U.S. Dep't of State, Bureau of Population, Refugees & Migration, *Information Regarding the U.S. Refugee Admissions Program: Fact Sheet* (June 30, 2017), *available at* https://www.state.gov/j/prm/releases/factsheets/2017/272316.htm.

The Government's implementation of the June 26 decision is arbitrary and capricious. Moreover, as applied to refugees, it is almost nonsensical. Many refugees fleeing persecution in their home countries—including Jane Does #7 and #8—do not have familial relationships with persons in the United States of the sort the State Department now purports to require.

For this reason, refugees have never been required to establish such familial relationships as a condition for admission to the United States. Rather, our laws have recognized "that it is the historic policy of the United States to respond to the urgent needs of persons subject to persecution in their homelands, including . . . to promote opportunities for . . . admission to this country of refugees of special humanitarian concern to the United States" and "to provide a

permanent and systematic procedure for the admission to this country of refugees of special humanitarian concerns." Refugee Act of 1980 §101.

    3.  The Travel Ban has already prevented refugees who had been thoroughly vetted and approved for admission to the United States from travelling to the United States.  Since the Travel Ban has been implemented, the Organizational Plaintiffs have received information about a number of refugees who have been affected.

    For example, IABA has been contacted by Reza Zoghi, an Iranian political dissident who has been repeatedly imprisoned and tortured by the Iranian government.  Mr. Zoghi executed a declaration today, which is submitted as Exhibit 4.  Mr. Zoghi, his wife, and three year-old daughter are currently living as refugees in Turkey.  They completed their screening interviews with the U.S. Refugee Assistance Program and U.S. Customs and Immigration Service during the summer of 2016.  After delays caused in part by the Government's suspension of refugee processing following the January 27 Executive Order, Mr. Zoghi's family had their final medical screenings in April 2017, as well as their three-day cultural orientation for admission to the United States.  *See* Exhibit 4-A.  The medical screenings are valid for six months.  *See* Centers for Disease Control and Prevention, *Medical Examination: Frequently Asked Questions (FAQs)*, https://www.cdc.gov/immigrantrefugeehealth/exams/medical-examination-faqs.html.  They have been assigned a sponsor in Minnesota, and were awaiting issuance of their travel documentation when the Government implemented the Travel Ban on June 29.

    As described in his declaration, Mr. Zoghi's situation in Turkey is precarious.  The Turkish government has previously deported Mr. Zoghi back to Iran, and Mr. Zoghi would almost certainly face imprisonment and torture if he is sent back again.

\*   \*   \*

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Lift the Stay and for a Preliminary Injunction.

Dated:  July 4, 2017                                       Respectfully submitted,

|  |  |
|---|---|
| | /s/ John A. Freedman |
| Cyrus Mehri (D.C. Bar # 420970) | John A. Freedman (D.C. Bar # 453075) |
| Joanna K. Wasik (D.C. Bar # 1027916) | David P. Gersch (D.C. Bar # 367469) |
| Amelia Friedman (D.C. Bar # 1033583) | R. Stanton Jones (D.C. Bar # 987088) |
| MEHRI & SKALET, PLLC | Nancy L. Perkins (D.C. Bar # 421574) |
| 1250 Connecticut Ave., NW | Ronald A. Schechter (D.C. Bar # 245019) |
| Suite 300 | Robert N. Weiner (D.C. Bar # 298133) |
| Washington, DC 20036 | Samuel M. Witten (D.C. Bar # 378008) |
| (202) 822-5100 | Sally L. Pei (D.C. Bar # 1030194) |
| (202) 822-4997 (fax) | Sonia Tabriz (D.C. Bar # 1025020) |
| cmehri@findjustice.com | Stephen K. Wirth (D.C. Bar # 1034038) |
| | ARNOLD & PORTER |
| Kristen Clarke (D.C. Bar # 973885) |   KAYE SCHOLER LLP |
| Jon Greenbaum (D.C. Bar # 489887) | 601 Massachusetts Ave., NW |
| LAWYERS' COMMITTEE FOR | Washington, DC 20001 |
|   CIVIL RIGHTS UNDER LAW | (202) 942-5000 |
| 1401 New York Ave., NW | (202) 942-5999 (fax) |
| Suite 400 | john.freedman@apks.com |
| Washington, DC 20005 | |
| (202) 662-8600 | Christopher M. Odell\* |
| (202) 783-0857 (fax) | ARNOLD & PORTER |
| jgreenbaum@lawyerscommittee.org |   KAYE SCHOLER LLP |
| | 700 Louisiana Street, Suite 1600 |
| | Houston, TX  77002 |
| | (713) 576-2400 |
| | (713) 576-2499 (fax) |
| | christopher.odell@apks.com |
| | |
| | *Counsel for Plaintiffs* |
| | |
| | \**Pro hac vice* motion pending |