IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, IRANIAN AMERICAN BAR ASSOCIATION, NATIONAL IRANIAN AMERICAN COUNCIL, PUBLIC AFFAIRS ALLIANCE OF IRANIAN AMERICANS, INC., et al., *Plaintiffs*, v. DONALD J. TRUMP et al., *Defendants*. | No. 17-cv-255 (TSC) Electronically Filed Hon. Tanya S. Chutkan |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs write to bring to this Court's attention the attached order, issued by the U.S. District Court for the District of Hawaiʻi on July 13, 2017 in *State of Hawaii v. Trump*, No. 17-00050 DKW-KSC, granting in part and denying in part the *Hawaii* plaintiffs' motion to enforce or, in the alternative, to modify the scope of the district court's existing preliminary injunction. The district court modified the existing injunction to enjoin the government from "[a]pplying section 2(c), 6(a) and 6(b) of Executive Order 13,780 to exclude grandparents, grandchildren, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and cousins of persons in the United States," and "refugees who: (i) have a formal assurance from an agency within the United States that the agency will provide, or ensure the provision of, reception and placement services to that refugee; or (ii) are in the U.S. Refugee Admissions Program through the Lautenberg Program." *Id.* at 26.

The *Hawaii* court's order confirms that the Government fundamentally misconstrued aspects of the Supreme Court's decision. The court concluded that the Government's interpretation of "close familial relationship" was "unduly restrictive" and found no support in either the Supreme Court's ruling or in immigration law. Ex. A at 11-15. The court also explained that the Supreme Court's decision provided no basis for the Government's position that an assurance from a U.S. refugee resettlement agency was not "the type of bona fide relationship contemplated by the Supreme Court." *Id.* at 17. This ruling rejects the Government's attempt to interpret the Supreme Court's order as narrowly as possible and ensures that more individuals will enjoy the protections of the existing injunctions. This buttresses Plaintiffs' contention, in its prior submissions, that the Government's interpretation of the Supreme Court's ruling to foreclose relief for Jane Does #8 and #9 and Mr. Zoghi, as well as similarly situated refugees. *See* Pls.' Reply in Support of Mot. to Lift the Stay and for Temporary Restraining Order and Preliminary Injunction, ECF No. 97 (July 7, 2017).

1

A preliminary injunction remains necessary in this case because the *Hawaii* court's order does nothing to address the irreparable harm faced by Jane Does #8 and 9. Jane Does #8 and #9 live in poverty and continue to live in fear of physical violence on the basis of their sexual orientation and gender identity each and every day they spend in rural Turkey; Jane Doe #9 was already raped once while living in exile there. Decl. of Jane Doe #8, ECF No. 92-2, ¶¶ 9, 11; Decl. of Jane Doe #9, ECF No. 92-3, ¶¶ 8-10. They have been designated as refugees by UNHCR and their application for admission to the U.S. Refugee Admissions Program is pending, but they do not have a "formal assurance" from an agency within the United States, and thus are still subject to the Government's ongoing enforcement of Executive Order 13,780.

Moreover, the Government is likely to appeal the *Hawaii* district court's order imminently, making it all but certain that the Supreme Court will soon face the issue of the Executive Order's application to refugees. It is therefore critically important that the Supreme Court have before it a full complement of parties—including refugee plaintiffs—to be able to properly evaluate the issues and balance the harms. *See* Pls.' Mem. in Support of Mot. to Lift the Stay and for Temporary Restraining Order and Preliminary Injunction, ECF No. 92-1 (June 28, 2017). Accordingly, to ensure that happens, this Court should grant Plaintiffs' motion to lift the stay and enter a preliminary injunction in this case.

Dated: July 14, 2017

Cyrus Mehri (D.C. Bar # 420970)
Joanna K. Wasik (D.C. Bar # 1027916)
Amelia Friedman (D.C. Bar # 1033583)
MEHRI & SKALET, PLLC
1250 Connecticut Ave., NW
Suite 300
Washington, DC 20036
(202) 822-5100
(202) 822-4997 (fax)
cmehri@findjustice.com

Kristen Clarke (D.C. Bar # 973885)
Jon Greenbaum (D.C. Bar # 489887)
LAWYERS' COMMITTEE FOR
  CIVIL RIGHTS UNDER LAW
1401 New York Ave., NW
Suite 400
Washington, DC 20005
(202) 662-8600
(202) 783-0857 (fax)
jgreenbaum@lawyerscommittee.org

Susan S. Hu*
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-7430
(212) 836-8689 (fax)
susan.hu@apks.com

\* admitted *pro hac vice*

Respectfully submitted,

/s/ John A. Freedman
John A. Freedman (D.C. Bar # 453075)
David P. Gersch (D.C. Bar # 367469)
R. Stanton Jones (D.C. Bar # 987088)
Nancy L. Perkins (D.C. Bar # 421574)
Ronald A. Schechter (D.C. Bar # 245019)
Robert N. Weiner (D.C. Bar # 298133)
Samuel M. Witten (D.C. Bar # 378008)
Sally L. Pei (D.C. Bar # 1030194)
Sonia Tabriz (D.C. Bar # 1025020)
Stephen K. Wirth (D.C. Bar # 1034038)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (fax)
john.freedman@apks.com

Christopher M. Odell*
ARNOLD & PORTER
  KAYE SCHOLER LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002
(713) 576-2400
(713) 576-2499 (fax)
christopher.odell@apks.com

Adrienne D. Boyd*
ARNOLD & PORTER
  KAYE SCHOLER LLP
Suite 4400
370 Seventh Street
Denver, CO 80202
(303) 863-1000
(303) 832-0428 (fax)
adrienne.boyd@apks.com

*Counsel for Plaintiffs*