IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PARS EQUALITY CENTER, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:17-cv-00255-TSC |
| DONALD J. TRUMP, *in his official* capacity as President of the United States, *et al.*, ) | |
| Defendants. ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully notify the Court of the Supreme Court's recent order in *Hawaii v. Trump*. As this Court is aware, the district court in that case had entered a nationwide preliminary injunction that, among other things, enjoined enforcement of the refugee provisions contained in Sections 6(a) and 6(b) of Executive Order No. 13,780. In granting certiorari in that case, the Supreme Court stayed the district court's preliminary injunction regarding those provisions, save for "refugee[s] who can credibly claim a bona fide relationship with a person or entity in the United States." *Trump v. Hawaii*, 137 S. Ct. 2080, 2089 (2017).

Plaintiffs in this case have asked this Court to lift its stay and enter a Temporary Restraining Order. *See* ECF No. 92. Plaintiffs assert that an injunction is necessary to prevent the Government from enforcing the Executive Order against two refugees, Jane Does Nos. 8 and 9, as well as other, similar "refugee applicants who have no 'credible claim of a bona fide relationship with a person or entity in the United States.'" Pls.' Mem. at 2, ECF No. 92-1. Plaintiffs subsequently notified this Court of supplemental authority when the district court in *Hawaii v. Trump* granted-in-part

and denied-in-part the Hawaii plaintiffs' motion to enforce or modify the preliminary injunction in light of the Supreme Court's stay. *See* Notice of Supplemental Authority, ECF No. 99. The Hawaii plaintiffs asserted that an assurance from a refugee resettlement agency, by itself, was sufficient to create a qualifying bona fide relationship between a refugee and a U.S.-based entity. The district court agreed with the Hawaii plaintiffs and granted their motion to modify the preliminary injunction with respect to that issue. Plaintiffs here then filed their Notice of Supplemental Authority, asserting that the Hawaii court "explained that the Supreme Court's decision provided no basis for the Government's position that an assurance from a U.S. refugee resettlement agency was not the type of bona fide relationship contemplated by the Supreme Court." Notice at 1 (quotation omitted). As Plaintiffs concede, Jane Does Nos. 8 and 9 lack any such assurances. *Id.* at 2.

   The Government sought review of the district court's decision before both the Ninth Circuit and the Supreme Court. Earlier today, the Supreme Court stayed the district court's order modifying its preliminary injunction "with respect to refugees covered by a formal assurance" pending resolution of the Government's appeal to the Ninth Circuit. A copy of that Order is attached hereto.

Dated: July 19, 2017                            Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

JOHN R. TYLER
Assistant Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG
(D.C. BAR NO. 467513)
DANIEL SCHWEI
(N.Y. Bar)
MICHELLE R. BENNETT
(Co. Bar No. 37050)
ARJUN GARG
(D.C. Bar No. 975335)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530

Tel.:  (202) 514-3374
Fax:  (202) 616-8460
Email: brad.rosenberg@usdoj.gov

*Counsel for Defendants*