UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PARS EQUALITY CENTER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 17-cv-0255 (TSC) |
| DONALD J. TRUMP, *et al.*, | ) ) | |
| Defendants. | ) ) ) ) | |

### ORDER

Plaintiffs filed this suit in February seeking a preliminary injunction prohibiting implementation of Executive Order No. 13,769, and subsequently of Executive Order No. 13,780, both of which restricted entry to the United States of certain foreign nationals. After a combined motions hearing on April 21, 2017, in this case and in *Universal Muslim Association of America, Inc., v. Donald Trump*, No. 17-cv-537, the court stayed both preliminary injunction requests, pending appeals in the Fourth and Ninth Circuits of injunctions entered by courts in those circuits of all or parts of E.O. No. 13,780.

While this court's most recent stay was in effect, the government filed a petition for writ of certiorari with the Supreme Court seeking review of the Fourth Circuit's decision in *Trump v. International Refugee Assistance Project (IRAP)*, 857 F.3d 554 (4th Cir. May 25, 2017), and asked this court to stay the case until the Supreme Court's resolution of the certiorari petition, and, if certiorari were granted, until the Supreme Court's ultimate decision on the merits. (ECF No. 87).

The court granted the motion to stay proceedings in both cases, finding a "substantial overlap between the legal issues present here and those that the Supreme Court may itself soon

decide." (Order Granting Motion to Stay, ECF No. 91). The court ordered the parties to submit a proposed schedule for proceeding with the cases within seven days of the Supreme Court's final decision either denying the certiorari petition or ruling on the merits, and indicated that "[i]f circumstances change prior to the Supreme Court issuing its final decision, any party may file a motion to lift the stay and may then re-file a motion for a preliminary injunction." (*Id.*).

On June 26, 2017, the Supreme Court granted the government's petitions for certiorari in the Fourth and Ninth Circuit cases and granted in part the government's motion to stay the preliminary injunctions at issue pending resolution of the merits after the Court's hearing argument during the October 2017 term. *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080 (2017). The Court granted the stay of section 2(c) of E.O. No. 13,780 "with respect to foreign nationals who lack any bona fide relationship with a person or entity in the United States," and left the injunctions in place "with respect to respondents and those similarly situated," who had relationships with people or entities in the United States "whose rights might be affected if those foreign nationals were excluded." *Id.* at 2087. The Court reasoned that the lower courts erred when enjoining section 2(c) with respect to "foreign nationals abroad who have no connection to the United States at all," because "[d]enying entry to such a foreign national does not burden any American party by reason of that party's relationship with the foreign national," and "the courts below did not conclude that exclusion . . . would impose any legally relevant hardship on the foreign national himself." *Id.* at 2088. In addition, the Court noted that "the Government's interest in enforcing § 2(c), and the Executive's authority to do so, are undoubtedly at their peak when there is no tie between the foreign national and the United States." *Id.* The Court concluded, "[t]o prevent the Government from pursuing [the objective of preserving national security] by enforcing § 2(c) against foreign nationals unconnected to the United States would appreciably injure its interests, without alleviating obvious hardship to anyone else." *Id.*

2

Two days after the Supreme Court's order, Plaintiffs in *Pars Equality Center* filed a motion asking this court to lift the stay and for a temporary restraining order or preliminary injunction. Finding the standards for a temporary restraining order were not met, the court invited the government to respond, and the motions for a stay and preliminary injunction are now before the court.

Plaintiffs state that "at least two individual plaintiffs who seek refuge from persecution—Jane Does #8 and #9—no longer have [the protection of the nationwide preliminary injunctions entered by other courts], and they face imminent, dire, and irreparable injury." (Pls. Mem. in Supp. Mot. to Lift Stay at 1, ECF No. 92-1). Jane Does #8 and #9 are Iranian women currently residing in Turkey and seeking refugee admission to the United States to escape sexual orientation persecution in Iran. (*Id*. Exs. 2, 3). Plaintiffs argue that because "none of the plaintiffs in the cases before the Supreme Court were visa or refugee applicants lacking a 'credible claim to a bona fide relationship' to a U.S. person or entity, the lower courts could not properly determine and weigh in [on] the balance of interests the hardships such applicants will suffer if the Executive Order is enforced against them." (*Id.* at 2).

Plaintiffs interpret the Supreme Court's order to have "not rule[d] out" that the interests of individuals without a bona fide relationship to a person or entity in the United States "could have a cognizable interest in some circumstances," and claim that the Court instead "reasoned that in the cases before the Court, those interests were 'less concrete.'" (*Id*.)

Plaintiffs suggest this court could enjoin the government from implementing E.O. No. 13,780 with respect to the two women and "others similarly situated" without running afoul of the Supreme Court's order. This court disagrees. Plaintiffs argue that "the Court was not able actually to balance the competing interests" of refugee applicants with no relationship to the United States with the government's national security interests "because no party properly represented the interests of those groups." (*Id.* at 4). But this court finds Plaintiffs' argument

3

foreclosed by the plain language of the Supreme Court's Order.  The Court addressed the injunction upheld by the Ninth Circuit, which extended "to bar enforcement of the § 6(a) suspension of refugee admissions and the § 6(b) refugee cap," and found the same equitable balance that applied to section 2(c) also applied to section 6(a) and (b).  *Trump v. IRAP*, 137 S. Ct. at 2089.  The Court wrote:

> An American individual or entity that has a bona fide relationship with a particular person seeking to enter the country as a refugee can legitimately claim concrete hardship if that person is excluded.  As to these individuals and entities, we do not disturb the injunction.  But when it comes to refugees who lack any such connection to the United States, for the reasons we have set out, the balance tips in favor of the Government's compelling need to provide for the Nation's security.

*Id.*  This language makes clear that the Court *did* balance the equities with regard to refugees lacking a connection to the United States, such as Jane Does #8 and #9, and concluded that such individuals were not entitled to preliminary relief at this time.  This court therefore has no authority to grant the relief requested.

Plaintiffs argue that the Supreme Court's Order applied only to the "individuals or organizations before the Court," and "because the hardships of refugees who lack a bona fide connection with a U.S. person or entity was not litigated before the lower courts, the Supreme Court found it improper to include them in the equitable balance."  (Pls. Reply at 1, 2).  But the Court's language belies such an inference or conclusion.  The Court considered the Government's stay request as to the entire Executive Order, and determined that the Order would remain enjoined as to some groups of individuals but the injunctions would be stayed as to other groups of individuals.  The Court did not leave any group of individuals unaddressed, and could not have, because its decision on the stay request established the status quo between the date of its Order and the date of its ultimate ruling on the merits.[1]  The Court's categorical

---

[1] As for Plaintiffs' references to the interests of the organizational plaintiffs in this case, those interests do not provide this court any more opportunity to contravene the Supreme Court's Order than do the individual plaintiffs.  Regardless of whether the organizational plaintiffs have

4

determinations did not rely only on the specific record in the cases before it, but rather also on its own equitable judgment, *Trump v. IRAP*, 137 S. Ct. at 2087, which this court will not disturb.

For the reasons stated, the motion to lift the stay and for a preliminary injunction is hereby DENIED.[2]

Date:  July 19, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

standing, this court has determined that the Supreme Court's Order definitely resolves the matter of the state of enforcement of Executive Order No. 13,780 between the date of the Court's Order and the date of the Court's ultimate decision on the merits.  Plaintiffs' arguments about the hardships faced by the organizational plaintiffs and the absence of any such hardships in the cases presented before the Supreme Court do not alter this conclusion.

[2]  As for Plaintiffs' final argument that Jane Does #8 and #9 in fact have bona fide relationships with entities in the United States (Pls. Reply at 3 n.2), the Executive Order would in that case remain enjoined with respect to them and this court can order no additional relief.

5