IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, IRANIAN AMERICAN BAR ASSOCIATION, PUBLIC AFFAIRS ALLIANCE OF IRANIAN AMERICANS, INC., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP et al.,<br><br>*Defendants*. | No. 17-cv-255 (TSC)<br><br>Electronically Filed<br><br>Hon. Tanya S. Chutkan |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION TO LIFT STAY AND RELATED RELIEF**

When this Court found that plaintiffs were likely to succeed here on the merits, but stayed the case pending the Supreme Court's decision on the injunctions entered by two other courts, the Court's order included a caveat. It provided that "if circumstances change prior to the Supreme Court issuing its final decision, any party may file a motion to lift the stay and may then re-file a motion for preliminary injunction." ECF No. 91. Circumstances have changed. Therefore, as provided in this Court's June 20, 2017 Order (ECF No. 91), Plaintiffs respectfully ask the Court to lift the stay, permit plaintiffs to file an amended complaint (attached hereto as Exhibit 1) and re-file their motion for a preliminary injunction to enjoin enforcement of the President's September 24, 2017 Proclamation, and set an expedited schedule for resolution of that motion.

The President's September 24 Proclamation, among other things, *indefinitely* bans *all* immigrant and almost all nonimmigrant visas to Iranian nationals and bans all immigrant visas and many non-immigrant visas to the nationals of five other majority-Muslim nations. Last Thursday (on October 5), the government -- citing the September 24 Proclamation -- asked that the injunctions currently in place be lifted, with no provisions to allow visas for individuals with bona fide relationships with entities or individuals in the United States. The September 24 Proclamation will take effect at 12:01 a.m. Eastern Daylight Time on October 18, 2017.

Plaintiffs request that the Court set a schedule allowing a ruling upon a renewed request for injunctive relief before the September 24 Proclamation becomes effective on October 18. Plaintiffs are prepared to re-file for a preliminary injunction as soon as the court lifts the stay.

## BACKGROUND

On June 20, 2017, this Court granted Defendants' motion to stay these proceedings pending disposition of the Government's petition for certiorari in *IRAP v. Trump*. The Court noted that "the operative sections of the Executive Order remain preliminary enjoined following

1

the recent decisions of the Fourth and Ninth Circuits." ECF 91 at 2.  In light of its decision to stay proceedings, the Court also denied Plaintiffs' motion for preliminary injunction without prejudice, but advised that "[i]f circumstances change prior to the Supreme Court issuing its final decision, any party may file a motion to lift the stay and may then re-file a motion for preliminary injunction." *Id.*  Likewise, in its earlier decision on May 11, 2017, staying its determination of Plaintiffs' motion for preliminary injunction, the Court agreed with Plaintiffs that they "are likely to succeed on the merits of their claims with respect to Sections 2 and 6 of the Second Executive Order," but temporarily stayed its decision in light of the overlapping injunctions entered in the *IRAP* and *Hawaii* cases by the U.S. District Courts for Maryland and Hawaii, respectively.  *Id.*  The Court effectively determined that Plaintiffs had met all the prerequisites for preliminary relief, except irreparable harm.  *See* ECF 84 at 2; ECF 35-1 at 24–45 (addressing factors set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 24 (2008)).  As to that prerequisite, the Court stated that "[t]he existence of two other nationwide injunctions temporarily casts uncertainty on the issue of whether the harms Plaintiffs allege are actually imminent or certain." ECF 84 at 2.  But the Court assured Plaintiffs that "[i]n the event that both existing injunctions are overturned, this court is prepared to issue a ruling without delay." ECF 84 at 2.

On June 26, 2017, the Supreme Court granted certiorari in *IRAP* and granted in part the Government's motion to stay the overlapping injunctions upheld by the Fourth and Ninth Circuits.  *IRAP v. Trump*, Nos. 16-1436 (16A1190) and 16-1540 (16A1191), slip op. 12–13 (U.S. June 26, 2017).  The Court narrowed those existing injunctions, keeping them in place only as to "parties similarly situated to" the plaintiffs in the *IRAP* and *Hawaii* cases—*i.e.*, people or entities in the United States who have relationships with foreign nationals abroad, and whose rights might be affected if those foreign nationals were excluded.  The practical effect of the

2

order was to bar enforcement of the Executive Order against parties who "have a credible claim of a bona fide relationship with a person or entity in the United States." *Id.* at 12.

On September 24, 2017, before the Supreme Court resolved the government's appeal of the preliminary injunction, President Trump issued the September 24 Proclamation. Effective October 18, the proclamation will indefinitely bar issuance of <u>all</u> immigrant and <u>almost all</u> non-immigrant visas to Iranian nationals. The proclamation also bars issuance of immigrant visas and many types of nonimmigrant visas to nationals of five other majority-Muslim countries. It also bars entry by North Korean nationals (nine of whom received immigrant visas in 2016) and Venezuelan government officials who work for five specific ministries (collectively, a tiny fraction of those affected by the September 24 Proclamation).

Following the September 24 Proclamation, on October 5, the government asked the Supreme Court to vacate the current injunctions and dismiss the case as moot.

Since the September 24 Proclamation, Plaintiffs have comprehensively assessed how the Proclamation affects them and other Iranian-Americans. The review was a difficult transnational process, which plaintiffs conducted expeditiously. The review showed that the September 24 Proclamation would continue to, and in many cases, exacerbate the harm inflicted by the prior Executive Orders. Plaintiffs therefore, decided to challenge the September 24 Proclamation and file this motion.

## ARGUMENT

### A. This Court Should Lift the Stay

This Court has inherent power and discretion to lift the stay. *See, e.g., Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003). This Court also committed to lift the stay "if circumstances change prior to the Supreme Court issuing its final decision." ECF No. 91. The government has consented to lifting the stay.

Here, circumstances have changed because of the new and superseding September 24 Proclamation, and the government's recent request on October 5 to vacate the current injunctions. Like its predecessors, the September 24 Proclamation violates the Immigration and Nationality Act of 1965 and the Constitution. If the government's October 5 request is granted, there will be no injunctions in place that allow visas to be issued to individuals with bona fide relationships with entities or individuals in the United States. Accordingly, if and when it takes effect, the September 24 Proclamation will irreparably harm plaintiffs, including preventing:

- fiancés and spouses of U.S. citizens and lawful permanent residents from obtaining immigrant visas to come to the United States;

- fiancés and other relatives of U.S. citizens from attending weddings in the United States;

- parents of U.S. citizens from being present for the birth of their grandchildren;

- parents of U.S. citizens from helping care for their grandchildren;

- family members of U.S. citizens from reunifying with their families in the United States;

- family members of U.S. citizens and legal permanent residents from visiting their relatives in the United States;

- individuals with job offers in the United States from accepting those offers.

The September 24 Proclamation also has caused and will irreparably harm the organizational plaintiffs, who have been forced to divert resources to address the government's actions, in derogation of their missions. In addition, the September 24 Proclamation stigmatizes all Iranian-Americans and all Iranians.

Accordingly, there is good cause for the Court to lift the stay, to accept the amended complaint for filing, and to allow plaintiffs to re-file the motion for preliminary injunction.

### B. This Court Should Permit the Filing of an Amended Complaint

Under Federal Rule of Civil Procedure 15(a)(2), this Court should "should freely give leave" to amend a complaint "when justice so requires." Although the decision to grant leave lies in the sound discretion of the court, it is well-established in this Circuit that leave shall be granted unless there is a "sufficiently compelling reason, such as undue delay, bad faith, or dilatory motives . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment." *Brown v. District of Columbia*, 199 F.R.D. 9, at 10 (D.D.C. 2001) (internal quotations and citations omitted).

Here, the proposed amended complaint addresses the September 24 Proclamation, explains why the Plaintiffs will be irreparably harmed by enforcement of the Proclamation, and shows why it violates the Immigration and Nationality Act. Defendants will suffer no undue prejudice, as they have not yet filed a responsive pleading in this matter. The Defendants have consented to the request for leave to file an amended complaint.

### C. This Court Should Enter a Scheduling Order to Expeditiously Resolve the Request for Preliminary Injunction

Under Local Rule 65, this Court provides for expeditious resolution of motions for preliminary injunctions, including requiring oppositions to be filed within seven days and hearings "no later than 21 days after filing."

Here the challenged executive action is scheduled to take effect at 12:01 a.m. on October 18, 2017. Numerous individual plaintiffs have visa applications pending (many of which have been orally approved) and there is a significant risk that these individually will be irreparably harmed if the September 24 Proclamation takes effect.

Plaintiffs intend to re-file their motion for preliminary injunction as soon as the Court lifts the stay. Expedited briefing and consideration by the Court are appropriate here. Plaintiffs request relief prior to the October 18, 2017 effective date of the September 24 Proclamation.

## CONCLUSION

Anticipating the possibility that the nationwide injunctions could be lifted, this Court told Plaintiffs that, facing the prospect of irreparable harm, they could renew their motion for injunctive relief at that time. Now, that contingency has occurred.

Plaintiffs' motion to lift the stay should be granted and Plaintiffs should be allowed to amend the complaint. This Court should also set an expedited schedule for resolution of Plaintiffs' renewed motion for a preliminary injunction.

Dated: October 9, 2017

Cyrus Mehri (D.C. Bar # 420970)
Joanna K. Wasik (D.C. Bar # 1027916)
MEHRI & SKALET, PLLC
1250 Connecticut Ave., NW
Suite 300
Washington, DC 20036
(202) 822-5100
(202) 822-4997 (fax)
cmehri@findjustice.com

Kristen Clarke (D.C. Bar # 973885)
Jon Greenbaum (D.C. Bar # 489887)
LAWYERS' COMMITTEE FOR
  CIVIL RIGHTS UNDER LAW
1401 New York Ave., NW
Suite 400
Washington, DC 20005
(202) 662-8600
(202) 783-0857 (fax)
jgreenbaum@lawyerscommittee.org

Adrienne D. Boyd (*pro hac vice*)
ARNOLD & PORTER
  KAYE SCHOLER LLP
Suite 4400
370 Seventeenth Street
Denver, CO 80202
(303) 863-1000
(303) 832-0428 (fax)
adrienne.boyd@apks.com

Respectfully submitted,

/s/ John A. Freedman
John A. Freedman (D.C. Bar # 453075)
David P. Gersch (D.C. Bar # 367469)
R. Stanton Jones (D.C. Bar # 987088)
Nancy L. Perkins (D.C. Bar # 421574)
Ronald A. Schechter (D.C. Bar # 245019)
Robert N. Weiner (D.C. Bar # 298133)
Samuel M. Witten (D.C. Bar # 378008)
Sally L. Pei (D.C. Bar # 1030194)
Sonia Tabriz (D.C. Bar # 1025020)
Stephen K. Wirth (D.C. Bar # 1034038)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (fax)
john.freedman@apks.com

Christopher M. Odell (*pro hac vice*)
ARNOLD & PORTER
  KAYE SCHOLER LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
(713) 576-2400
(713) 576-2499 (fax)
christopher.odell@apks.com

Susan S. Hu (*pro hac vice*)
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
(303) 836-8689 (fax)
susan.hu@apks.com

*Counsel for Plaintiffs*