**EXHIBIT 2**

**LOCAL RULE 7(M) CORRESPONDENCE**

**From:** Freedman, John A.
**Sent:** Monday, October 09, 2017 3:39 PM
**To:** 'Schwei, Daniel S. (CIV)'; Rosenberg, Brad (CIV)
**Cc:** 'jgreenbaum@lawyerscommittee.org'; Jones, Stanton; 'Cyrus Mehri'; Pei, Sally; 'Joanna Wasik'; Wirth, Stephen K.
**Subject:** RE: Pars Equality Center et al v. Trump et al : DDC Rule 7(m) Communication

Daniel --

Thank you for your response.  We will file your statement with the Court.

We are fine delaying your response to the amended complaint until after resolution of the preliminary injunction.

For the record, we are no longer representing NIAC in conjunction with this matter.  They will not be a moving party on our motion, and we have not coordinated with them.

We also note that under Local Rule 65(c), your opposition to motion for preliminary injunction is due seven days after we are allowed to file; we will be asking the court to shorten that schedule.

Best regards,

John

**From:** Schwei, Daniel S. (CIV) [mailto:Daniel.S.Schwei@usdoj.gov]
**Sent:** Monday, October 09, 2017 3:31 PM
**To:** Freedman, John A.; Rosenberg, Brad (CIV)
**Cc:** 'jgreenbaum@lawyerscommittee.org'; Jones, Stanton; 'Cyrus Mehri'; Pei, Sally; 'Joanna Wasik'; Wirth, Stephen K.
**Subject:** RE: Pars Equality Center et al v. Trump et al : DDC Rule 7(m) Communication

John,

Regarding your motion to lift the stay and for leave to file an amended complaint, the Government does not oppose those requests, provided that Plaintiffs agree (and include this request in the motion) that Defendants' obligation to respond to the amended complaint be stayed until after resolution of the preliminary-injunction proceedings.

Regarding your motion for a preliminary injunction, obviously we oppose that.  We also oppose your request for an expedited briefing schedule.  In your filing, please represent the Government's position as follows:

> "Plaintiffs informed the Government on Monday, October 9, 2017, that Plaintiffs intend to file a motion for a preliminary injunction against the President's Proclamation (issued on September 24, 2017), and that Plaintiffs intend to request an expedited briefing schedule to allow for consideration of their motion prior to the Proclamation's effective date of October 18.  The Government does not believe it is necessary or appropriate for the Court to decide Plaintiffs' motion before October 18, because there will be no irreparable injury to plaintiffs from a brief delay in entry while the issues are adjudicated on a reasonable briefing schedule.  Thus, the Government respectfully proposes that the Government file its opposition within 14 days of Plaintiffs' motion, and then Plaintiffs file their reply within 7 days.

A more expedited schedule would be inappropriate, given that Plaintiffs have created this urgency by delaying over two weeks in filing their preliminary-injunction motion, despite knowing that the Proclamation (which was issued on September 24) would take effect on October 18.  Given that Plaintiffs delayed over two weeks, it is unreasonable for Plaintiffs to require the Government to respond, and this Court to decide, these complex issues in only one week.  Moreover, an expedited schedule would significantly prejudice the Government given the numerous ongoing challenges to the Proclamation currently pending in other courts.  Indeed, one of the plaintiffs in this action—the National Iranian American Council (NIAC)—appears to be coordinating on a separate challenge to the Proclamation that was filed a week ago (on October 2, 2017) in the District of Maryland, and for which the Government's combined response to the preliminary-injunction motion in that case (and in *IRAP*) is currently due by noon on October 12.  *See Iranian Alliances Across Borders v. Trump*, No. 8:17-cv-02921-TDC (D. Md.), ECF No. 25 (order regarding preliminary-injunction proceedings); *see also* NIAC, "Advocates Seek Preliminary Injunction to Prevent Muslim Ban 3.0 from Going into Effect," available at https://www.niacouncil.org/advocates-seek-preliminary-injunction-prevent-muslim-ban-3-0-going-effect/ (last accessed Oct. 9, 2017).  The Government should not be prejudiced by plaintiffs' decision to focus on filing a new lawsuit rather than resume proceedings in their own lawsuit in a timely manner.

If the Court is nonetheless inclined to have a hearing and/or decide the matter prior to October 18, the Government should be permitted seven days to respond, consistent with Local Civil Rule 65.1(c).  Thus, Plaintiffs would file their motion on Monday, October 9; the Government would file its opposition on Monday, October 16; and the matter would be ripe for decision (with or without a hearing) on Tuesday, October 17."

Please let me know if you have any questions or would like to discuss.

Thanks,
Daniel


From: Freedman, John A. [mailto:John.Freedman@apks.com]
Sent: Monday, October 09, 2017 1:03 PM
To: Schwei, Daniel S. (CIV) <DSchwei@civ.usdoj.gov>; Rosenberg, Brad (CIV) <BRosenbe@civ.usdoj.gov>
Cc: 'jgreenbaum@lawyerscommittee.org' <jgreenbaum@lawyerscommittee.org>; Jones, Stanton <Stanton.Jones@apks.com>; 'Cyrus Mehri' <CMehri@findjustice.com>; Pei, Sally <Sally.Pei@apks.com>; 'Joanna Wasik' <JWasik@findjustice.com>; Wirth, Stephen K. <Stephen.Wirth@apks.com>
Subject: Pars Equality Center et al v. Trump et al : DDC Rule 7(m) Communication

Daniel and Brad --

Pursuant to DDC Local Rule 7(m), I am writing regarding Pars Equality Center et al. v. Trump et al. No. 17-cv-255 (D.D.C.).

Per the Court's prior orders, we intend later this afternoon to move to lift the stay, as well as seek leave to amend our complaint and re-file our motion for preliminary injunction concerning Sections 2 and 3(c) of the September 24

Proclamation. We also intend to request the Court enter an expedited briefing schedule, such that our motion may be considered before the effective date of the resolution.

Pursuant to Local Rule 7(m), please let us know your position.

We look forward to hearing from you.

Best regards,

John

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter Kaye Scholer LLP, click here:
http://www.apks.com