IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:17-cv-00255-TSC |
| DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*, ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL SUBMISSION AND PROPOSED MODIFICATION OF SCOPE OF PROPOSED PRELIMINARY INJUNCTION**

Without any prior notice to the Government, Plaintiffs have filed a "supplemental submission" that, in effect, seeks to convert their pending preliminary-injunction motion against the Proclamation into a challenge against an entirely different set of Executive Branch policies. This procedurally improper attempt to inject new issues into Plaintiffs' fully briefed preliminary-injunction motion should be rejected.

As explained more fully below, this Court should direct Plaintiffs to follow the proper procedure to expand the scope of their requested relief—*i.e.*, to file an Amended Complaint, and to file a new motion for preliminary injunction directed at the new policies. That motion could then be adjudicated in accordance with Local Civil Rule 65.1, in which the Government would have at least seven days to file an opposition to Plaintiffs' motion, and the November 2 hearing could be re-scheduled for a convenient time thereafter. Alternatively, if the Court wishes to keep the November 2 hearing date, the Government respectfully requests leave to file a 15-page opposition by 5 p.m. EDT on Tuesday, October 31, which would be limited to addressing

-1-

Plaintiffs' allegations against the new Executive Order and accompanying memorandum. The Court should not, however, allow Plaintiffs' improper filing to deprive the Government of adequate time to present its defense of these new policies.

**1.** On October 12, 2017, Plaintiffs filed their Second Amended Complaint and motion for preliminary injunction, seeking to challenge certain provisions of Proclamation No. 9645, which concerns aliens traveling to the United States on visas and does not concern refugees. *See* ECF Nos. 106, 107. That motion is now fully briefed, and argument is set for November 2, 2017. *See* ECF Nos. 105, 113. As the Government's opposition to Plaintiffs' motion explained, the relevant provisions of Proclamation No. 9645 are currently enjoined nationwide. *See* ECF No. 113 at 2, 10. And, as Plaintiffs' supplemental filing notes, the Government recently filed notices of appeal of both injunctions. *See* ECF No. 117 at 2 ¶ 1.

These developments demonstrate why the Court need not proceed with the November 2 hearing as currently scheduled. *See* ECF No. 84 (staying consideration of prior preliminary-injunction motion, because the challenged provisions "have already been enjoined by other courts" and "[b]ecause both existing preliminary injunctions are actively being considered on appeal by the Fourth and Ninth Circuits"). Consistent with this Court's prior decision, then, Plaintiffs will not suffer any prejudice from re-scheduling the November 2 hearing to a later date—*i.e.*, a later date when all of Plaintiffs' challenges may be heard simultaneously.

**2.** On October 24, 2017, following expiration of the 120-day global review of the vetting procedures for the U.S. Refugee Admissions Program (USRAP) described in Section 6(a) of Executive Order No. 13,780, the President issued an Executive Order titled "Resuming the United States Refugee Admissions Program with Enhanced Vetting Capabilities." *See* ECF No. 117-3. As discussed in that Executive Order, the USRAP is generally permitted to resume, *see id.* § 2,

subject to actions by the Secretary of Homeland Security and Secretary of State, pursuant to their own statutory authority, to assess and address any risks posed by any particular refugees to the security and welfare of the United States, *see id.* § 3.  A joint memorandum from those officials, as well as the Director of National Intelligence, explains that they have determined that it is appropriate to conduct a further 90-day review of 11 countries whose refugee applicants are currently subject to Security Advisory Opinions (SAO), during which time the Secretary of State and Secretary of Homeland Security will temporarily prioritize the processing of refugee applicants from non-SAO countries, for whom the processing may be less resource intensive.  *See* ECF No. 117-4.  The joint memorandum also explains the officials' determination that additional security measures must be implemented promptly before admission of "following-to-join" refugees, regardless of nationality, may resume.  *See id.*

**3.**  Plaintiffs' supplemental filing expressly seeks to "modif[y]" the "scope of [Plaintiffs'] proposed preliminary injunction" to include challenges to the new policies described above.  ECF No. 117; *see also* ECF No. 117-1 (Proposed Order).  In effect, Plaintiffs are seeking to file an entirely new preliminary-injunction motion without satisfying the necessary procedural requirements for doing so.  For one thing, Plaintiffs did not contact the Government prior to seeking to expand the scope of their relief, contrary to Local Civil Rule 7(m).  More fundamentally, Plaintiffs' operative complaint does not seek to challenge the new Executive Order or accompanying joint memorandum.  *See* 2d Am. Compl. (ECF No. 106).  Given that "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), there is plainly no basis for a court to enter a preliminary injunction that provides relief against policies not even challenged in the Complaint.  *See, e.g.*, *Sai v. Transp. Sec. Admin.*, 54 F. Supp. 3d 5, 9 (D.D.C.

2014) (The court lacks jurisdiction over a preliminary injunction motion that "raises issues different from those presented in the complaint."); *Clay v. Okla. Dep't of Corr.*, No. CIV-12-1106-C, 2013 WL 3058122, at *2 (W.D. Okla. June 17, 2013) ("When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction."); *In re Ohio Execution Protocol Litig.*, No. 2:11-CV-1016, 2012 WL 1883919, at *3–4 (S.D. Ohio May 22, 2012).

Moreover, as this Court has previously recognized, to demonstrate irreparable harm in the preliminary-injunction context, the plaintiff "must provide some *evidence* of irreparable harm," including by "provid[ing] *proof* that the harm is certain to occur in the near future." *Save Jobs USA v. Dep't of Homeland Sec.*, 105 F. Supp. 3d 108, 112 (D.D.C. 2015) (emphases added, internal quotation marks omitted). Here, although Plaintiffs' supplemental filing relies on previously filed declarations, *see* ECF No. 117 at 4-5 ¶ 5, those declarations say nothing about the Executive Order or accompanying joint memorandum that Plaintiffs now seek to challenge. The existing record is at best stale, because it does not prove any imminent, non-speculative harm attributable to the new policies. Thus, Plaintiffs cannot rely on those prior declarations to seek relief against the new policies.

Finally, Plaintiffs' attempt to rely on a "supplemental" filing to expand the scope of their requested relief is particularly inappropriate here given that, as Plaintiffs' own filing recognizes, their legal challenges to this new policy are entirely different. Plaintiffs are now seeking to advance a brand new statutory claim. *See* ECF No. 117 at 7 ¶ 1 (citing 8 U.S.C. § 1522(a)(5)). And although Plaintiffs again rely on a claim of religious animus, they also acknowledge that the relevant policies they seek to challenge were not ordered by the President but were instead ordered by various Cabinet Secretaries after an interagency review process. The motives of those Cabinet

officials and agency personnel have never been questioned. *See id.* at 2-3 ¶ 4 (discussing the October 23 joint memorandum). Even were a supplemental filing permissible in some circumstances, therefore, it would not be permissible here, where Plaintiffs are trying to raise wholly new legal and factual issues for the first time after briefing is closed.

**4.** Given these flaws in Plaintiffs' supplemental filing, Defendants respectfully submit that the Court should reject Plaintiffs' attempt to expand their requested relief without following the necessary procedures. Instead, the Court should direct Plaintiffs to file an Amended Complaint challenging the new policies, as well as a new preliminary-injunction motion directed at the new policies. The Government should then be given at least seven days to file an opposition to Plaintiffs' motion in accordance with Local Civil Rule 65.1, and a hearing can be scheduled at a convenient date thereafter.

The Government respectfully submits that, pursuant to this proposed schedule, the current November 2 hearing date should be vacated and the new hearing date should address both of Plaintiffs' preliminary-injunction motions. The Government believes this would be the most efficient course for both the parties and the Court. Plaintiffs also will not suffer any prejudice from a postponement of the November 2 hearing, because, as discussed above, the relevant provisions of the Proclamation are currently enjoined nationwide.

Alternatively, to the extent the Court is not inclined to vacate the November 2 hearing date, the Government respectfully requests leave to submit a 15-page opposition no later than 5 p.m. EDT on October 31, 2017, which would address only the legal issues raised by Plaintiffs' allegations against the new Executive Order and accompanying memorandum.

Dated: October 26, 2017						Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JESSIE K. LIU
United States Attorney

JOHN R. TYLER
Assistant Branch Director

*/s/ Michelle R. Bennett*
MICHELLE R. BENNETT (Co. Bar No. 37050)
DANIEL SCHWEI (N.Y. Bar)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Tel.:	(202) 305-8693
Fax:	(202) 616-8470
Email: daniel.s.schwei@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Avenue N.W.
Washington, D.C. 20001

*Counsel for Defendants*