IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER,<br>IRANIAN AMERICAN BAR ASSOCIATION,<br>PUBLIC AFFAIRS ALLIANCE OF IRANIAN<br>AMERICANS, INC., *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>    *Defendants*. | Civil Action No. 1:17-cv-255<br><br>Hon. Tanya S. Chutkan |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' OCTOBER 26 SUBMISSION

Plaintiffs respectfully submit this response to Defendants' October 26 filing (ECF No. 118).

1. Plaintiffs have no objection to Defendants' proposal that they be allowed to file a brief on October 31. That will allow the parties to present argument on November 2, which is consistent with judicial economy, as well as the pressing need of Plaintiffs to obtain emergency injunctive relief.

2. The supplemental request for relief raised in Plaintiffs' October 25 filing (ECF No. 117) does not warrant postponement of the November 2 hearing nor does it require further filings by Plaintiffs. The relevant parties and key issues to the dispute giving rise to the supplemental request for relief are all discussed in the prior pleadings and briefing. Specifically:

- The Plaintiffs requesting the supplemental relief are parties to the Second Amended Complaint. *See* ECF No. 106 ¶¶ 18-20, 27, 34-37, 120-144, 150, and 157-160.

- The Defendants primarily responsible for the illegal conduct subject to the supplemental request for relief are parties to the Second Amended Complaint. *See* ECF No. 106 ¶¶ 40, 41, 43, 45 & 47.

- The evidence of discriminatory animus against Muslims and Iranians relevant to the supplemental request for relief are alleged in the Second Amended Complaint.  *See* ECF No. 106 ¶¶ 56-90, 92,  95-119.

- The primary legal grounds for supplemental request for relief are the same as those raised concerning the September 24 Proclamation and are outlined in the Second Amended Complaint, *i.e.*, like the September 24 Proclamation, the Government's most recent actions violate the Administrative Procedure Act (because they are contrary to law), the Equal Protection Clause, and the Establishment Clause, all of which are alleged in the Second Amended Complaint.  *See* ECF No. 106 ¶¶ 162-202 & 219-229.

- The overlap in legal grounds for the primary and supplemental requests for relief is evident given that the supplemental request expressly incorporated by reference these legal arguments from the preliminary injunction motion.  *See* ECF No. 117-1 at 7.  Plaintiffs have also repeatedly raised these claims in prior complaints and briefing.  See ECF No. 3, 9, 34, 35-1.

- The Defendants' assertion at page 4 of their submission that the supplemental argument concerning the anti-discrimination provision of the Refugee Act (8 U.S.C. § 1522(a)(6) is "entirely . . . new" is incorrect.  Plaintiffs previously asserted this claim, and both parties fully briefed it.  *See* ECF Nos. 35-1 at 34-35, 38-39, ECF No. 50 at 28-33.

- The Individual Plaintiffs' not only alleged irreparable harm—including their dire personal situations— in the Second Amended Complaint, but also documented it in declarations submitted to the Court this summer.  *See* ECF Nos. 92-2, 92-3 & 93 Ex. 4 & 106 ¶¶ 150, and 158-159.  That Defendants have exacerbated and prolonged that injury by engaging in further acts of discrimination is self-evident and needs no further documentation in new declarations.

In short, the supplemental issue and the issues raised in the pending request for a preliminary injunction arise from a common nucleus of operative fact, and there are significant economies in arguing all issues on November 2.

       3.  The Government will suffer no  prejudice from the Court's hearing argument on the supplemental issue on November 2, as the Government has time to file a brief prior to argument and has previously briefed their position on the relevant legal issues.  Plaintiffs will be prepared at the argument on November 2 to respond to anything the Government submits on October 31.

Proceeding on November 2 is also consistent with Local Rule 65, which requires expeditious briefing and hearing of preliminary injunctions.

Dated:   October 27, 2017                                     Respectfully submitted,

/s/ John A. Freedman

Cyrus Mehri (D.C. Bar # 420970)
Joanna K. Wasik (D.C. Bar # 1027916)
MEHRI & SKALET, PLLC
1250 Connecticut Ave., NW, Suite 300
Washington, DC 20036
(202) 822-5100
(202) 822-4997 (fax)
cmehri@findjustice.com

Kristen Clarke (D.C. Bar # 973885)
Jon Greenbaum (D.C. Bar # 489887)
LAWYERS' COMMITTEE FOR
   CIVIL RIGHTS UNDER LAW
1401 New York Ave., NW, Suite 400
Washington, DC 20005
(202) 662-8600
(202) 783-0857 (fax)
jgreenbaum@lawyerscommittee.org

Hassan Zavareei (D.C. Bar # 456161)
TYCKO & ZAVAREEI LLP
1828 L Street, NW, Suite 1000
Washington, DC 20036
(202) 973-0900
(202) 973-0950 (fax)
hzavareei@tzlegal.com

Adrienne D. Boyd (*pro hac vice*)
ARNOLD & PORTER
   KAYE SCHOLER LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202
(303) 863-1000
(303) 832-0428 (fax)
adrienne.boyd@apks.com

John A. Freedman (D.C. Bar # 453075)
David P. Gersch (D.C. Bar # 367469)
R. Stanton Jones (D.C. Bar # 987088)
Nancy L. Perkins (D.C. Bar # 421574)
Ronald A. Schechter (D.C. Bar # 245019)
Robert N. Weiner (D.C. Bar # 298133)
Samuel M. Witten (D.C. Bar # 378008)
Sally L. Pei (D.C. Bar # 1030194)
Sonia Tabriz (D.C. Bar # 1025020)
Stephen K. Wirth (D.C. Bar # 1034038)
ARNOLD & PORTER
   KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
(202) 942-5999 (fax)
john.freedman@apks.com

Christopher M. Odell (*pro hac vice*)
ARNOLD & PORTER
   KAYE SCHOLER LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002
(713) 576-2400
(713) 576-2499 (fax)
christopher.odell@apks.com

Susan S. Hu (*pro hac vice*)
ARNOLD & PORTER
   KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
(303) 836-8689 (fax)
susan.hu@apks.com

*Counsel for Plaintiffs*