**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PARS EQUALITY CENTER, IRANIAN AMERICAN BAR ASSOCIATION, PUBLIC AFFAIRS ALLIANCE OF IRANIAN AMERICANS, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>*Defendants*. | Civil Action No. 1:17-cv-255<br><br>Hon. Tanya S. Chutkan |

**PLAINTIFFS' SUPPLEMENTAL SUBMISSION IN SUPPORT**
**OF PROPOSED PRELIMINARY INJUNCTION**

Since the Court heard oral argument on Plaintiffs' Motion for Preliminary Injunction on November 2, 2017, there have been several developments that further support expeditious entry of the requested injunction.

1. On December 4, 2017, the Supreme Court granted the Government's applications to stay the preliminary injunctions entered by the District of Maryland and District of Hawaii. Exs. 1 & 2.

2. Nothing in the Supreme Court's orders addresses the legality of President Trump's October 24, 2017 Executive Order, "Resuming the United States Refugee Admissions Program with Enhanced Vetting Capabilities" ("October 24 Executive Order"), or the October 23, 2017 Memorandum to the President implementing the October 24 Executive Order ("October 23 Memorandum") (collectively, "October Refugee Ban"). To Plaintiffs' knowledge, no court has ruled on the legality of the October Refugee Ban, which Plaintiffs seek to enjoin in their Third Amended Complaint, ECF No. 123 (filed Nov. 3, 2017).

3. Nor do the Supreme Court's orders preclude the entry of relief by this or any other court regarding the legality of President Donald J. Trump's September 24, 2017 Proclamation, "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States By Terrorists or other Public-Safety Threats" ("September 24 Proclamation").

4. The Supreme Court made clear in its orders that litigation is to proceed with appropriate dispatch in the lower courts. *See* Exs. 1 & 2.

5. As detailed in previous briefing and substantiated by live testimony and numerous, detailed affidavits, Plaintiffs will experience irreparable harm if the Travel Ban goes into effect. In particular, as alleged in the Third Amended Complaint (ECF No. 123), discussed in the Motion for Preliminary Injunction (ECF No. 107-1), and the Supplemental Memorandum in Support of the Motion for Preliminary Injunction (ECF No. 117):

- Mohammed Jahanfar and Jane Doe #1 will be unable to get married to their visa-seeking fiancés and live with them in the United States. ECF No. 107-1 Ex. 7. ¶ 50; Ex. 12 ¶ 33.

- Jane Doe #13 and her fiancé will either have to postpone their wedding plans or get married without her parents present because they cannot get a tourist visa. ECF No. 107-1, Ex. 14 ¶¶ 25-27.

- Mohammad Reza Shaeri will be separated from his wife indefinitely. ECF No. 107-1, Ex. 8 ¶ 25.

- Montra Yazdani, Jane Doe #14, and Jane Doe #15 will be separated from their parents for extended periods of time and unable to spend regular time with them, rely on their help in raising families, or care for them as they age. ECF No. 107-1, Ex. 5 ¶¶ 12, 28; Ex. 15 ¶¶ 20-21; Ex. 16 ¶¶ 7-8.

- Jane Doe #4, an Iranian citizen who was granted asylum in the United States in 2016, and is unable to return to Iran due to feared religious persecution, will be unable to have her parents travel to the United States to visit. She will be separated from them indefinitely. ECF No. 107-1, Ex. 13 ¶¶ 3, 17.

- Shiva Hissong, Sepideh Ghajar, John Doe #1, and John Doe #10 will be separated indefinitely from their close family members, who will be unable to travel to the United States to visit. ECF No. 107-1, Ex. 4 ¶ 29; Ex. 6. ¶ 20; Ex. 9 ¶ 15; Ex. 11 ¶ 48.

- John Doe #1's wife will be unable to apply for a work authorization. John Doe #1 and his wife will be unable to leave the country for fear their visas will not be renewed. ECF No. 107-1, Ex. 9 ¶¶ 15-19.

- John Doe #9 will be unable to accept his job offer and fulfill his dream of living in the United States and creating a better life for himself and his family in this country. ECF No. 107-1, Ex. 10 ¶ 11.

- Reza Zoghi, an Iranian political dissident, will be unable to have his refugee application approved, notwithstanding the fact that he had been through the SAO and medical screening, medical orientation, has a U.S. sponsor, and was awaiting his travel documentation when the Travel Ban was announced. ECF No. 117 ¶ 5(a).

- Jane Doe #8, a lesbian refugee, and Jane Doe #9, a transgender refugee—both of whom fled Iran after being assaulted and discriminated against on the basis of their sexual orientation—will be unable to have their refugee applications approved, notwithstanding the fact that they were referred to the U.S. Refugee Assistance Program by the U.N. High Commission on Refugees. ECF. No. 117 ¶ 5(b), (c).

6. The extensive factual record developed in this case will assist the D.C. Circuit and Supreme Court in reviewing this matter of national importance.

7. During oral argument on November 2, 2017, Government counsel discounted the evidence of statements of anti-Muslim animus from the President, stating, that "whatever statement they want to point to from the President can't be enough to impugn this entire process." 11/2/17 Hr'g Tr. 65. Recent statements from the White House have confirmed the anti-Muslim basis for the most recent Executive Order. In particular:

- On November 29, the President re-tweeted three anti-Muslim videos disseminated by an British far-right ultra-nationalist organization. *See* Ex. 3.

- When asked at a press conference later that day whether "President Trump thinks Muslims are a threat to the U.S.," the White House spokesman explicitly tied the Travel Ban to an anti-Muslim aim, responding that "[t]he President has addressed these issues with the travel order that he issued earlier this year." CBS News, *White House Trump's Muslim tweet by mentioning travel ban*, Nov. 29, 2017. Ex. 4.

## CONCLUSION

For the foregoing reasons and those stated in Plaintiffs' prior submissions, this Court should proceed with appropriate dispatch to enter a preliminary injunction against the discriminatory provisions of the September 24 Proclamation, as well as discriminatory provisions of the October Refugee Ban.

| | |
|---|---|
| Dated:   December 5, 2017 | Respectfully submitted, |

| | |
|---|---|
| | /s/ John A. Freedman |
| Cyrus Mehri (D.C. Bar # 420970) | John A. Freedman (D.C. Bar # 453075) |
| U.W. Clemon (D.D.C . Bar # AL0013) | David P. Gersch (D.C. Bar # 367469) |
| Joanna K. Wasik (D.C. Bar # 1027916) | R. Stanton Jones (D.C. Bar # 987088) |
| MEHRI & SKALET, PLLC | Nancy L. Perkins (D.C. Bar # 421574) |
| 1250 Connecticut Ave., NW, Suite 300 | Ronald A. Schechter (D.C. Bar # 245019) |
| Washington, DC 20036 | Robert N. Weiner (D.C. Bar # 298133) |
| (202) 822-5100 | Samuel M. Witten (D.C. Bar # 378008) |
| (202) 822-4997 (fax) | Sally L. Pei (D.C. Bar # 1030194) |
| cmehri@findjustice.com | Sonia Tabriz (D.C. Bar # 1025020) |
| | Stephen K. Wirth (D.C. Bar # 1034038) |
| Kristen Clarke (D.C. Bar # 973885) | ARNOLD & PORTER |
| Jon Greenbaum (D.C. Bar # 489887) |    KAYE SCHOLER LLP |
| LAWYERS' COMMITTEE FOR | 601 Massachusetts Ave., NW |
|    CIVIL RIGHTS UNDER LAW | Washington, DC 20001 |
| 1401 New York Ave., NW, Suite 400 | (202) 942-5000 |
| Washington, DC 20005 | (202) 942-5999 (fax) |
| (202) 662-8600 | john.freedman@apks.com |
| (202) 783-0857 (fax) | |
| jgreenbaum@lawyerscommittee.org | Christopher M. Odell (*pro hac vice*) |
| | ARNOLD & PORTER |
| Hassan Zavareei (D.C. Bar # 456161) |    KAYE SCHOLER LLP |
| TYCKO & ZAVAREEI LLP | 700 Louisiana Street, Suite 1600 |
| 1828 L Street, NW, Suite 1000 | Houston, TX  77002 |
| Washington, DC 20036 | (713) 576-2400 |
| (202) 973-0900 | (713) 576-2499 (fax) |
| (202) 973-0950 (fax) | christopher.odell@apks.com |
| hzavareei@tzlegal.com | |
| | Susan S. Hu (*pro hac vice*) |
| Adrienne D. Boyd (*pro hac vice*) | ARNOLD & PORTER |
| ARNOLD & PORTER |    KAYE SCHOLER LLP |
|    KAYE SCHOLER LLP | 250 West 55th Street |
| 370 Seventeenth Street, Suite 4400 | New York, NY 10019 |
| Denver, CO 80202 | (212) 836-8000 |
| (303) 863-1000 | (303) 836-8689 (fax) |
| (303) 832-0428 (fax) | susan.hu@apks.com |
| adrienne.boyd@apks.com | |

*Counsel for Plaintiffs*