IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PARS EQUALITY CENTER, *et al.*,     )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   Civil Action No. 1:17-cv-00255-TSC
                                    )
DONALD J. TRUMP, *in his official*  )
*capacity as President of the*      )
*United States*, *et al.*,          )
                                    )
            Defendants.             )
_____)

### DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM

Plaintiffs have filed a supplemental memorandum requesting "expeditious entry of the requested injunction" against both the Proclamation issued on September 24, 2017, as well as the separate refugee-related policies announced in October 2017. *See* Pls.' Suppl. Mem. (ECF No. 131) at 1-2. As Plaintiffs acknowledge, however, the Supreme Court recently stayed in full two injunctions directed against the Proclamation. *See id.*; *see also Trump v. IRAP*, No. 17A560, 2017 WL 5987435 (U.S. Dec. 4, 2017); *Trump v. Hawaii*, No. 17A550, 2017 WL 5987406 (U.S. Dec. 4, 2017). Particularly in light of those stay orders, this Court should likewise decline to enter any injunctive relief, and may want to consider staying these matters until the proceedings in *IRAP* and *Hawaii* have concluded.

**1.** With respect to the Proclamation, entry of an injunction would be directly contrary to the Supreme Court's stay orders in *IRAP* and *Hawaii*. As this Court previously recognized, therefore, "[t]his court . . . has no authority to grant the relief requested." ECF No. 101 at 4 (declining to enter relief broader than what the Supreme Court authorized in connection with EO-2). There are no material differences between Plaintiffs' arguments for an injunction here and the

arguments of the plaintiffs in *IRAP* and *Hawaii*.  Notably, the Supreme Court's stay orders were issued *after* the events described by Plaintiffs as justifying relief here.  *See* ECF No. 131 at 3 ¶ 7.

**2.**  Although the Supreme Court's stay orders do not directly address the refugee-related policies, the legal determinations underpinning those orders also foreclose relief as to those policies.  In deciding whether to stay an injunction, the Supreme Court considers the same factors governing issuance of a preliminary injunction.  *See Nken v. Holder*, 556 U.S. 418, 434 (2009).  Accordingly, when the Supreme Court granted the Government's stay applications in *IRAP* and *Hawaii*, the Court necessarily determined that the Government had demonstrated a likelihood of success on the merits and that the Government's national-security and foreign-policy interests outweighed the plaintiffs' interests.

Here, many of the legal claims and equitable interests that Plaintiffs rely on in their challenges to the refugee policies are the same as those at issue in *IRAP* and *Hawaii*.  If anything, Plaintiffs' arguments are even weaker here.  For example, with respect to Plaintiffs' Establishment Clause claim against the Joint Memorandum, Plaintiffs have not even attempted to allege any animus associated with the relevant decisionmakers for that policy—*i.e.*, the Secretaries of State and Homeland Security and the Director of National Intelligence.  In terms of the equitable balance, moreover, the Government's national-security interests relating to the entry of refugees are equally weighty as the concerns regarding the entry of other foreign travelers.  Yet the Plaintiffs' interests here are significantly weaker:  they rely on the same interest in having their family members admitted to the country, *see* ECF No. 131 at 2-3, but critically the challenged SAO policy is only a temporary, 90-day measure, and approximately half of that time period has already passed.  The Supreme Court's determination that the Government's interests predominate over the *IRAP* and *Hawaii* plaintiffs' interests, at least for the length of time necessary for

resolution of the issues by the Courts of Appeals and the Supreme Court, likewise means that the Government's interests in the refugee policies predominate over Plaintiffs' interests for the next 45 days.

In short, the Supreme Court's stay orders foreclose relief as to the refugee policies, because on all of the relevant factors the Government is in the same (or stronger) position as in the challenges at issue in *IRAP* and *Hawaii*. Accordingly, this Court should deny Plaintiffs' requested injunctions, or at a minimum stay consideration of those motions and these proceedings pending completion of the Court of Appeals and Supreme Court proceedings in *IRAP* and *Hawaii*.

Dated: December 7, 2017

Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General

HASHIM M. MOOPPAN
Deputy Assistant Attorney General

JESSIE K. LIU
United States Attorney

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Director, Federal Programs Branch

*/s/ Daniel Schwei*
DANIEL SCHWEI (N.Y. Bar)
MICHELLE R. BENNETT (Co. Bar No. 37050)
KEVIN SNELL (N.Y. Bar)
JOSEPH C. DUGAN (Ohio Bar No. 0093997)
Senior Trial Counsel / Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington DC 20530
Tel: (202) 305-8693

        Fax: (202) 616-8470
        E-mail: daniel.s.schwei@usdoj.gov

*Counsel for Defendants*