IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civil Action No. 1:17-cv-00255-TSC<br>) |
| DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR A BRIEFING SCHEDULE**

On January 3, 2018, Plaintiffs filed a status report and request for a case management schedule, *see* ECF No. 135, which this Court has construed as a motion for a briefing schedule, *see* ECF No. 136.  Plaintiffs filed their status report before Defendants' counsel was able to respond with Defendants' position.  *See* ECF No. 135-1, Exh. 8.  Accordingly, Defendants hereby submit this brief memorandum in response to Plaintiffs' status report, and in opposition to Plaintiffs' request for a briefing schedule.

**1.**  Plaintiffs first request that the Court "promptly enter a preliminary injunction against" both the September 24 Proclamation and the October 23 Joint Memorandum.  *See* Pls.' Status Report at 1.  As Defendants previously explained in their opposition memoranda, however, there is no basis for any injunctive relief against the Proclamation or the Joint Memorandum.  *See* ECF No. 113 (Proclamation); ECF No. 121 (Joint Memorandum).

Indeed, the events described in Plaintiffs' status report only further confirm that it would be inappropriate for the Court to enter injunctive relief here.  With respect to the Proclamation, the

-1-

Supreme Court has stayed in full the *IRAP* and *Hawaii* preliminary injunctions. *See* Pls.' Status Report at 2. This Court should not issue preliminary relief against the Proclamation, therefore, because any such relief would be directly at odds with the Supreme Court's stay orders. *See* Order (ECF No. 101) at 4 (concluding that when the Supreme Court has stayed an injunction granting particular relief, "[t]his court . . . has no authority to grant" that same relief); *see also* ECF No. 95 at 7-10.

As for the October 23 Joint Memorandum, Plaintiffs here challenge only the provision governing refugee applicants who are nationals of the eleven SAO countries, *see* ECF No. 121 at 15, but the Western District of Washington has already enjoined that policy nationwide (except for refugees lacking a bona fide relationship to a person or entity within the United States). *See* Pls.' Status Report at 3; *Doe v. Trump*, Case No. C17-178-JLR, Order of Dec. 23, 2017 (ECF No. 135-1, Exh. 2). At least while that injunction remains in effect, therefore, Plaintiffs here cannot demonstrate irreparable harm warranting an additional preliminary injunction from this Court. *See* Order (ECF No. 84) at 2 (declining to enter injunctive relief in light of two existing preliminary injunctions); *see also* ECF Nos. 26, 82.

**2.** Plaintiffs alternatively request that "this Court set a case management schedule allowing for expeditious resolution of Plaintiffs' claims on the merits." Pls.' Status Report at 1. As this Court previously recognized, however, the most prudent course would be to stay this case pending resolution of all appellate proceedings, including any Supreme Court proceedings, regarding the existing *IRAP*, *Hawaii*, and *Doe* injunctions. *See* Order (ECF No. 91) at 2 ("[A] stay pending the result of the Supreme Court's decision is the most appropriate path for conserving the court's resources and adjudicating these cases in the most efficient manner possible."). The same factors

motivating the Court's prior stay Order—substantial overlap of the legal issues, and the requested stay not being indefinite—are equally applicable here. *See id.*

Moreover, a stay is particularly warranted with respect to Plaintiffs' challenge to the October 23 Joint Memorandum, given the imminent expiration of the policy that Plaintiffs seek to challenge. Under the terms of the Joint Memorandum, the SAO review period is scheduled to last no more than 90 days. *See* Jt. Mem. (ECF No. 117-4) at 3 ("We will direct our staff to work jointly and with law enforcement agencies to complete the additional review of the SAO countries no later than 90 days from the date of this memorandum[.]"). Because the Joint Memorandum was issued October 23, 2017, that means the challenged SAO policy is currently set to expire January 21, 2018. It makes little sense to allow further proceedings at this stage, given that Plaintiffs' challenge will imminently become moot.

**3.** Even were this Court inclined to allow Plaintiffs' challenges to proceed, the Court should not set a case management schedule, but should instead—at most—set a deadline for Defendants to respond to the third amended complaint. As both parties have recognized, Defendants' response to the complaint would be the appropriate next step in this litigation. *See* Pls.' Status Report at 1; Nov. 2 Hr'g Tr. at 81-82.

Of course, for all of the reasons discussed above, Defendants respectfully submit that it would make little sense to proceed with motion-to-dismiss briefing in this case given the ongoing appellate proceedings regarding the Proclamation, and the imminent mootness of the challenged SAO policy. In any event, however, the Court should not permit Plaintiffs to pursue discovery, *see* Pls.' Status Report at 6, before a motion to dismiss has been fully briefed and decided. *See, e.g.*, *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) ("[C]ourts in this district have often stayed discovery while a motion that would be thoroughly dispositive of the claims in the

Complaint is pending."). That is particularly true here, where Plaintiffs' proposed discovery is likely to be highly intrusive, and the parties are likely to have significant disputes regarding the availability and scope of any discovery as well as over the application of important legal privileges. Given that litigation over these questions would itself be quite burdensome—for both the parties and the Court—the Court should not invite these disputes at this stage of the litigation, before a threshold motion to dismiss has been fully briefed and decided.

Thus, while a stay of all proceedings is the most prudent course, the Court should, at most, set a deadline by which the Government must respond to the third amended complaint. In that scenario, Defendants respectfully request 21 days to file their response to the third amended complaint, which contains 254 allegations and is 77 pages long. *See* ECF No. 123.

## CONCLUSION

The Court should stay all proceedings in this case pending resolution of all appellate proceedings, including any Supreme Court proceedings, regarding the *IRAP*, *Hawaii*, and *Doe* injunctions.

Dated: January 4, 2018                     Respectfully submitted,

                                           CHAD A. READLER
                                           Acting Assistant Attorney General

                                           HASHIM M. MOOPPAN
                                           Deputy Assistant Attorney General

                                           JESSIE K. LIU
                                           United States Attorney

                                           JENNIFER D. RICKETTS
                                           Director, Federal Programs Branch

                                           JOHN R. TYLER
                                           Assistant Director, Federal Programs Branch

-5-

        */s/  Daniel Schwei*
        DANIEL SCHWEI (N.Y. Bar)
        MICHELLE R. BENNETT (Co. Bar No. 37050)
        KEVIN SNELL (N.Y. Bar)
        JOSEPH C. DUGAN  (Ohio Bar No. 0093997)
        Senior Trial Counsel / Trial Attorneys
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave. NW
        Washington DC 20530
        Tel: (202) 305-8693
        Fax: (202) 616-8470
        E-mail: daniel.s.schwei@usdoj.gov

        *Counsel for Defendants*