UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DONALD J. TRUMP, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 17-cv-0255 (TSC) |

## ORDER

Plaintiffs have filed a Status Report and Request for a Case Management Schedule, in which they request that the court promptly grant their Motion for Preliminary Injunction (ECF No. 107), or alternatively, set a case management schedule to resolve their claims expeditiously. ECF Nos. 135, 136 (Plfs. Status Report). In response, Defendants request a stay of the proceedings in light of decisions and appellate proceedings in other jurisdictions. ECF No. 137 (Defs. Resp. to Status Report) at 2. Having considered the parties' arguments, and for the reasons stated below, the court finds that a temporary stay is warranted, and therefore Plaintiffs' Request is DENIED.

I.     BACKGROUND

Plaintiffs sued in February 2017, seeking a preliminary injunction prohibiting implementation of Executive Order 13,769 ("E.O.1"), and subsequently of Executive Order No. 13,780 ("E.O.2"), both of which restricted entry into the United States of certain foreign nationals. This case was stayed between June 20, 2017 and October 12, 2017, while injunctions

enjoining certain sections of E.O.2 were under appellate review. ECF Nos. 91, 101. On October 9, 2017, in light of new executive actions by President Trump, Plaintiffs filed an unopposed Motion to Lift the Stay, in which they requested permission to file an amended complaint and to re-file a motion for preliminary injunction. ECF No. 103. The court lifted the stay on October 12, 2017. ECF No. 105.

In their Third Amended Complaint, Plaintiffs contest the legality of President Trump's September 24, 2017 Proclamation, "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States By Terrorists or other Public-Safety Threats" ("September 24 Proclamation"), as well as President Trump's October 24, 2017 Executive Order, "Resuming the United States Refugee Admissions Program with Enhanced Vetting Capabilities" ("October 24 Executive Order") and its accompanying October 23, 2017 Memorandum ("October 23 Memorandum") (collectively, "October Refugee Order"). ECF No. 123 (Compl.) ¶ 1. The September 24 Proclamation indefinitely suspends the entry of certain foreign nationals, including Iranians. *Id.* The relevant sections of the October 23 Memorandum provide for a 90-day threat assessment and review of refugees from 11 countries, including Iran. *Id.* ¶¶ 9, 126. During the 90-day review period, the State Department and Department of Homeland Security prioritized refugee applications from countries not subject to the 90-day review. *Id.* ¶¶ 9, 128. Plaintiffs allege that these executive actions violate the First and Fifth Amendments of the Constitution, as well as the Administrative Procedure Act. Compl. ¶¶ 183–254.

Plaintiffs request that the court enter a preliminary injunction against Sections 2 and 3(c) of the September 24 Proclamation and the October Refugee Order. ECF No. 107 at 2, ECF No.

117 at 6–7. Alternatively, Plaintiffs request that the court set a case management schedule, to include a brief discovery period and motions for summary judgment. Plfs. Status Report at 6.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). Therefore, "[a] trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (citing *Landis*, 299 U.S. at 254). However, a court may not "order[] a stay 'of indefinite duration in the absence of a pressing need.'" *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 255). In considering a stay, courts must "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Id.* at 732–33 (citations and quotation marks omitted).

## III. ANALYSIS

### a. September 24 Proclamation

On October 17, 2017, the District of Maryland issued a nationwide injunction against enforcement of certain provisions of Section 2 of the September 24 Proclamation, except as to individuals lacking a credible claim of a bona fide relationship with a person or entity within the United States. *See Int'l Refugee Ass. Proj. (IRAP) v. Trump*, 265 F. Supp. 3d 570, 631–32 (D. Md. 2017). Three days later, on October 20, 2017, the District of Hawaii also entered a nationwide injunction of certain provisions of Section 2 of the Proclamation. ECF No. 390,

*Hawaii v. Trump*, No. 17-00050 (D. Haw. Oct. 20, 2017) (order entering preliminary injunction). The government appealed both injunctions.

On December 4, 2017, the U.S. Supreme Court stayed both preliminary injunctions, pending disposition of the government's appeals and the government's petitions for writs of certiorari, if such writs were sought. *Trump v. IRAP*, 138 S. Ct. 542, 542 (2017); *Trump v. Hawaii*, 138 S. Ct. 542, 542 (2017). On December 22, 2017, the Ninth Circuit affirmed in part the District of Hawaii's preliminary injunction, narrowing its scope to enjoin implementation only as to those individuals with a bona fide relationship with a person or entity in the United States. *Hawaii v. Trump*, 878 F.3d 662, 701-03 (9th Cir. 2017). On February 15, 2018, the Fourth Circuit affirmed the District of Maryland's preliminary injunction. *IRAP v. Trump*, No. 17-2231, 2018 WL 894413, at *20 (4th Cir. Feb. 15, 2018), *as amended* (Feb. 28, 2018). Both Circuits stayed their decisions "[i]n light of the Supreme Court's order[s] staying" the injunctions. *Hawaii*, 878 F.3d at 702; *see also IRAP*, 2018 WL 894413, at *20 ("[W]e stay our decision today pending the Supreme Court's decision."). On January 19, 2018, the Supreme Court granted the government's petition for a writ of certiorari in *Hawaii*. *Trump v. Hawaii*, No. 17-965, 2018 WL 324357, at *1 (Jan. 19, 2018).[1]

Given this timeline of events, there are two reasons why a stay pending the result of the Supreme Court's decision in *Hawaii* appears to be the most appropriate path for conserving the court's resources and adjudicating the case in the most efficient manner possible. First, the Supreme Court has explicitly ordered a stay—in full—of the *IRAP* and *Hawaii* injunctions enjoining the September 24 Proclamation. *IRAP*, 138 S. Ct. at 542; *Hawaii*, 138 S. Ct. at 542.

---

[1] The Plaintiffs in *IRAP* filed a petition for writ of certiorari on February 23, 2018. Petition for Writ of Certiorari, *IRAP v. Trump*, No. 17-1194, 2018 WL 1084310 (Feb. 23, 2018).

In doing so, the Court has already decided that the September 24 Proclamation shall remain enforceable while injunctions enjoining its enforceability are under appellate review. Nonetheless, Plaintiffs request that this court enter yet another injunction enjoining the Proclamation.  The court finds it neither prudent nor efficient to do so given the Supreme Court's December 4 stay orders.

Second, there is substantial overlap between the legal issues in this case and those before the Supreme Court.  Plaintiffs argue that their complaint includes "several legal claims that have not been advanced by other litigants."  Plfs. Status Report at 3.  However, the plaintiffs in *Hawaii*, like Plaintiffs here, also brought claims for violations of the First and Fifth Amendments of the Constitution and the Administrative Procedure Act.  *Hawaii*, 878 F.3d at 674–75 ("The third amended complaint includes statutory claims for violations of the INA, the Religious Freedom Restoration Act, and the Administrative Procedure Act, as well as constitutional claims for violations of the Establishment and Free Exercise Clauses of the First Amendment and the equal protection guarantees of the Fifth Amendment's Due Process Clause."); *see also* ECF No. 381, Third Amended Complaint, *Hawaii v. Trump*, No. 17-00050 (D. Haw. Oct. 15, 2017) ¶¶ 128–32, 142–46, 152–58, 165–69, 170–76.  Plaintiffs in this case advance only one claim not advanced in *Hawaii*—that Defendants violated the due process clause of the Fifth Amendment by failing to provide "constitutionally minimum notice and process."  Compl. ¶¶ 227–42.

Plaintiffs also claim that they are "advancing entirely different legal theories than the statutory claim at issue in the Ninth Circuit decision."  ECF No. 138 at 1–2.  While the Ninth Circuit did review statutory claims not before this court, the Circuit did find, as Plaintiffs argue in this case, that the Proclamation "runs afoul of § 1152(a)(1)(A)'s prohibition on nationality-based discrimination."  *Hawaii*, 878 F.3d at 697.  Moreover, the Supreme Court has ordered the

*Hawaii* parties to brief whether the September 24 Proclamation violates the Establishment Clause—a violation Plaintiffs have themselves asserted. *See Trump v. Hawaii*, 2018 WL 324357, *1 (Jan. 19, 2018); Brief in Opposition to Petition for Writ of Certiorari, *Trump v. Hawaii*, No. 17-965, 2018 WL 417995 (Jan. 12, 2018). Therefore, the Supreme Court's decision in *Hawaii* will likely impact and inform this court's decision as to the legality and enforceability of the September 24 Proclamation, and consequently, the court declines to decide Plaintiffs' motion for a preliminary injunction prior to the Supreme Court's decision.

### b. October Refugee Order

On December 23, 2017, the Western District of Washington entered a nationwide injunction barring enforcement of certain provisions of the October 23 Memorandum. *Doe v. Trump*, No. 17-0178, 2017 WL 6551491, at *26 (W.D. Wash. Dec. 23, 2017). In relevant part, the injunction enjoins and restrains the enforcement of "provisions of the [October 23 Memorandum] that suspend or inhibit, including through the diversion of resources, the processing of refugee applications or the admission into the United States of refugees from SAO countries," except with respect to individuals without a bona fide relationship to a person or entity within the United States.[2] *Id.* Although Plaintiffs assert that the relief granted through this injunction is "similar, but narrower, than the relief Plaintiffs requested," Plfs. Status Report at 3, the injunction in *Doe* appears to provide Plaintiffs much of the relief they seek. *See* ECF No. 117 at 6–7 ("Plaintiffs request that Defendants also be enjoined from suspending refugee processing or barring admittance of Iranians and the eight other predominantly Muslim countries referenced in the October 23 Memorandum."); *see also* Compl. at 74 (requesting an injunction

---

[2] Security Advisory Opinion (SAO) countries include Iran, Libya, Somalia, Syria, Yemen, Egypt, Mali, Iraq, Sudan, South Sudan, and North Korea. *See* ECF No. 117 at 2–3; Compl. ¶ 127.

enjoining the enforcement of the October 24 Executive Order or October 23 Memorandum "to delay, suspend or cease refugee applicant processing" and enjoining the prioritization of refugee applications from non-SAO countries).  Accordingly, the Western District of Washington's injunction calls into question whether the harms Plaintiffs allege are actually imminent or certain—a prerequisite for a preliminary injunction.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The parties have appealed the injunction in *Doe*.  Because the validity of this injunction will impact this court's analysis, the court finds that the most appropriate course of action is to temporarily stay resolution of Plaintiffs' motion for an injunction enjoining the October Refugee Order pending the outcome of the appeal in *Doe*.

### c. Hardship to Plaintiffs

Plaintiffs argue that they "have been unable to join the national litigation currently under way on this issue, and the D.C. Circuit and Supreme Court [have] been deprived of the robust record in this case." Plfs. Status Report at 6.  But Plaintiffs' understandable desire to litigate their claims does not outweigh this court's interests in judicial economy and its desire to avoid needless, duplicative litigation.  This is especially true given the current status of the September 24 Proclamation—which the Supreme Court has permitted to go into effect—and the October 23 Memorandum—which is enjoined nationwide.

## IV.   CONCLUSION

For the reasons stated, this action is temporarily STAYED.  This stay is not indefinite, but will last only until current appellate proceedings concerning the September 24 Proclamation and October Refugee Order are complete.  The court also denies without prejudice Plaintiffs' pending Motion for a Preliminary Injunction.  If circumstances change during the pendency of

the appellate proceedings, Plaintiffs may file a motion to lift the stay and may then re-file a motion for a preliminary injunction.

Date:  March 2, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge